TODD KIM
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

DANIEL C. LUECKE (CA Bar No. 326695)
Trial Attorney, Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone:    (202) 598-7863
Email:        daniel.luecke@usdoj.gov

*Counsel for Federal Defendants*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY; WISHTOYO FOUNDATION,<br><br>*Plaintiff*,<br><br>v.<br><br>DEBRA HAALAND, in her official capacity as Secretary of the United States Department of the Interior; BUREAU OF SAFETY AND ENVIRONMENTAL ENFORCEMENT, BRUCE HESSON, Pacific Regional Director, Bureau of Safety and Environmental Enforcement,<br><br>*Federal Defendants*. | Case No. 2:24-cv-05459-FMO-MAA<br><br>**FEDERAL DEFENDANTS' ANSWER** |

1

Federal Defendants Debra Haaland, in her official capacity as Secretary of the United States Department of the Interior; and Bruce Hesson, in his official capacity as Pacific Regional Director, Bureau of Safety and Environmental Enforcement, hereby submit to following Answer to Plaintiffs Center for Biological Diversity and Wishtoyo Foundation's Complaint for Declaratory and Other Relief (ECF No. 1). The paragraph numbers in the Answer correspond to the paragraph numbers in Plaintiffs' Complaint.

1. Federal Defendants deny the allegations in Paragraph 1.

2. Federal Defendants aver regarding the first sentence of Paragraph 2 that ExxonMobil shut down its oil and gas operations in the Santa Barbara Channel in 2015 due to a ruptured onshore pipeline. Federal Defendants deny the allegations in the remainder of the first sentence of Paragraph 2. Federal Defendants admit the allegations in the second sentence of Paragraph 2. Federal Defendants admit that the spill killed birds and marine mammals but lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in the third sentence of Paragraph 2 and deny them on that basis.

3. Federal Defendants admit the allegations in Paragraph 3.

4. The allegations in Paragraph 4 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 4.

5. The allegations in Paragraph 5 are vague and ambiguous. Federal Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis.

6. The allegations in the first and second sentences of Paragraph 6 are conclusions of law that require no response. To the extent a response is required, Federal Defendants deny the allegations in the first and second sentences of

Paragraph 6. Federal Defendants deny the allegations in the third sentence of Paragraph 6.

7. Federal Defendants deny the allegations in Paragraph 7.

8. Federal Defendants deny the allegations in Paragraph 8.

9. The allegations in Paragraph 9 characterize Plaintiffs' lawsuit and require no response.

## Jurisdiction and Venue

10. The allegations in Paragraph 10 are conclusions of law that require no response. To the extent a response is required, Federal Defendants admit this Court has subject matter jurisdiction and deny the remaining allegations.

11. The allegations in Paragraph 11 are conclusions of law that require no response. To the extent a response is required, Federal Defendants admit venue is proper and deny the remaining allegations.

12. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 and deny them on that basis.

## Party Information

13. Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 13 and deny them on that basis.

14. Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 14 and deny them on that basis.

15. Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 15 and deny them on that basis.

16. Federal Defendants lack information and knowledge sufficient to form

1  a belief as to the truth of the allegations in Paragraph 16 and deny them on that
2  basis.
3         17.    Federal Defendants lack information and knowledge sufficient to form
4  a belief as to the truth of the allegations in Paragraph 17 and deny them on that
5  basis.
6         18.    Federal Defendants lack information and knowledge sufficient to form
7  a belief as to the truth of the allegations in the first two sentences of Paragraph 18
8  and deny them on that basis. The allegations in the third and fourth sentences of
9  Paragraph 18 are vague and ambiguous and on that basis the Federal Defendants
10 deny them. Federal Defendants lack information and knowledge sufficient to form
11 a belief as to the truth of the allegations in sentences five through nine in Paragraph
12 18 and deny them on that basis. Federal Defendants admit in the final sentence of
13 Paragraph 18 that a spill from a pipeline connected to Platform Elly occurred in
14 October 2021, but lack information and knowledge sufficient to form a belief as to
15 the truth of the remaining allegations in that sentence and deny them on that basis.
16        19.    The allegations in the first and second sentences of Paragraph 19 are
17 vague and ambiguous and on that basis the Federal Defendants deny them.
18 However, Federal Defendants aver that certain oil and gas activities, including
19 decommissioning, inherently present a risk of oil spills and those risks are
20 minimized through proper monitoring, maintenance, and BSEE oversight of
21 operations and facilities.
22        20.    The allegations in Paragraph 20 are vague a
23 nd ambiguous. Federal Defendants therefore lack knowledge or information
24 sufficient to form a belief about the truth of the allegation and deny them on that
25 basis.
26        21.    The allegations in the first sentence of Paragraph 21 are vague and
27 ambiguous and on that basis the Federal Defendants deny them. Federal

Defendants deny the allegations in the second sentence of Paragraph 21.

22. Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 22 and deny them on that basis.

23. Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 23 and deny them on that basis.

24. Federal Defendants deny the allegations in Paragraph 24.

25. Federal Defendants deny the allegations in Paragraph 25.

26. The allegations in Paragraph 26 are conclusions of law that require no response. To the extent a response is required, Federal Defendants deny the allegations.

27. Federal Defendants admit the allegations in Paragraph 27.

28. Federal Defendants admit the allegations in Paragraph 28.

29. Federal Defendants admit the allegations in Paragraph 29 but aver that Mr. Hesson's responsibilities are limited to BSEE's Pacific Region.

## **Statutory Background**

30. The allegations in Paragraph 30 purport to characterize the Outer Continental Shelf Lands Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

31. The allegations in Paragraph 31 purport to characterize the Outer Continental Shelf Lands Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

32. The allegations in Paragraph 32 purport to characterize the Supreme Court's decision in *Sec'y of the Interior v. California*, 464 U.S. 312 (1984), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

33. The allegations in Paragraph 33 purport to characterize the Outer Continental Shelf Lands Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

34. The allegations in Paragraph 34 purport to characterize the Outer Continental Shelf Lands Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

35. The allegations in Paragraph 35 purport to characterize the Outer Continental Shelf Lands Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

36. The allegations in Paragraph 36 purport to characterize the Outer Continental Shelf Lands Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

37. The allegations in Paragraph 37 purport to characterize regulations at 30 C.F.R. § 550.101, 30 C.F.R. § 250.101, and 30 C.F.R. § 250.180(e), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

38. The allegations in Paragraph 38 purport to characterize regulations at 30 C.F.R. § 250.180(a)(2) and 30 C.F.R. § 250.180(d), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

39. The allegations in Paragraph 39 purport to characterize regulations at 30 C.F.R. § 250.180(a)(2) and 30 C.F.R. § 250.180(d), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

40. The allegations in the first sentence of Paragraph 40 purport to characterize the regulations at 30 C.F.R. § 250.169(a), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language

are denied. The allegations in the second sentence of Paragraph 40 purport to characterize the Ninth Circuit's decision in *California v. Norton*, 311 F.3d 1162 (9th Cir. 2002), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

41. The allegations in Paragraph 41 purport to characterize regulations at 30 C.F.R. § 250.1710 and 30 C.F.R. § 250.1725(a), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

42. The allegations in Paragraph 42 purport to characterize the National Environmental Policy Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

43. The allegations in Paragraph 43 purport to characterize the Supreme Court's decision in *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332 (1989), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

44. The allegations in Paragraph 44 purport to characterize the National Environmental Policy Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

45. The allegations in Paragraph 45 purport to characterize the National Environmental Policy Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

46. The allegations in Paragraph 46 purport to characterize regulations at 40 C.F.R. § 1501.5, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied. Similarly, the allegations in the first sentence of footnote 1 in Paragraph 46 purport to characterize the regulations at 40 C.F.R. § 1500.3, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied. The

allegations in the second sentence of footnote 1 purport to characterize multiple federal register notices, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied. The last sentence in footnote 1 characterizes Plaintiff's complaint and thus no response is required.

47. The allegations in Paragraph 47 purport to characterize regulations at 40 C.F.R. § 250.1501.4, which speak for itself and are the best evidence of its contents. Any allegations contrary to the plain language are denied.

48. The allegations in Paragraph 48 purport to characterize the DOI's Departmental Manual, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

49. The allegations in Paragraph 49 purport to characterize regulations at 40 C.F.R. § 1507.3 and 43 C.F.R. § 46.205, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

50. The allegations in Paragraph 50 purport to characterize regulations at 43 C.F.R. § 46.215, which speak for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

51. The allegations in Paragraph 51 purport to characterize BSEE's regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

52. The allegations in Paragraph 52 purport to characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

**Factual Allegations**

53. Federal Defendants admit the allegations in Paragraph 53.

54. Federal Defendants admit the allegations in Paragraph 54.

|     |     |
| --- | --- |
| 1   | 55. Federal Defendants admit the allegations in Paragraph 55. |
| 2   | 56. Federal Defendants admit the allegations in the first sentence of |

      55.     Federal Defendants admit the allegations in Paragraph 55.

      56.     Federal Defendants admit the allegations in the first sentence of Paragraph 56. The allegations in the second sentence of Paragraph 56 purport to characterize ExxonMobil's development plan for the Santa Ynez Unit, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied. Federal Defendants admit in the third sentence of Paragraph 56 that production began in 1981 but deny the remainder of the allegations in Paragraph 56.

      57.     Federal Defendants aver that BSEE's records indicate that Sable Offshore Corp. not Sable Offshore Corporation, LLC is the lessee and operator of Platforms Harmony, Heritage, and Hondo and lessee on the leases in the Santa Ynez Unit. Federal Defendants otherwise admit the allegations in Paragraph 57.

      58.     Federal Defendants admit that the change in ownership occurred after the May 20, 2015, oil spill and deny the remainder of the allegations in the first sentence of Paragraph 58. The allegations in the second sentence of Paragraph 58 are vague and ambiguous. Federal Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegation and deny them on that basis.

      59.     Federal Defendants admit the allegations in the first and second sentences of Paragraph 59. The third sentence purports to characterize statements operators of the other offshore platforms, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.  Federal defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence of Paragraph 59 and deny them on that basis.

      60.     The allegations in Paragraph 60 purport to characterize lease extension requests from Exxon and subsequent approvals by BSEE, which speak

1  for themselves and are the best evidence of their contents. All allegations
2  inconsistent with the plain language are denied.
3       61.    Federal Defendants admit the allegations in the first sentence of
4  Paragraph 61. The allegations in the second and third sentences of Paragraph 61
5  constitute conclusions of law to which no response is required. To the extent a
6  response is required, Federal Defendants deny the allegations.
7       62.    The allegations in Paragraph 62 are vague and ambiguous. Federal
8  Defendants therefore lack knowledge or information sufficient to form a belief
9  about the truth of the allegations and deny them on that basis.
10      63.    Federal Defendants deny the allegations in the first two sentences of
11 Paragraph 63 but aver that certain oil and gas activities, including
12 decommissioning, inherently present a risk of oil spills and those risks are
13 minimized through proper monitoring, maintenance, and BSEE oversight of
14 operations and facilities. With respect to the allegations in sentences three through
15 eight of Paragraph 63, Federal Defendants admit that oil spills can cause various
16 forms of environmental harm. Federal Defendants lack information and knowledge
17 sufficient to form a belief as to the truth of Plaintiffs' remaining allegations in
18 sentences three through eight of Paragraph 63 and deny them on that basis. [
19      64.    The allegations in the first sentence of Paragraph 64 are vague and
20 ambiguous. Federal Defendants therefore lack knowledge or information sufficient
21 to form a belief about the truth of the allegations and deny them on that basis.
22 However, Federal Defendants aver that some degree of exposure to oil could have
23 adverse effects on fish . Federal Defendants otherwise lack information and
24 knowledge sufficient to form a belief as to the truth of the allegations in Paragraph
25 64 and deny them on that basis.
26      65.    Federal Defendants aver that, depending on the specific circumstances
27 of an oil spill event at the Santa Ynez Unit, the species Plaintiff identifies could be

susceptible. Federal Defendants otherwise deny the allegations in Paragraph 65.

66. Federal Defendants deny the allegations in the first and third sentences of Paragraph 66 and admit the allegations in the second sentence of Paragraph 66.

67. Federal Defendants deny the allegations in the first sentence of Paragraph 67 but aver that oil spill and accident risks are presented by certain oil and gas activities and can be minimized through proper monitoring, maintenance, and BSEE oversight of wells and facilities. Federal Defendants deny the allegations in the second sentence of Paragraph 67, and aver that the Plains All American Pipeline was not in the Santa Ynez Unit. The allegations in the third sentence of Paragraph 67 purport to characterize the environmental analysis prepared by the Bureau of Land Management and California State Lands Commission in 1985, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language of that analysis.

68. The allegations in Paragraph 68 purport to characterize certain unidentified studies. Federal Defendants thus lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 68 and deny them on that basis.

69. Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 69 and deny them on that basis.

70. The allegations in Paragraph 70 purport to characterize certain unidentified federal records. Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 70 and deny them on that basis.

71. Federal Defendants admit the allegations in the first sentence of

Paragraph 71. The allegations in the second and third sentences of Paragraph 71 are vague and ambiguous. Federal Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis. The allegations in the fourth sentence of Paragraph 71 purports to characterize a statement by ExxonMobil without further identifying information. Federal Defendants thus lack information and knowledge sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 71 and deny them on that basis.

72. Federal Defendants aver that certain activities associated with oil and gas production can emit fine particulate matter and volatile organic compounds but otherwise deny the allegations in the first sentence of Paragraph 72. The second sentence in Paragraph 72 amounts to a legal conclusion that requires no response. Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the third, fourth, and fifth sentences in Paragraph 72 and deny them on that basis.

73. Federal Defendants aver that oil and gas drilling can involve the discharge of drilling muds and cuttings, produced wastewater, and/or well treatment and workover fluids but otherwise deny the allegations in the first sentence of Paragraph 73. The allegations in the second sentence of Paragraph 73 purport to characterize a NDPES permit issued by the US EPA for oil and gas exploration, development, and production facilities on the California Outer Continental Shelf, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language. The allegations in the third sentence of Paragraph 73 are vague and ambiguous are vague and ambiguous. Federal Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis.

74. The allegations in the first and second sentences of Paragraph 74 are vague and ambiguous and Federal Defendants therefore lack knowledge or information sufficient to form a belief as to their truth and deny them on that basis. Federal Defendants admit the allegations in the third and fourth sentences of Paragraph 74. Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the fifth sentence in Paragraph 74 and deny them on that basis.

75. Federal Defendants aver that oil and gas activities can involve and lead to the burning of fossil fuels, which contributes to climate change. The allegations in the first sentence of Paragraph 75 are otherwise vague and ambiguous. Federal Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegation and deny them on that basis. Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the remaining sentences in Paragraph 75 and deny them on that basis.

76. The allegations in Paragraph 76 purport to characterize various BSEE decisions and ExxonMobil applications, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of those documents. With respect to the allegations in the last sentence of Paragraph 76, Defendants aver that the current approval expires at midnight on December 13, 2024, not on December 31, 2024.

77. The allegations in Paragraph 77 purport to characterize BSEE's November 2023 decision to grant an extension, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of that decision.

78. The allegations in Paragraph 78 purport to characterize BSEE's

13

November 2023 decision to grant an extension, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of that decision.

79. The allegations in Paragraph 79 purport to characterize BSEE's November 2023 decision to grant an extension, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of that decision.

80. The allegations in Paragraph 80 purport to characterize BSEE's November 2023 decision to grant an extension, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of that decision.

81. Federal Defendants admit the allegations in Paragraph 81.

82. The allegations in Paragraph 82 purport to characterize BSEE's categorical exclusion review, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of that document.

83. The allegations in Paragraph 83 purport to characterize BSEE's categorical exclusion review, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of that document.

84. The allegations in Paragraph 84 purport to characterize BSEE's categorical exclusion review, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of that document.

85. The allegations in Paragraph 85 purport to characterize BSEE's categorical exclusion review, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain

language, meaning, and context of that document.

86. The allegations in Paragraph 86 purport to characterize BSEE's categorical exclusion review, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of that document.

87. The allegations in Paragraph 87 purport to characterize BSEE's categorical exclusion review, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of that document.

88. Federal Defendants deny the allegations in Paragraph 88.

89. The allegations in the first sentence of Paragraph 89 purport to characterize a February 2023 letter from Plaintiffs to BSEE, which speaks for itself and is the best evidence of its contents. BSEE denies the allegations in the third sentence of Paragraph 89. BSEE admits the allegations in the fourth sentence of Paragraph 89.

## First Claim

90. Federal Defendants incorporate by reference their responses to Paragraphs 1 through 89.

91. The allegations in Paragraph 91 purport to characterize provisions of OCSLA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of OCSLA.

92. The allegations in Paragraph 92 purport to characterize OCSLA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statutes and regulations.

93. The allegations in Paragraph 93 purport to characterize OCSLA's

implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the regulations.

94. The allegations in Paragraph 94 purport to characterize BSEE's November 2023 decision to grant an extension, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of that decision.

95. Federal Defendants deny the allegations in Paragraph 95.

### Second Claim

96. Federal Defendants incorporate by reference their responses to Paragraphs 1 through 89.

97. The allegations in Paragraph 97 purport to characterize provisions in NEPA and related regulatory provisions, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statutes and regulations.

98. The allegations in Paragraph 98 are conclusions of law that require no response. To the extent a response is required, Federal Defendants deny the allegations.

99. Federal Defendants deny the allegations in the first and fourth sentences of Paragraph 99. Federal Defendants admit the allegations in the second and third sentences of Paragraph 99.

100. Federal Defendants deny the allegations in Paragraph 100.

101. Federal Defendants deny the allegations in the first sentence of Paragraph 101. The allegations in the first, second, fourth, and fifth sentences of Paragraph 101 purport to characterize BSEE's extraordinary circumstances review and decision to grant the extension, which speak for themselves and are the best

1   evidence of their contents. Any allegations contrary to the plain language are
2   denied. The allegation in the third sentence of Paragraph 101 amounts to a legal
3   conclusion that requires no response. To the extent a response is required, Federal
4   Defendants deny the allegations in the third sentence of Paragraph 101.

5       102.   The allegations in Paragraph 102 purport to characterize BSEE's
6   extraordinary circumstances review and ExxonMobil's lease extension applications
7   and BSEE's extension decision, which speak for themselves and are the best
8   evidence of their contents. Federal Defendants deny any allegations inconsistent
9   with the plain language, meaning, and context of these.

10      103.   The Federal Defendants deny the allegations in Paragraph 103.

11      The remaining allegations in the Complaint constitute Plaintiffs' prayer for
12  relief, to which no response is required. To the extent that a response is required,
13  Federal Defendants deny that Plaintiffs are entitled to the relief requested or to any
14  relief whatsoever.

15      Federal Defendants deny any allegations in the Complaint, whether express
16  or implied, that are not expressly admitted, denied, or qualified above.

17      Federal Defendants request that the Court deny Plaintiffs the relief they
18  request, dismiss Plaintiffs' Complaint with prejudice, and enter judgment for
19  Federal Defendants.

21      Respectfully submitted this 6th day of September 2024.

TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

*/s/ Daniel C. Luecke*
DANIEL C. LUECKE
Trial Attorney (CA Bar 326695)

Natural Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
(202) 598-7863 | (202) 305-0506 (fax)
daniel.luecke@usdoj.gov

*Counsel for Federal Defendants*