Kristen Monsell (CA Bar No. 304793)
Email: kmonsell@biologicaldiversity.org
Miyoko Sakashita (CA Bar No. 239639)
Email: miyoko@biologicaldiversity.org
Julie Teel Simmonds (CA Bar No. 208282)
Email: jteelsimmonds@biologicaldiversity.org
Center for Biological Diversity
1212 Broadway Suite 800
Oakland, CA 94612
Phone: (510) 844-7137
Facsimile: (510) 844-7150

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., | No. 2:24−cv−05459−FMO−MAA |
| *Plaintiffs*, | **JOINT FEDERAL RULE OF CIVIL PROCEDURE RULE 26(f) REPORT** |
| v. | |
| DEBRA HAALAND, et al., | Date: October 17, 2024 |
| *Defendants*. | Time: 10:00 AM |
| | Courtroom: 6D |
| | Judge: Hon. Fernando M. Olguin |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule ("L.R.") 26-1, and this Court's Order of September 6, 2024 (Dkt. No. 13), the Parties jointly submit this Case Management Report. Counsel for Plaintiffs and Defendants participated in the meeting required by Fed. R. Civ. P. 26(f) and this Court's Order by telephone on September 20, 2024, and prepared the following Report.

## 1.    Statement of the Case

In this case, Plaintiffs Center for Biological Diversity and Wishtoyo Foundation challenge the decision of Defendants the Secretary of the Interior, the Bureau of Safety and Environmental Enforcement, and the Bureau's Pacific Regional Supervisor (collectively, "BSEE") to issue ExxonMobil extensions of its 16 offshore oil and gas leases in federal waters off California.[1] These leases comprise what is known as the Santa Ynez Unit ("SYU") located in the Santa Barbara Channel.

Oil and gas operations at the SYU have been shut down since 2015 due to a ruptured onshore pipeline used to transport oil produced from the SYU. Since then, BSEE has issued one-year extensions of the 16 SYU offshore oil and gas leases, issuing the most recent extension in November 2023. Such extensions were issued to preserve the leases from expiring before the pipeline could be repaired.

As relevant to this case, to authorize the lease extensions, BSEE had to first determine, under its regulations implementing the Outer Continental Shelf Lands Act ("OCSLA")—the statute governing oil and gas development in federal waters, 43 U.S.C. § 1332—that granting the extensions "is in the National interest." 30 C.F.R. § 250.180(e). BSEE also had to comply with the National Environmental Policy Act ("NEPA"), which requires the preparation of an environmental impact statement for all major federal actions that may have significant environmental effects. 42 U.S.C. § 4322(2)(C).

Plaintiffs allege that BSEE failed to properly comply with both requirements in issuing the most recent extension. Plaintiffs allege that extending the SYU leases prolongs the existence of aging oil and gas infrastructure, increasing the risks of oil spills and other accidents; and that extending the SYU

---

[1] Sable Offshore Corp. now owns all of the leases.

leases also prolongs drilling off California and all the harms that come along with it. Plaintiffs also allege that BSEE failed to consider any of these harms in making its decision. Specifically, Plaintiffs allege that BSEE's national interest determination is unlawful for failing to consider several relevant factors, including evidence demonstrating that extending ExxonMobil's leases is antithetical to the national interest in addressing the climate crisis, promoting public health and environmental justice, recovering endangered species, and otherwise protecting the environment. Plaintiffs also allege that BSEE's determination that its decision is categorically excluded from NEPA is unlawful for ignoring relevant factors and reaching conclusions contrary to the evidence before the agency.

Defendants deny the above-described allegations.

Plaintiffs seek an order declaring that BSEE's approval of the SYU lease extensions violates OCSLA, NEPA, and the Administrative Procedure Act ("APA"); vacating the November 2023 lease extensions; and prohibiting BSEE from issuing any future lease extensions for the SYU unless and until BSEE complies with the law.

Defendants allege that Plaintiffs' requested relief is unwarranted.

**2.      Subject Matter Jurisdiction**

Plaintiffs base jurisdiction under 28 U.S.C. § 1331 (federal question) because this action arises pursuant to the laws of the United States.

**3.      Legal Issues**

There are two legal issues in this case, as reflected by Claim 1 and Claim 2 in Plaintiffs' Complaint: (1) whether BSEE's national interest determination is arbitrary capricious, and otherwise not in accordance with OCSLA and its implementing regulations, 5 U.S.C. § 706(2)(A); and (2) whether BSEE's reliance on a categorical exclusion to approve the lease extensions and its extraordinary circumstances review, and attendant failure to prepare an environmental

assessment or environmental impact statement, is arbitrary, capricious, otherwise not in accordance with NEPA and its implementing regulations, and made without observance of the procedures required by law, *id*. § 706(2)(A), (D).

### 4.    Parties, Evidence, etc.

The Parties to this case are the Center for Biological Diversity and Wishtoyo Foundation (Plaintiffs) and Secretary of the Interior Debra Haaland, the Bureau of Safety and Environmental Enforcement, and Pacific Regional Director of the Bureau of Safety and Environmental Enforcement Bruce Hesson (Defendants). Plaintiffs are non-profit organizations that have no subsidiaries, parents, or affiliates.

This case involves a challenge to an agency action under 706(2) of the APA, 5 U.S.C. § 706(2). As such, the Court's review will be based on the undisputed facts contained in the administrative record. *See Lands Council v. Powell*, 379 F.3d 738, 743 (9th Cir. 2004). There will be no percipient witnesses. The Parties have proposed a deadline for Defendants to lodge the administrative record with this Court in the proposed schedule below.

### 5.    Insurance: Not applicable

### 6.    Magistrate Judge

The Parties do not consent to a magistrate judge for all purposes.

### 7.    Discovery

The Parties do not anticipate any discovery, as this action will likely be resolved based on the undisputed facts contained in the administrative record.

The Parties have no proposals on the items in Local Rule 26-1(a), (d) or (f). This is not a complex case, and the Parties do not expect the Manual for Complex Litigation to be utilized. *See* L.R. 26-1(a). Because this case will be resolved based on cross-motions for summary judgment after preparation of the administrative record, the Parties do not anticipate a trial, *see* L.R. 26-1(d), or the

use of expert witnesses, *see* L.R. 26-1(f).

**8.    Motions and Dispositive Motions**

The Parties anticipate resolving the case on cross-motions for summary judgment based on the administrative record in existence at the time the agency made the challenged decisions. As such, the Parties agree that there can be no genuine issues of material fact for the court to resolve in this case. The Parties therefore propose that they be exempt from filing separate statements of uncontroverted or undisputed material facts as otherwise required by Local Rule 56-1 and Local Rule 56-2, and instead propose that the Parties provide factual background sections with citations to the administrative record in their memoranda in support of the motions for summary judgment. *See Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769 (9th Cir. 1985) (in an APA action, "there are no disputed facts that the district court must resolve. That court is not required to resolve any facts in a review of an administrative proceeding. Certainly, there may be issues of fact before the administrative agency. However, the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did.").

At this time, the Parties do not anticipate the filing of any additional motions other than cross motions for summary judgment, with the possible exception of a motion filed by Plaintiffs to supplement and/or complete the administrative record, in the event the Parties are not able to resolve any issues with the scope or contents of the record. The Parties reserve the right to file other motions in the event circumstances warrant and will confer in advance with the other Party prior to filing any such motion in accordance with Local Rule 7-3.

The Parties have proposed a briefing schedule for both motions for summary judgment below.

**9.    Class Certification**: Not applicable

**10.     Settlement/Alternative Dispute Resolution (ADR)**

No settlement discussions have occurred. The Parties do not believe the ADR requirements apply to this case, which will be resolved based on an administrative record and cross-motions for summary judgment. To the extent that such requirements do apply, pursuant to Local Rules 26-1(c) and 16-15.4, the Parties agree that ADR Procedure No. 1 would be best suited to this case and prefer any such procedure occur before the magistrate judge. The Parties agree to participate in any such efforts that the Court may direct.

**11.     Pretrial Conference and Trial, Trial Estimate, Trial Counsel, and Independent Expert or Master**

As noted above, this is a case based on review of an administrative record that will be resolved based on cross-motions for summary judgment. The Parties therefore do not anticipate a trial or any need for an independent expert or special master. The Parties have proposed a hearing date for the motions for summary judgment below. Lead counsel in this case for Plaintiffs is Kristen Monsell, of the Center for Biological Diversity; and lead counsel in this case for Defendants is Daniel Luecke, of the U.S. Department of Justice.

**12.     Other Issues**

The Parties have not identified any technical or other issues that would affect the status or management of the case. The Parties have no proposals concerning severance, bifurcation, or other ordering of proof.

**13.     Additional Parties**

The Parties do not currently anticipate the appearance of any additional parties to this action. *See* L.R. 26-1(e). Counsel for Sable Offshore Corporation LLC, the lessee and owner of the platforms at issue, contacted counsel for Defendants in late July and early August 2024 regarding this case, but Defendants have not communicated with Sable since that time.

## 14.    Scheduling

The Parties propose the following schedule for resolution of this matter:

| Deadline | Action |
|---|---|
| November 15, 2024 | Defendants send the administrative record to Plaintiffs for Plaintiffs review |
| November 22, 2024 | Deadline for Plaintiffs to confer with Defendants regarding the contents of the administrative record |
| November 29, 2024 | Defendants lodge the administrative record with the Court |
| January 10, 2025 | Plaintiffs' motion to supplement or complete the administrative record (The filing of such motion shall vacate the summary judgment briefing schedule) |
| January 17, 2025 | Plaintiffs' motion for summary judgment |
| February 28, 2025 | Defendants' combined opposition to Plaintiffs' motion for summary judgment and cross-motion for summary judgment |
| March 28, 2025 | Plaintiffs' combined reply in support of their motion for summary judgment and oppositions to Defendants' cross-motion for summary judgment |
| April 25, 2025 | Defendants' reply in support of their cross-motion for summary judgment |
| May 8, 2025 | Hearing on motions for summary judgment |

The parties believe that the cross-motions for summary judgment should resolve all issues in this case. However, if any issues remain outstanding following the Court's summary judgment ruling, the Parties will meet and confer within 14 days of that ruling to develop a proposal for resolving any remaining issues. *See* L.R. 26-1(b).

DATED: October 3, 2024

/s/ Kristen Monsell
Kristen Monsell (CA Bar No. 304793)
Email: kmonsell@biologicaldiversity.org
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, CA 94612
Phone: (510) 844-7137
Fax: (510) 844-7150

Attorney for Plaintiffs


TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

/s/ Daniel C. Luecke
DANIEL C. LUECKE
Trial Attorney (CA Bar 326695)
Natural Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
(202) 598-7863 | (202) 305-0506 (fax)
daniel.luecke@usdoj.gov

Attorney for Federal Defendants


    I, Kristen Monsell, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

/s/ Kristen Monsell