# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., | Case CV 24-5459 FMO (MAAx) |
| Plaintiffs, | |
| v. | **CASE MANAGEMENT ORDER** |
| DEBRA HAALAND, et al., | |
| Defendant. | |

**In accordance with Local Rule 5-4.1, this case is designated for electronic filing. Mandatory chambers copies shall be submitted in accordance with Local Rule 5-4.5 and shall either: (a) be delivered and placed in the judge's box located outside the Clerk's Office at 350 W. First Street, 4th Floor, Los Angeles, California; or (b) mailed, no later than the next court day, to Deputy Clerk to District Judge Olguin, 350 W. First Street, Los Angeles, California 90012.**

The Court's Orders of October 4, 2024, (Dkt. 15; Dkt. 16) are hereby vacated and superceded by this order. In order to facilitate the just, speedy, and inexpensive determination of this case, the parties shall comply with the following instructions.

I.   SERVICE OF THE SUMMONS AND COMPLAINT.

Plaintiff shall promptly serve the summons and complaint in accordance with the Federal Rules of Civil Procedure. Plaintiff shall file a proof of service showing compliance with this

paragraph within thirty (30) days after the filing of the complaint.[1]  Failure to comply with this paragraph may result in dismissal of this case.

II.     SERVICE OF ADMINISTRATIVE RECORD AND NOTICE THEREOF.

Defendants shall serve plaintiff with a complete copy of the certified administrative record ("Administrative Record") no later than **November 8, 2024**, and file a notice of service with the court.  Defendant shall also lodge with the court an electronic copy (i.e., cd, dvd, or flash drive) of the Administrative Record in a single, OCR-scanned, .pdf file (in chronological order to the extent practical) with each item of evidence separated by labeled bookmarks.  Defendant shall file a notice of lodging of the electronic copy of the Administrative Record with the court.  It is not necessary to seek leave to lodge the Administrative Record under seal because the court's copy of the Administrative Record is maintained in the court's chambers; it is not filed or otherwise placed on the docket.  It is the responsibility of counsel to maintain the original Administrative Record in the event it is necessary for an appeal.

Any request to supplement the Administrative Record shall be filed no later than **January 7, 2025**, and noticed for hearing regularly under the Local Rules.  Any untimely or non-conforming motion will be denied.

III.    MANDATORY SETTLEMENT PROCEDURES.

The parties shall complete their settlement conference Timothy V.P. Gallagher ("settlement officer") no later than **January 7, 2025**.  Plaintiff's counsel shall contact the settlement officer with enough time so that the settlement conference date is early enough to comply with the settlement completion deadline imposed by this court.  After obtaining available dates from the settlement officer, counsel for the parties shall confer and select one of the proposed dates.  Plaintiff's counsel shall then advise the settlement officer of the settlement conference date selected by the parties.

If the case settles, counsel shall file a Notice of Settlement no later than 24 hours after the case is settled, stating when they expect to file their dismissal papers.  Otherwise, **the parties**

---

[1] If this Case Management Order is filed prior to service of the summons and complaint, plaintiff shall serve a copy of this Order concurrently with the summons and complaint.

**must, no later than 48 hours after the settlement proceeding is completed, file a Status Report Re: Settlement**. The Status Report shall not disclose the parties' settlement positions, i.e., the terms of any offers or demands. The Status Report shall describe the efforts made by the parties to resolve the dispute informally, i.e., the occasions and dates when the parties participated in mediation or settlement conferences. The Status Report shall also include the name of the Settlement Officer who assisted the parties with their settlement conference.

IV.   JOINT BRIEF.

  A. <u>Generally</u>:  If the parties cannot resolve the matter in settlement discussions, the parties shall file a Joint Brief in the manner of, and according to, the schedule set forth in Section V, below. The parties shall cooperate in preparing the Joint Brief, and sanctions may be imposed for any failure to cooperate. A Joint Brief that is not signed by counsel for both parties may be rejected and returned to counsel. A Joint Brief that is not prepared in the manner required by this Order may be stricken, in which event the parties will be required to cure the defects by filing an Amended Joint Brief.

  B. <u>Joint Brief Meet and Confer</u>:  The parties shall meet and confer, in person, in order to narrow and crystallize the issues to be argued in the Joint Brief. The parties shall discuss <u>each issue</u> to be raised in the Joint Brief, as well as the law and evidence relevant to that issue, so that the parties' briefing may reflect that they are fully cognizant of the other side's position. If the briefing reveals that the parties are not on the same page with respect to the issues and positions presented, the Joint Brief shall be stricken.

  C. <u>Content of Joint Brief</u>:  The parties shall work cooperatively to create a single, fully <u>integrated</u> Joint Brief, in which each issue (or sub-issue) raised by a party is immediately followed by the opposing party's/parties' response. The Joint Brief shall set out each issue (or sub-issue), including legal argument and direct citation to the Administrative Record, followed by the response with respect to that issue (or sub-issue), including legal argument and direct citation to the Administrative Record. Any issue not raised in the Joint Brief may be deemed waived. The parties shall focus on applying relevant and controlling legal authority to the facts germane to each

disputed issue.[2] When citing relevant cases, statutes, regulations, medical and vocational reference sources, or other legal authority to support their legal arguments, the parties shall provide complete and accurate pinpoint citations to the portions of those authorities relied upon.

D. <u>Citation to Evidence</u>: The parties shall specify the evidence upon which they rely to support their contentions, and provide accurate page citations to the Administrative Record for all evidence relied upon (in the form "AR at ___"). In addition, all medical terminology (including medical conditions, diagnoses, procedures, tests, anatomical references, and pharmaceuticals) shall be defined in terms understandable to a layperson, preferably by citation to a medical dictionary or other standard reference work. Parenthetical explanations are strongly encouraged. The parties shall cite to relevant evidence to support factual assertions throughout the Joint Brief. Failure to cite to evidence in support of a factual assertion shall be deemed the party's admission that the party lacks evidence of that fact. Evidence not cited by a party in the Joint Brief shall be deemed admitted to be irrelevant.

E. <u>Form of the Joint Brief</u>: The Joint Brief shall include a brief summary of the case, a statement of the disputed issues, the parties' contentions with respect to each disputed issue, and the parties' statements of the relief requested. The Joint Brief shall be prepared in the following format, and shall comply with the local rules governing form and typeface:

    **1.** **Summary of the Case**.

Plaintiff shall provide a brief summary of the background facts and procedural history. Defendants need not respond to plaintiff's summary, unless defendants believe that plaintiff's summary misstates, mischaracterizes, or omits any material facts or proceedings.

    **2.** **Statement of Disputed Issues**.

Plaintiff shall identify and frame, in a neutral fashion, each of the disputed issues that plaintiff will be raising as grounds for reversal and/or remand. <u>The court will not consider any grounds for reversal and/or remand that are not set forth in the Statement of Disputed Issues.</u>

---

[2] The parties should cite only controlling case authority, <u>i.e.</u>, decisions of the United States Supreme Court or the Ninth Circuit Court of Appeals. If there is no controlling authority, decisions of other courts may be cited.

      **3.**    **Issues and Contentions**.

          a. Issue No. 1 [The heading shall conform to the first issue listed in the Statement of Disputed Issues.]

             i. Plaintiff's Contentions Regarding Issue No. 1 [Plaintiff shall concisely set forth his or her contentions and include citations to the page(s) of the Administrative Record where germane evidence is found, complete citations to relevant legal authority, and definitions of medical terminology.]

             ii. Defendants' Contentions Regarding Issue No. 1 [Defendants shall concisely set forth their contentions and include citations to the page(s) of the Administrative Record where germane evidence is found, complete citations to relevant legal authority, and definitions of medical terminology.]

          b. Issue No. 2, etc. [Repeat the foregoing as needed.]

      **4.**    **Relief Requested**.[3]

          a. Plaintiff's statement of relief requested.

          b. Defendants' statement of relief requested.

    F.    <u>Length of Joint Brief</u>**:** Each separately represented party shall be limited to 25 pages, exclusive of tables of contents and authorities. Repetition shall be avoided, and, as always, brevity is preferred. Leave for additional space will be given only in extraordinary circumstances. The excessive use of footnotes in an attempt to avoid the page limitation shall not be tolerated. All substantive material, other than brief argument on tangential issues, shall be in the body of the brief.

V.    SCHEDULE FOR PREPARATION AND FILING OF JOINT BRIEF.

    The Joint Brief shall be prepared and filed according to the following schedule:

    A.    No later than **April 9, 2025**, plaintiff's counsel shall prepare and deliver to defendants a draft of plaintiff's portions of the Joint Brief (prepared as described in section IV., above).

---

[3] If the relief requested is a remand for the consideration of new evidence, the requesting party shall also provide a description of the new evidence, along with copies of any documentary evidence, upon which the party relies.

Plaintiff's counsel shall provide defendants' counsel with a printed copy of plaintiff's portions of the Joint Brief and an electronic copy on cd, dvd, or flash drive or via e-mail.

B.     Within twenty-eight (28) days of the date on which plaintiff's counsel provides defendants' counsel with the draft of plaintiff's portions of the Joint Brief, defendants' counsel shall provide to plaintiff's counsel defendants' portions of the Joint Brief and shall deliver a printed and electronic copy of defendants' portions of the Joint Brief to plaintiff's counsel on a cd, dvd, or flash drive or via e-mail.

C.     Within three (3) days of delivery by defendants' counsel of the signed Joint Brief, plaintiff's counsel shall sign and file the Joint Brief. The Joint Brief shall be accompanied by a Joint Notice of Cross-Motions for Summary Judgment, which shall set the matter for hearing pursuant to the Local Rules.

D.     <u>Supplemental Memorandum</u>:  After the Joint Brief is filed, each separately represented party may file a supplemental memorandum of points and authorities no later than fourteen (14) days prior to the hearing date. The supplemental memorandum shall not exceed ten (10) pages in length. No other separate memorandum of points and authorities shall be filed by any party in connection with the Joint Brief.

VI.    REQUESTS FOR EXTENSIONS OF TIME.

The deadlines set forth in this Order are designed to give parties exercising reasonable diligence sufficient time to perform the required acts without seeking extensions of time. Accordingly, requests for extensions of time are discouraged. Any such request shall set forth specific facts showing that additional time is needed despite diligent attempts to meet a deadline. Requests for extensions of time shall be filed and served at least three (3) days before the deadline that is the subject of the request. Whenever possible, a request for extension of time should be made in the form of a proposed stipulated order.

**IT IS SO ORDERED**.

Dated this 11th day of October, 2024.

/s/
Fernando M. Olguin
United States District Judge