LATHAM & WATKINS LLP
Daniel P. Brunton (Bar No. 218615)
12670 High Bluff Drive
San Diego, CA 92130
Tel.: (858) 523-5400
Fax: (858) 523-5450
Email: daniel.brunton@lw.com

Janice M. Schneider
(*Pro Hac Vice Pending*)
Devin M. O'Connor
(*Pro Hac Vice Pending*)
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Tel.: (202) 637-2200
Fax: (202) 637-2201
Email: janice.schneider@lw.com
Email: devin.o'connor@lw.com

*Attorneys for Proposed Intervenor-Defendant Sable Offshore Corp.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY; WISHTOYO FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>DEBRA HAALAND, Secretary of the U.S. Department of the Interior; BUREAU OF SAFETY AND ENVIRONMENTAL ENFORCEMENT; BRUCE HESSON, Pacific Regional Director, Bureau of Safety and Environmental Enforcement,<br><br>Defendants. | CASE NO. 2:24-cv-05459-FMO-MAA<br><br>**[PROPOSED] ANSWER OF INTERVENOR-DEFENDANT SABLE OFFSHORE CORP.**<br><br>Judge: Hon. Fernando M. Olguin<br>Courtroom: 6D |

Proposed Intervenor-Defendant Sable Offshore Corp. ("Sable") hereby answers Plaintiffs' Complaint (Dkt. #1).  Sable denies every allegation in Plaintiffs' Complaint not expressly admitted in this Answer and specifically denies that Defendants violated the Administrative Procedure Act ("APA"), Outer Continental Shelf Lands Act ("OCSLA"), and National Environmental Policy Act ("NEPA").

## Introduction

1. Paragraph 1 sets forth legal conclusions, which require no response. To the extent that a response is required, Sable denies the allegations in Paragraph 1.

2. Sable avers that oil and gas production from the Santa Ynez Unit is currently shut-in due to an incident associated with the onshore Plains All American Pipeline.  Sable lacks knowledge or information sufficient to form a belief about the truth of the remaining assertions in Paragraph 2, and, on that basis, denies the same.

3. Sable admits that the Bureau of Safety and Environmental Enforcement ("BSEE") authorized extensions relating to Santa Ynez Unit leases annually since 2015 and that BSEE approved the most recent extension on November 14, 2023.  Sable lacks knowledge or information sufficient to form a belief about the truth of the remaining assertions in Paragraph 3, and, on that basis, denies the same.

4. Paragraph 4 sets forth legal conclusions, which require no response. To the extent that a response is required, Sable denies the allegations in Paragraph 4.

5. Sable denies the allegations in Paragraph 5.

6. Paragraph 6 contains Plaintiffs' characterization of a statute and regulation, and Paragraph 6 sets forth a legal conclusion, which require no response.  To the extent that a response is required, the statute and regulation speak

for themselves and are the best evidence of their respective content, and the allegations of the first and second sentences of Paragraph 6 are otherwise denied. Sable denies the allegations in the third sentence of Paragraph 6.

7. Paragraph 7 sets forth legal conclusions, which require no response. To the extent that a response is required, Sable denies the allegations in Paragraph 7.

8. Paragraph 8 sets forth legal conclusions, which require no response. To the extent that a response is required, Sable denies the allegations in Paragraph 8.

9. Paragraph 9 characterizes Plaintiffs' lawsuit and requested relief, which requires no response. Sable denies that Plaintiffs are entitled to any relief.

## Jurisdiction and Venue

10. Paragraph 10 sets forth legal conclusions, which require no response. To the extent that a response is required, Sable denies the allegations in Paragraph 10.

11. Paragraph 11 sets forth legal conclusions, which require no response. To the extent that a response is required, Sable denies the allegations in Paragraph 11.

12. Paragraph 12 sets forth legal conclusions, which require no response. To the extent that a response is required, Sable denies the allegations in Paragraph 12.

## Parties

### Plaintiffs

13. The allegations in Paragraph 13 pertain to Plaintiff Center for Biological Diversity's ("CBD") description of itself. Sable lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 13, and, on that basis, denies the same.

14. The allegations in Paragraph 14 pertain to Plaintiff CBD's description of its Oceans Program. Sable lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 14, and, on that basis, denies the same.

15. The allegations in Paragraph 15 pertain to Plaintiff CBD's description of its members' activities. Sable lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 15, and, on that basis, denies the same.

16. The allegations in Paragraph 16 pertain to Plaintiff Wishtoyo Foundation's ("Wishtoyo") description of itself. Sable lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 16, and, on that basis, denies the same.

17. The allegations in Paragraph 17 pertain to Plaintiff Wishtoyo's description of its members' interests. Sable lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 17, and, on that basis, denies the same.

18. The allegations in Paragraph 18 pertain to Plaintiff Wishtoyo's description of its members' interests. Sable lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 18, and, on that basis, denies the same.

19. The allegations in Paragraph 19 purport to characterize the risks from oil and gas infrastructure, are vague and ambiguous and, accordingly, no response is required. To the extent that a response is required, Sable denies that the paragraph accurately characterizes the risks from oil and gas infrastructure.

20. The allegations in Paragraph 20 purport to characterize the risks from offshore drilling activities, are vague and ambiguous and, accordingly, no response is required. To the extent that a response is required, Sable denies that the paragraph accurately characterizes the risks from offshore drilling activities.

21. The allegations in Paragraph 21 are denied.

22. The allegations in Paragraph 22 are denied.

23. Sable lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 23, and, on that basis, denies the same.

24. The allegations in Paragraph 24 are denied.

25. The allegations in Paragraph 25 are denied.

26. The allegations in Paragraph 26 are denied.

**Defendants**

27. Sable admits that Debra Haaland is the Secretary of the U.S. Department of the Interior ("DOI"). The remainder of Paragraph 27 contains Plaintiffs' characterization of Secretary Haaland's and the DOI's roles, which requires no response. To the extent that a response is required, Sable denies the allegations in Paragraph 27.

28. Sable admits that the BSEE is a federal agency within DOI. The remainder of Paragraph 28 contains Plaintiffs' characterization of BSEE's role, which requires no response. To the extent that a response is required, Sable denies the allegations in Paragraph 28.

29. Sable admits that Bruce Hesson is the Regional Director of the Pacific Region of BSEE. The remainder of Paragraph 29 contains Plaintiffs' characterization of Mr. Hesson's role, which requires no response. To the extent that a response is required, Sable denies the allegations in Paragraph 29.

**Statutory Background**

**Outer Continental Shelf Lands Act**

30. Paragraph 30 contains Plaintiffs' characterization of a statute and a legal conclusion, which requires no response. To the extent that a response is required, the statute speaks for itself and is the best evidence of its content. Sable denies any allegations in Paragraph 30 that are inconsistent with the plain language of the statute.

31. Paragraph 31 purports to quote a statute, which requires no response. To the extent that a response is required, the statute speaks for itself and is the best evidence of its content. Sable denies any allegations in Paragraph 31 that are inconsistent with the plain language of the statute.

32. Paragraph 32 purports to quote a court opinion and contains legal conclusions, which require no response. To the extent that a response is required, the court's opinion speaks for itself and is the best evidence of its content. Sable denies any allegations in Paragraph 32 that are inconsistent with the plain language of the court's decision.

33. Paragraph 33 purports to quote a statute, which requires no response. To the extent that a response is required, the statute speaks for itself and is the best evidence of its content. Sable denies any allegations in Paragraph 33 that are inconsistent with the plain language of the statute.

34. Paragraph 34 purports to quote a statute, which requires no response. To the extent that a response is required, the statute speaks for itself and is the best evidence of its content. Sable denies any allegations in Paragraph 34 that are inconsistent with the plain language of the statute.

35. Paragraph 35 purports to quote a statute, which requires no response. To the extent that a response is required, the statute speaks for itself and is the best evidence of its content. Sable denies any allegations in Paragraph 35 that are inconsistent with the plain language of the statute.

36. Paragraph 36 purports to quote a statute, which requires no response. To the extent that a response is required, the statute speaks for itself and is the best evidence of its content. Sable denies any allegations in Paragraph 36 that are inconsistent with the plain language of the statute.

37. Paragraph 37 contains Plaintiffs' characterization of regulations and a legal conclusion, which require no response. To the extent that a response is required, the regulations speak for themselves and are the best evidence of their

content. Sable denies any allegations in Paragraph 37 that are inconsistent with the plain language of the regulations.

38. Paragraph 38 contains Plaintiffs' characterization of regulations and a legal conclusion, which require no response. To the extent that a response is required, the regulations speak for themselves and are the best evidence of their content. Sable denies any allegations in Paragraph 38 that are inconsistent with the plain language of the regulations.

39. Paragraph 39 purports to quote a regulation, which requires no response. To the extent that a response is required, the regulation speaks for itself and is the best evidence of its content. Sable denies any allegations in Paragraph 39 that are inconsistent with the plain language of the regulation.

40. Paragraph 40 purports to quote a regulation and a court opinion, which requires no response. To the extent that a response is required, the regulation and court opinion speak for themselves and are the best evidence of their content. Sable denies any allegations in Paragraph 40 that are inconsistent with the plain language of the regulation or court opinion.

41. Paragraph 41 purports to quote regulations, which requires no response. To the extent that a response is required, the regulations speak for themselves and are the best evidence of their content. Sable denies any allegations in Paragraph 41 that are inconsistent with the plain language of the regulations.

**National Environmental Policy Act**

42. Paragraph 42 purports to quote a statute, which requires no response. To the extent that a response is required, the statute speaks for itself and is the best evidence of its content. Sable denies any allegations in Paragraph 42 that are inconsistent with the plain language of the statute.

43. Paragraph 43 purports to quote a court opinion, which requires no response. To the extent that a response is required, the court opinion speaks for itself and is the best evidence of its content. Sable denies any allegations in

Paragraph 43 that are inconsistent with the plain language of the court opinion.

44. Paragraph 44 purports to quote a statute, which requires no response. To the extent that a response is required, the statute speaks for itself and is the best evidence of its content. Sable denies any allegations in Paragraph 44 that are inconsistent with the plain language of the statute.

45. Paragraph 45 contains Plaintiffs' characterization of a statute and a legal conclusion, which require no response. To the extent that a response is required, the statute speaks for itself and is the best evidence of its content. Sable denies any allegations in Paragraph 45 that are inconsistent with the plain language of the statute.

46. Paragraph 46 contains Plaintiffs' characterization of regulations and sets forth legal conclusions, which require no response. To the extent that a response is required, the regulations speak for themselves and are the best evidence of their content. Sable denies any allegations in Paragraph 46 that are inconsistent with the plain language of the regulations.

47. Paragraph 47 contains Plaintiffs' characterization of regulations and sets forth legal conclusions, which require no response. To the extent that a response is required, the regulations speak for themselves and are the best evidence of their content. Sable denies any allegations in Paragraph 47 that are inconsistent with the plain language of the regulations.

48. Sable admits the allegation in Paragraph 48.

49. Paragraph 49 contains Plaintiffs' characterization of regulations and sets forth legal conclusions, which require no response. To the extent that a response is required, the regulations speak for themselves and are the best evidence of their content. Sable denies any allegations in Paragraph 49 that are inconsistent with the plain language of the regulations.

50. Paragraph 50 contains Plaintiffs' characterization of regulations and sets forth legal conclusions, which require no response. To the extent that a

response is required, the regulations speak for themselves and are the best evidence of their content. Sable denies any allegations in Paragraph 50 that are inconsistent with the plain language of the regulations.

51.    Paragraph 51 contains Plaintiffs' characterization of BSEE's interpretation of its regulations, which requires no response. To the extent that a response is required, the regulations speak for themselves and are the best evidence of their content. Sable denies any allegations in Paragraph 51 that are inconsistent with the plain language of the regulations.

### Administrative Procedure Act

52.    Paragraph 52 contains Plaintiffs' characterization of a statute, which requires no response. To the extent that a response is required, the statute speaks for itself and is the best evidence of its content. Sable denies any allegations in Paragraph 52 that are inconsistent with the plain language of the statute.

### Factual Background

53.    Sable lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 53, and, on that basis, denies the same.

54.    Sable admits the third, fourth, and fifth sentences of Paragraph 54. Sable avers that the leases have been properly extended beyond the initial term. Sable lacks knowledge or information sufficient to form a belief about the truth of the remaining assertions in Paragraph 54, and, on that basis, denies the same.

55.    Sable admits that oil and gas production has occurred under the Santa Ynez Unit Leases from Platform Harmony, Platform Heritage, and Platform Hondo. Sable admits that Platform Harmony and Platform Heritage were installed in 1989, and Platform Hondo was installed in 1976. Sable lacks knowledge or information sufficient to form a belief about the truth of the remaining assertions in Paragraph 55, and, on that basis, denies the same.

56.    The allegations of the first sentence of Paragraph 56 are vague and ambiguous and are denied on that basis. The remaining allegations in Paragraph

56 purport to contain Plaintiffs' characterization of ExxonMobil's development plan. The document speaks for itself and is the best evidence of its content. On that basis, Sable denies any allegations in Paragraph 56 that are inconsistent with the plain language of the document. Sable admits that first production began in 1981 and denies that the production from the Santa Ynez Unit should have ceased by 2016.

57. Sable admits that it is the listed owner and operator of Platforms Harmony, Heritage, and Hondo and lessee on all 16 oil and gas leases in the Santa Ynez Unit. Sable avers that the name of the correct listed entity is "Sable Offshore Corp.", not Sable Offshore Corporation, LLC.

58. The allegations in Paragraph 58 are vague and ambiguous and are either denied on that basis, or Sable lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58, and, on that basis, denies the same. Sable avers that Sable entered into a purchase and sale agreement with ExxonMobil including the Santa Ynez Unit on November 1, 2022 and completed the sale in February 2024.

59. Sable admits that ExxonMobil did not decommission the Harmony, Heritage, and Hondo platforms. Sable lacks knowledge or information sufficient to form a belief about the truth of the remaining assertions in Paragraph 59, and, on that basis, denies the same.

60. The allegations in Paragraph 60 purport to characterize written actions taken by ExxonMobil and BSEE which speak for themselves and are the best evidence of their contents. On that basis, Sable denies any allegations in Paragraph 60 that are inconsistent with the plain language of the documents.

61. Paragraph 61 contains legal conclusions, which require no response. Sable also lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 61. Accordingly, Sable denies the assertions in Paragraph 61.

62. The allegations in Paragraph 62 are denied.

63. The allegations in Paragraph 63 purport to characterize the risks from lease extensions, are vague and ambiguous and, accordingly, no response is required. To the extent that a response is required, Sable denies that the paragraph accurately characterizes the risks from the lease extensions.

64. The allegations in Paragraph 64 purport to characterize the risks of crude oil to fish, are vague and ambiguous and, accordingly, no response is required. To the extent that a response is required, Sable denies that the paragraph accurately characterizes the risks of crude oil to fish. The last sentence of Paragraph 64 purports to characterize a document, which is the best evidence of its contents. On that basis, Sable denies any allegations in the last sentence of Paragraph 64 that is inconsistent with the plain language of the document.

65. The allegations in Paragraph 65 purport to characterize the risks of crude oil to threatened and endangered species are vague and ambiguous, and, accordingly, no response is required. To the extent that a response is required, Sable denies that the paragraph accurately characterizes the risks of crude oil to threatened and endangered species.

66. Sable denies the first and third sentences of Paragraph 66. Sable admits that production began at the Santa Ynez Unit in 1981, and the last platforms were installed in 1989.

67. Sable denies allegations in the first sentence of Paragraph 67. The allegations in the second sentence of Paragraph 67 are vague and ambiguous and denied on that basis. Sable avers that the Plains All American Pipeline is not in the Santa Ynez Unit. The third sentence of Paragraph 67 purports to characterize an unidentified document, which speaks for itself and is the best evidence of its content. Sable denies any allegations in Paragraph 67 that are inconsistent with the plain language of the document.

68. The allegations in Paragraph 68 purport to characterize unidentified

studies, which speak for themselves and are the best evidence of their contents. Sable lacks sufficient information to form a belief as to the truth or accuracy of the allegations in Paragraph 68 and denies them on that basis.

69. Paragraph 69 purports to characterize unidentified studies, which speak for themselves and are the best evidence of their contents. Sable lacks sufficient information to form a belief as to the truth or accuracy of the allegations in Paragraph 69 and denies them on that basis.

70. The allegations in Paragraph 70 purport to characterize unidentified federal records, which speak for themselves and are the best evidence of their contents. Sable lacks sufficient information and knowledge to form a belief as to the truth or accuracy of the allegations in Paragraph 70 and denies them on that basis.

71. The allegations in Paragraph 71 purport to characterize the risks of well stimulation treatments such as hydraulic fracturing and acidizing, and are vague and ambiguous and are denied on that basis. To the extent that a response is required, Sable denies that the paragraph accurately characterizes the risks of well stimulation treatments. The fourth sentence of Paragraph 71 purports to characterize a statement attributed to ExxonMobil. Sable lacks sufficient information to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 71 and denies it on that basis.

72. The allegations in the first, third, fourth and fifth sentences of Paragraph 72 purport to characterize air impacts from oil and gas drilling, and, accordingly, no response is required. To the extent that a response is required, Sable denies that the paragraph accurately characterizes the air impacts from oil and gas drilling. Further, the second sentence of Paragraph 72 purports to quote a statute, which requires no response. The statute speaks for itself and is the best evidence of its content and is denied on that basis.

73. The allegations in Paragraph 73 purport to characterize discharges

from oil and gas drilling, are vague and ambiguous and, accordingly, no response is required. To the extent that a response is required, Sable denies that the paragraph accurately characterizes discharges from oil and gas drilling. Further, the second sentence of Paragraph 73 purports to characterize a permit, which is the best evidence of its contents and is denied on that basis.

74. The allegations in Paragraph 74 purport to characterize the risk of vessel traffic, are vague and ambiguous and, accordingly, no response is required. To the extent that a response is required, Sable denies that the paragraph accurately characterizes the risk of vessel traffic, including from oil and gas drilling.

75. The allegations in Paragraph 75 purport to characterize the risk of climate change from oil and gas drilling by unnamed scientists, are vague and ambiguous and, accordingly, no response is required. To the extent that a response is required, Sable denies that the paragraph accurately characterizes the risk of climate change.

76. The allegations in Paragraph 76 purport to characterize various ExxonMobil applications and BSEE decisions, which speak for themselves and are the best evidence of their contents. To the extent that a response is required, Sable denies any allegations in Paragraph 76 that are inconsistent with the plain language of the documents. Sable avers that the current approval expires at midnight on December 13, 2024, not on December 31, 2024.

77. The allegations in Paragraph 77 purports to characterize the content of the BSEE's November 2023 extension, which speaks for itself and is the best evidence of its content. Sable denies any allegations in Paragraph 77 that are inconsistent with the plain language, meaning and context of the document.

78. The allegations in Paragraph 78 purport to characterize the content of the BSEE's November 2023 extension, which speaks for itself and is the best evidence of its content. Sable denies any allegations in Paragraph 78 that are inconsistent with the plain language, meaning and context of the document.

79. Paragraph 79 contains legal conclusions, which require no response. To the extent that a response is required, Sable denies the allegations in Paragraph 79.

80. The allegations in Paragraph 80 purport to characterize the content of the BSEE's November 2023 extension, which speaks for itself and is the best evidence of its content. Sable denies any allegations in Paragraph 80 that are inconsistent with the plain language, meaning and context of the document.

81. With respect to the allegations in Paragraph 81, Sable admits that BSEE used a categorical exclusion in connection with the November 2023 extension and denies that an environmental impact statement ("EIS") or environmental assessment was required.

82. The allegations in Paragraph 82 purport to characterize the content of the BSEE's categorical exclusion, which speaks for itself and is the best evidence of its content. Sable denies any allegations in Paragraph 82 that are inconsistent with the plain language, meaning and context of the document.

83. The allegations in Paragraph 83 purport to characterize the content of the BSEE's categorical exclusion, which speaks for itself and is the best evidence of its content. Sable denies any allegations in Paragraph 83 that are inconsistent with the plain language, meaning and context of the document.

84. The allegations in Paragraph 84 purport to characterize the content of the BSEE's categorical exclusion, which speaks for itself and is the best evidence of its content. Sable denies any allegations in Paragraph 84 that are inconsistent with the plain language, meaning and context of the document.

85. The allegations in Paragraph 85 purport to characterize the content of the BSEE's categorical exclusion, which speaks for itself and is the best evidence of its content. Sable denies any allegations in Paragraph 85 that are inconsistent with the plain language, meaning and context of the document.

86. The allegations in Paragraph 86 purport to characterize the content of

the BSEE's categorical exclusion, which speaks for itself and is the best evidence of its content. Sable denies any allegations in Paragraph 86 that are inconsistent with the plain language, meaning and context of the document.

87. The allegations in Paragraph 87 purport to characterize the content of the BSEE's categorical exclusion, which speaks for itself and is the best evidence of its content. Sable denies any allegations in Paragraph 87 that are inconsistent with the plain language, meaning and context of the document.

88. Sable denies the allegations in Paragraph 88.

89. Sable lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 89, and, on that basis, denies the same.

## Claims for Relief

## First Claim for Relief

90. Sable incorporates by reference its responses to the allegations in Paragraphs 1 through 89.

91. Paragraph 91 purports to quote a statute, which requires no response. To the extent that a response is required, the statute speaks for itself and is the best evidence of its content. Sable denies any allegations in Paragraph 91 that are inconsistent with the plain language of the statute.

92. Paragraph 92 contains Plaintiffs' characterization of a statute and regulations, which requires no response. To the extent that a response is required, the statute and regulations speak for themselves and are the best evidence of their content. Sable denies any allegations in Paragraph 92 that are inconsistent with the plain language of the statute and regulations.

93. Paragraph 93 contains Plaintiffs' characterization of regulations, which requires no response. To the extent that a response is required, the regulations speak for themselves and are the best evidence of their content. Sable denies any allegations in Paragraph 93 that are inconsistent with the plain language of the regulations.

94. Paragraph 94 sets forth legal conclusions, which require no response. To the extent that a response is required, Sable denies the allegations in Paragraph 94.

95. Paragraph 95 sets forth legal conclusions, which require no response. To the extent that a response is required, Sable denies the allegations in Paragraph 95.

## Second Claim for Relief

96. Sable incorporates by reference its responses to the allegations contained in Paragraphs 1 through 95.

97. Paragraph 97 contains Plaintiffs' characterization of a statute and regulations, which requires no response. To the extent that a response is required, the statute and regulations speak for themselves and are the best evidence of their content. Sable denies any allegations in Paragraph 97 that are inconsistent with the plain language of the statute and regulations.

98. Paragraph 98 sets forth a legal conclusion, which requires no response. To the extent that a response is required, Sable denies the allegation in Paragraph 98.

99. Paragraph 99 sets forth legal conclusions, which require no response. To the extent that a response is required, Sable denies the allegations in Paragraph 99.

100. Paragraph 100 sets forth legal conclusions, which require no response. To the extent that a response is required, Sable denies the allegations in Paragraph 100.

101. Paragraph 101 sets forth legal conclusions, which require no response. To the extent that a response is required, Sable denies the allegations in Paragraph 101.

102. Paragraph 102 sets forth legal conclusions, which require no response. To the extent that a response is required, Sable denies the allegations in

Paragraph 102.

103.  Paragraph 103 sets forth legal conclusions, which require no response. To the extent that a response is required, Sable denies the allegations in Paragraph 103.

Sable denies any allegations in the Complaint, whether express or implied, that are not expressly admitted, denied or qualified above.

## Request for Relief

Sable denies that Plaintiffs are entitled to any relief.

## DEFENSES

Sable states that it will rely upon one or more of the following defenses. Sable asserts the following defenses without assuming any burden of proof of such defenses that would otherwise rest on Plaintiffs.  Notwithstanding the enumeration of specific defenses set forth below, Sable reserves unto itself all of those defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure and such other defenses, affirmative and otherwise, as may prove to be applicable, and hereby reserves unto itself all of its rights associated with any such claim or potential claim.  Sable reserves the right to amend this Answer if investigation and further information warrant such amendment, and further, to assert any applicable matters of law during the pendency of this action.

## First Defense

Plaintiffs lack standing to raise some or all of the claims in the Complaint.

## Second Defense

Plaintiffs fail to state a claim upon which relief can be granted for some or all of the claims in the Complaint.

## Third Defense

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

## Fourth Defense

Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

**Fifth Defense**

Plaintiffs' claims are barred in whole or in part under the doctrine of harmless error.

**Sixth Defense**

Some or all of Plaintiffs' claims are not ripe for review.

**Seventh Defense**

Plaintiffs' claims are barred in whole or in part under the doctrine of mootness.

**RESERVATION**

Sable reserves the right to add defenses as may be developed during litigation.

\*     \*     \*

Sable respectfully requests that the Court enter judgment in favor of Defendants.

Dated: October 16, 2024

Respectfully submitted,

LATHAM & WATKINS LLP

By: /s/ *Daniel P. Brunton*

Daniel P. Brunton (Bar No. 218615)
12670 High Bluff Drive
San Diego, CA 92130
Tel.: (858) 523-5400
Fax: (858) 523-5450
Email: daniel.brunton@lw.com

Janice M. Schneider
(*Pro Hac Vice Pending*)
Devin M. O'Connor
(*Pro Hac Vice Pending*)
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Tel.: (202) 637-2200
Fax: (202) 637-2201
Email: janice.schneider@lw.com
Email: devin.o'connor@lw.com

*Attorneys for Proposed Intervenor-Defendant Sable Offshore Corp.*