Kristen Monsell (CA Bar No. 304793)
Email: kmonsell@biologicaldiversity.org
Miyoko Sakashita (CA Bar No. 239639)
Email: miyoko@biologicaldiversity.org
Julie Teel Simmonds (CA Bar No. 208282)
Email: jteelsimmonds@biologicaldiversity.org
Center for Biological Diversity
1212 Broadway Suite 800
Oakland, CA 94612
Phone: (510) 844-7137
Facsimile: (510) 844-7150

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> DEBRA HAALAND, et al., <br><br> *Defendants*. | No. 2:24-cv-05459-FMO-MAA <br><br> **PLAINTIFFS' RESPONSE TO SABLE OFFSHORE CORP.'S MOTION TO INTERVENE** <br><br> Date: November 14, 2024 <br> Time: 10:00 AM <br> Courtroom: 6D <br> Judge: Hon. Fernando M. Olguin |

Plaintiffs Center for Biological Diversity and Wishtoyo Foundation ("Plaintiffs") submit the following response to Sable Offshore Corp.'s ("Sable") Motion to Intervene, Dkt. No. 18, filed on October 16, 2024 ("Motion").

Plaintiffs do not oppose Sable's Motion subject to two reasonable conditions on Sable's participation to help foster the timely and efficient resolution of this case. Specifically, Plaintiffs request that the Court: (1) require

Sable to abide by the deadlines in the Court's scheduling order, Dkt. No. 17; and (2) limit Sable to 12 pages in its portion of the parties' Joint Summary Judgment Brief and 5 pages for any supplemental memorandum to the Joint Summary Judgment Brief, *see id.*[1]

Issuing such conditions is well within the Court's authority. As the Supreme Court has acknowledged, "intervention of right under the amended rule [24(a)] may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of proceedings." *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 383 n.2 (1987) (Brennan, J., concurring) (quoting Fed. R. Civ. P. 24 advisory committee's note to 1966 amendment). Similarly, the Court has broad discretion to place limits on permissive intervention. *Ctr. for Biological Diversity v. Brennan*, 571 F.Supp.2d 1105, 1130 (N.D. Cal. 2007) (citing *San Jose Mercury News v. U.S. Dist. Ct. for N. Dist. Cal.*, 187 F.3d 1096, 1100 (9th Cir. 1999)).

In other words, "imposing certain conditions on either type of intervention, of right or permissive, poses no problem in the federal courts." *Southern v. Plumb Tools*, 696 F.2d 1321, 1323 (11th Cir. 1983). That is particularly true where the conditions promote fairness and judicial efficiency. *See Beauregard, Inc. v. Sword Servs., LLC*, 107 F.3d 351, 352–53 (5th Cir. 1997); *see also Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 20 (D.D.C. 2010) ("conditions imposed [on intervention] should be designed to ensure the fair, efficacious, and prompt resolution of the

---

[1] Counsel for the parties discussed the first condition at the L.R. 7-3 conference on Sable's Motion. Sable's counsel indicated that Sable would abide by any scheduling order the Court enters, which Sable has confirmed in its Motion. *See* Dkt. No. 18 at 10. However, because the L.R. 7-3 conference occurred before the Court's most recent scheduling and briefing order, Dkt. No. 17, and Sable filed its Motion before Plaintiffs' counsel could communicate Plaintiffs' position, counsel for the parties did not discuss the second condition in advance of Sable's filing.

litigation." (citations omitted)).

Consistent with this fundamental principle, courts have previously imposed the specific conditions that Plaintiffs seek here. *See, e.g.*, *Ass'n of O&C Cntys. v. Trump*, Nos. 17-280, 17-441 (RJL), 2018 U.S. Dist. LEXIS 243643, at *6 (D.D.C. Jan. 22, 2018) (granting permissive intervention on the condition that intervenors "shall be held to the same schedule that would apply absent intervention"); *Nat'l Family Farm Coal. v. Vilsack*, No. 21-cv-05695-JD, 2022 U.S. Dist. LEXIS 21628, at *3–4 (N.D. Cal. Feb. 7, 2022) (limiting intervenors' briefing to 10 pages); *W. Org. of Res. Councils v. Jewell*, No. 14-1993 (RBW), 2015 U.S. Dist. LEXIS 194028, at *20 (D.D.C. July 15, 2015) (limiting intervenors to less than half the page limits provided by the local rules); *Wildearth Guardians*, 272 F.R.D. at 20–21 (imposing page limits on intervenors).

As with those cases, requiring Sable to abide by the deadlines in the existing scheduling order will help ensure the expedient resolution of this case. Similarly, limiting Sable's briefing to roughly half the page limits of the Court's order—issued when there were no separately represented parties on Defendants' side—will ensure fairness to Plaintiffs by making the total number of pages for each side more comparable, while preserving space for Sable to assert its position on the claims at issue.

Therefore, should the Court grant Sable's Motion, Plaintiffs respectfully request the conditions listed above.

DATED: October 18, 2024

/s/ Kristen Monsell
Kristen Monsell (CA Bar No. 304793)
Email: kmonsell@biologicaldiversity.org
Miyoko Sakashita (CA Bar No. 239639)
Email: miyoko@biologicaldiversity.org
Julie Teel Simmonds (CA Bar No. 208282)
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, CA 94612
Phone: (510) 844-7137
Fax: (510) 844-7150

*Attorneys for Plaintiffs*

Plaintiffs' Response to Motion to Intervene,
Case No. 2:24-cv-05459-FMO-MAA            4