LATHAM & WATKINS LLP
Benjamin J. Hanelin (Bar No. 237595)
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Tel.: (213) 485-1234
Fax: (213) 891-8763
Email: benjamin.hanelin@lw.com

Daniel P. Brunton (Bar No. 218615)
12670 High Bluff Drive
San Diego, CA 92130
Tel.: (858) 523-5400
Fax: (858) 523-5450
Email: daniel.brunton@lw.com

Janice M. Schneider (*Pro Hac Vice*)
Devin M. O'Connor (*Pro Hac Vice*)
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Tel.: (202) 637-2200
Fax: (202) 637-2201
Email: janice.schneider@lw.com
Email: devin.o'connor@lw.com

*Attorneys for Proposed Intervenor-Defendant Sable Offshore Corp.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY; WISHTOYO FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>DEBRA HAALAND, Secretary of the U.S. Department of the Interior; BUREAU OF SAFETY AND ENVIRONMENTAL ENFORCEMENT; BRUCE HESSON, Pacific Regional Director, Bureau of Safety and Environmental Enforcement,<br><br>Defendants. | CASE NO. 2:24-cv-05459-FMO-MAA<br><br>**SABLE OFFSHORE CORP.'S REPLY IN SUPPORT OF MOTION TO INTERVENE**<br><br><u>Hearing</u><br>Date: November 14, 2024<br>Time: 10:00 a.m.<br>Judge: Hon. Fernando M. Olguin<br>Courtroom: 6D |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

CASE NO. 2:24-cv-05459-FMO-MAA
SABLE'S REPLY IN SUPPPORT
OF MOTION TO INTERVENE

In their Response, Dkt. 23, Plaintiffs do not oppose Proposed Intervenor-Defendant Sable Offshore Corp.'s ("Sable") Motion to intervene ("Motion"), Dkt. 18, subject to two conditions—the first of which Sable already agreed to and the second of which Sable opposes.

As the first condition, Plaintiffs request the Court "require Sable to abide by the deadlines in the Court's scheduling order, Dkt. No. 17." Dkt. 23 at 1-2. As explained in Sable's Motion, and as explained to Plaintiffs' counsel during the meet and confer, Sable is prepared to meet the deadlines in the Court's order. Dkt. 18-1 at 10.

As to Plaintiffs' second proposal, which Plaintiffs did not raise during the meet and confer, Sable opposes Plaintiffs' request to condition Sable's intervention by "limit[ing] Sable to 12 pages in its portion of the parties' Joint Summary Judgment Brief and 5 pages for any supplemental memorandum to the Joint Summary Judgment Brief." Dkt. 23 at 2. Plaintiffs argue their conditions are needed "to help foster the timely and efficient resolution of this case." *Id.* at 1. But limiting Sable's pages in the briefing on the merits would prejudice Sable, which is the holder of the offshore leases at issue in this case, and is unnecessary under the current Case Management Order, which already provides a procedure, page limits, and deadlines "to facilitate the just, speedy, and inexpensive determination of this case." Dkt. 17 at 1. For instance, the Case Management Order includes the following:

- The Parties will complete a settlement conference by January 7, 2025. *Id.* at 2.
- The Parties will file a single, integrated joint brief on the merits. *Id.* at 3-5.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

CASE NO. 2:24-cv-05459-FMO-MAA
SABLE'S REPLY IN SUPPPORT
OF MOTION TO INTERVENE

- "**Each separately represented party shall be limited to 25 pages**, exclusive of tables of contents and authorities." *Id.* at 5 (emphasis added).

- "After the Joint Brief is filed, **each separately represented party** may file a supplemental memorandum of points and authorities no later than fourteen (14) days prior to the hearing date. **The supplemental memorandum shall not exceed ten (10)** pages in length." *Id.* at 6 (emphasis added).

Plaintiffs make no showing that they would be prejudiced or that Sable having the same page lengths as the other separately represented Parties under the Case Management Order would create inefficiency. Sable would also be bound by the Case Management Order's requirement that "[r]epetition shall be avoided." *Id.* at 5. Indeed, Sable would be prejudiced if Plaintiffs' request to limit Sable's participation is granted, given Sable's significant interests at stake. Plaintiffs are challenging extensions to resume operations on 16 offshore oil and gas leases in the Santa Ynez Unit for which Sable has committed close to $1 billion to date associated with purchase, repair, maintenance, and upgrades. Dkt. 18-1 at 1, 8. And Sable estimates that over 1 billion barrels of oil are still recoverable from the Santa Ynez Unit, which represents nearly $10 billion in net contingent resources overall. *Id.* at 8.

Limiting Sable's pages for briefing as Plaintiffs request would prejudice Sable because it would not have an opportunity to respond to all of Plaintiffs' arguments. Similarly, limiting Sable's briefing to half the pages allowed in the Case Management Order—as Plaintiffs request—would prevent Sable from making all of its arguments that differ from those of Federal Defendants. Courts routinely find that Federal Defendants or other parties cannot adequately represent the interests of leaseholders, Dkt. 18-1 at 13–14—and that the leaseholder is an

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

CASE NO. 2:24-cv-05459-FMO-MAA
SABLE'S REPLY IN SUPPPORT
OF MOTION TO INTERVENE

important voice that must be heard in resolving a case challenging agency approvals associated with the lease it holds, *see, e.g., W. Watersheds Project v. Haaland*, 22 F.4th 828, 841–42 (9th Cir. 2022) (holder of oil-and-gas leases was entitled to intervene as of right in case challenging leases under NEPA and Federal Land Policy and Management Act; "[A]s a party with a legally protected interest in contract rights with the federal government, [the individual oil-and-gas lessee] would offer a necessary element to the proceeding that other parties would neglect.").

The cases cited by Plaintiffs are distinguishable and only highlight why the Court should reject Plaintiffs' request to limit Sable's briefing pages. Each of the cases Plaintiffs cite in which the court limited an intervenors' briefing as a condition of intervention involved multiple intervenors, making the efficiency of the proceedings and avoiding repetition a more pressing issue than it is here. *See, e.g., Ass'n of O&C Cntys. v. Trump*, Nos. 17-280, 17-441 (RJL), 2018 WL 11241964, at *2 (D.D.C. Jan. 22, 2018) (requiring intervenors to file a joint intervenor brief but not limiting pages); *Nat'l Family Farm Coal. v. Vilsack*, No. 21-cv-05695-JD, 2022 U.S. Dist. LEXIS 21628, at *3–4 (N.D. Cal. Feb. 7, 2022) (two intervenors were "not entitled to intervene as of right" and shared "with the government 'the same ultimate objective of upholding' the challenged regulation"); *W. Org. of Res. Councils v. Jewell*, No. 14-1993 (RBW), 2015 WL 13711094, at *2, *7 (D.D.C. July 15, 2015) (page limits included in grant of intervention where three separate parties intervened); *Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 21 (same). None of the cases cite by Plaintiffs involved a single intervenor like Sable, who is the leaseholder of challenged oil and gas leases at issue in this case and which timely moved for intervention and agrees to comply with the existing Case Management Order.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

CASE NO. 2:24-cv-05459-FMO-MAA
SABLE'S REPLY IN SUPPPORT
OF MOTION TO INTERVENE

To the contrary, courts routinely deny the type of request to limit an intervenor's briefing pages that Plaintiffs make here. *See, e.g., Env't Def. Ctr. v. Bureau of Ocean Energy Mgmt.*, 2017 WL 11714731, *1 (C.D. Cal. Mar. 10, 2017) (declining plaintiffs' request to impose page limits in case challenging environmental review of leasehold oil and gas operations, and finding that the leaseholder's specific interest weighed against imposing page limits: "Although the overlap among Intervenors' claims is substantial, the Court recognizes that API's industry-wide objectives are broader than Exxon Mobil's specific leasehold interests in the Pacific Ocean, and warrant some independent treatment."); *Defs. of Wildlife v. U.S. Fish & Wildlife Serv.*, 2021 WL 4552144, *4 (N.D. Cal. May 3, 2021) (declining plaintiffs' request to impose page limits on intervenors National Rifle Association and Safari Club International challenge to delisting of gray wolf under Endangered Species Act); *W. States Petroleum Ass'n v. Cal. Occupational Health & Safety Standards Bd.*, 2019 WL 6324076, *3 (E.D. Cal. Nov. 26, 2019) (granting intervention and providing that page limits for the briefs will not be split between the parties).

In sum, Plaintiffs do not oppose intervention and the Federal Defendants take no position. Sable requests that the Court grant Sable intervention as of right as a separately represented party consistent with the existing Case Management Order, including the page limitations set forth therein.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

CASE NO. 2:24-cv-05459-FMO-MAA
SABLE'S REPLY IN SUPPPORT
OF MOTION TO INTERVENE

| | | |
|---|---|---|
| 1 | Dated: October 25, 2024 | Respectfully submitted, |
| 2 | | LATHAM & WATKINS LLP |
| 3 | | By: /s/ *Benjamin J. Hanelin* |
| 4 | | Benjamin Hanelin (Bar No. 237595)<br>355 South Grand Avenue, Suite 100 |
| 5 | | Los Angeles, California 90071-1560<br>Tel.: (213) 485-1234 |
| 6 | | Fax: (213) 891-8763<br>Email: benjamin.hanelin@lw.com |
| 7 | | |
| 8 | | Daniel P. Brunton (Bar No. 218615)<br>12670 High Bluff Drive |
| 9 | | San Diego, CA 92130<br>Tel.: (858) 523-5400 |
| 10 | | Fax: (858) 523-5450<br>Email: daniel.brunton@lw.com |
| 11 | | Janice M. Schneider |
| 12 | | (*Pro Hac Vice*)<br>Devin M. O'Connor |
| 13 | | (*Pro Hac Vice*)<br>555 Eleventh Street, NW, Suite 1000 |
| 14 | | Washington, D.C. 20004-1304<br>Tel.: (202) 637-2200 |
| 15 | | Fax: (202) 637-2201<br>Email: janice.schneider@lw.com |
| 16 | | Email: devin.o'connor@lw.com |
| 17 | | *Attorneys for Proposed Intervenor-Defendant Sable Offshore Corp.* |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

CASE NO. 2:24-cv-05459-FMO-MAA
SABLE'S REPLY IN SUPPPORT
OF MOTION TO INTERVENE

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Proposed Intervenor-Defendant Sable Offshore Corp., certifies that this brief contains 1109 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 25, 2024        By: /s/ *Benjamin J. Hanelin*
                                    Benjamin J. Hanelin (Bar No. 237595)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

CASE NO. 2:24-cv-05459-FMO-MAA
SABLE'S REPLY IN SUPPORT
OF MOTION TO INTERVENE