1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11   CENTER FOR BIOLOGICAL DIVERSITY,          Case No.:  2:24-cv-05459-MWC-MAA
     et al.,

12                              Plaintiff(s),   **CIVIL TRIAL ORDER**

13                   v.

14

15   DEBRA HAALAND, et al.,

16                              Defendant(s).

17

18

19

20

21

22

23

24

25

26

27

28   **cc:  ADR Dept.**

1

## I.    Schedule

### A.  Scheduling Order

This Order, along with the Standing Order issued on November 22, 2024 (Dkt. 34), supersede the previous case management order (Dkt. 15) and summary judgment order (Dkt. 16), which were previously entered on October 4, 2024. The Scheduling Order governing this action is set forth in the Schedule of Pretrial and Trial Dates chart below. The box in the upper right-hand corner of the chart states whether the trial will be by jury or court. If the parties[1] seek to set additional dates, they may file a Stipulation and Proposed Order. This may be appropriate in class actions, patent cases, or cases for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA").

The parties are advised that the discovery cut-off date is the last day by which all depositions must be completed, responses to previously served written discovery must be provided, and motions concerning discovery disputes must be heard, not filed. In other words, any motion challenging the adequacy of discovery responses must be filed timely, served, and calendared sufficiently in advance of the relevant discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted.

The parties should refer to the Court's Standing Order for requirements regarding specific motions, discovery, certain types of filings, courtesy copies, emailing signature items to Chambers, alternative dispute resolution, and other matters pertaining to all cases. A copy of the Court's Standing Order is available on Judge Court's webpage at www.cacd.uscourts.gov/honorable-michelle-williams-court. Both the Court and all counsel bear responsibility for the progress of litigation in this Court.

**"Counsel," as used in this Order, includes parties appearing pro se.[2]**

**All emailed submissions to Chambers referred to in this Order must be in Word format and emailed to MWC_Chambers@cacd.uscourts.gov.**

---

[1] The term "parties" includes unrepresented parties—that is parties without attorneys, also referred to as "pro se litigants"—as well as counsel for represented parties.

[2] This Court does not exempt pro se litigants from compliance with the Federal Rules of Civil Procedure, the applicable Local Civil Rules of the Central District of California ("Local Civil Rules"), and this Court's standing orders and online procedures and schedules. *See* Local Rules 1-3 and 83-2.2.3.

**DISTRICT JUDGE MICHELLE W. COURT**
<u>SCHEDULE OF PRETRIAL AND TRIAL DATES</u>

| Trial and Final Pretrial Conference Dates | Court Order |
|---|---|
| Trial | ☐ Jury Trial   or   ☒ Bench Trial |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions in Limine | October 3, 2025 at 1:30 p.m. |
| **Event**<br><u>Note</u>: Hearings shall be on Fridays at 1:30 p.m.[1] | **Court Order** |
| Last Date to File Motion to Amend Pleadings or Add Parties | January 4, 2025 |
| Fact Discovery Cut-Off[2] | April 4, 2025 |
| Expert Disclosure (Initial) | April 18, 2025 |
| Expert Disclosure (Rebuttal) | May 19, 2025 |
| Expert Discovery Cut-Off | June 18, 2025 |
| Last Date to File Motions<br>• Parties shall take note of the Court's briefing schedule as set forth in the Civil Standing Order, found on Judge Court's website | July 18, 2025 |
| Deadline to Complete Settlement Conference [L.R. 16-15] [3] | ☐ 1. Magistrate Judge<br>☐ 2. Court Mediation Panel<br>☐ 3. Private Mediation<br>Settlement Officer Timothy V.P. Gallagher no later than April 4, 2025 |
| <u>Trial Filings</u> (first round)[4]<br>• Motions in Limine[5]<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Declarations containing Direct Testimony, if ordered (bench trial only) | September 12, 2025 |
| <u>Trial Filings</u> (second round)<br>• Oppositions to Motions in Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint Agreed Upon Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only)<br>• Proposed Findings of Fact and Conclusions of Law [L.R.52] (bench trial only) | September 19, 2025 |

---

[1] By default, all hearings shall proceed in-person, unless a request is made by the parties and granted by the Court. Requests to appear via Zoom must be e-filed seven (7) days before the hearing and must indicate that counsel has met and conferred per Local Rule 7-3.

[2] Any motions to compel must be filed and heard *before* the discovery cutoff.

[3] As stated in the Court's Order Setting Scheduling Conference, no case will proceed to trial unless all parties, including an officer with full settlement authority for corporate parties, have appeared personally at an ADR proceeding.

[4] All trial filings must be filed as well as emailed in Word version to the chambers email box at MWC_Chambers@cacd.uscourts.gov.

[5] Each party may file no more than five (5) motions in limine without seeking leave from the Court.

**B.  Final Pretrial Conference/Proposed Final Pretrial Conference Order**

The Court has set a Final Pretrial Conference ("FPTC") pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16-8. The Court requires strict compliance with Federal Rules of Civil Procedure 16 and 26, and Local Rule 16. Each party appearing in this action must be represented at the FPTC by lead trial counsel.[6] The parties must be prepared to discuss streamlining the trial, including presentation of testimony by deposition excerpts or summaries, time limits, stipulations to undisputed facts, and qualification of experts by admitted resumes.

A proposed Final Pretrial Conference Order ("Proposed FPTCO") shall be filed and emailed to Chambers at least fourteen (14) days before the FPTC. A template for the Proposed FPTCO is available on Judge Court's webpage. The parties *must* use this template.

In specifying the surviving pleadings under section 1, the parties are to state which claims or counterclaims have been dismissed or abandoned (e.g., "Plaintiff's second cause of action for breach of fiduciary duty has been dismissed."). Additionally, in multiple-party cases where not all claims or counterclaims will be prosecuted against all remaining parties on the opposing side, the parties are to specify to which party or parties each claim or counterclaim is directed.

The parties must attempt to agree on and set forth as many uncontested facts as possible. The Court will read the uncontested facts to the jury at the start of trial. A carefully drafted and comprehensively stated stipulation of facts will shorten the trial and generally increase jury understanding of the case.

In drafting the factual issues in dispute, the parties must state issues in ultimate fact form, not in the form of evidentiary fact issues. The issues of fact should track the elements of a claim or defense on which the jury will be required to make findings.

---

[6] The Court has a strong commitment to fostering the development of new and diverse lawyers in the legal community. Consequently, the Court strongly encourages litigants to provide opportunities for less experienced lawyers or lawyers whose identities and/or backgrounds further the diversity of the legal profession to participate in trial and in the FPTC, particularly where they contributed significantly to the underlying issue or prepared the witness. Of course, the ultimate decision of who speaks on behalf of the client is for the client and not the Court.

Issues of law should state legal issues on which the Court will be required to rule during the trial and should not list ultimate fact issues to be submitted to the trier of fact.

## II.    Trial Preparation

The parties must comply with Local Rule 16. Pursuant to Local Rule 16-2, lead trial counsel for each party are required to meet and confer in person forty (40) days in advance to prepare for the FPTC. The parties must comply with Local Rule 16-2, except where the requirements set forth in this Order differ from or supplement those contained in Local Rule 16. The Court may take the FPTC and trial off calendar or impose other sanctions for failure to comply with these requirements.

### A. Schedule for Filing Pretrial Documents

The schedule for filing pretrial documents is as follows:

- At least twenty-eight (28) days before the FPTC:
  - Motions in Limine
  - Memoranda of Contentions of Fact and Law
  - Witness list
  - Joint Exhibit list
  - Joint Status Report Regarding Settlement
  - Declarations containing Direct Testimony (bench trial only)
- At least fourteen (14) days before the FPTC:
  - Oppositions to Motions in Limine
  - Joint Proposed FPTCO
  - Joint Agreed Upon Proposed Jury Instructions (jury trial only)
  - Disputed Proposed Jury Instructions (jury trial only)
  - Joint Proposed Verdict Forms (jury trial only)
  - Joint Proposed Statement of the Case (jury trial only)
  - Proposed Voir Dire Questions, if any (jury trial only)
  - Evidentiary Objections to Declarations of Direct Testimony (bench trial only)
  - Proposed Findings of Fact and Conclusions of Law (bench trial only)

*All pretrial documents* listed above, including any amended documents, shall be filed *and emailed in Word version* to MWC_Chambers@cacd.uscourts.gov the day they are due.

### B.  Requirements for Pretrial Documents

#### 1.  Motions in Limine

Motions in limine will be heard and ruled on at the FPTC. The Court may rule orally instead of in writing. All motions in limine shall be filed and emailed to Chambers at least twenty-eight (28) days before the FPTC. Oppositions shall be filed and emailed to Chambers at least fourteen (14) days before the FPTC. There shall be no replies. Motions in limine and oppositions must not exceed ten (10) pages in length.

Before filing a motion in limine, the parties must meet and confer to determine whether the opposing party intends to introduce the disputed evidence and attempt to reach an agreement that would obviate the need for the motion. Motions in limine should address specific issues (e.g., not "to exclude all hearsay"). Motions in limine should not be disguised motions for summary adjudication of issues. **No party may file more than five (5) motions in limine without seeking leave from the Court to do so**.

#### 2.  Witness Lists

Witness lists shall be filed and emailed to Chambers twenty-eight (28) days before the FPTC. They must be in the format specified in Local Rule 16-5 and must include for each witness (1) a brief description of the testimony; (2) the reasons the testimony is unique and not redundant; and (3) a time estimate in hours for direct and cross-examination.

Any Amended Witness List must be filed and emailed to Chambers by 12:00 p.m. (noon) on the Friday before trial.

The parties must use the following format.

| Witness's Name,* Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (Hours) | Time for Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| Jane Doe 1111 Main St., Los Angeles, CA 99999 213-999-9999 | Will testify what she saw at accident. Unique in that she is the only eyewitness | 2 hours | 1 hour | [To be filled in during trial] |

1    \* Indicates that the witness will be called only if the need arises.

2    ### 3.  Joint Exhibit List

3    The Joint Exhibit List shall be filed and emailed to Chambers twenty-eight (28) days before the

4    FPTC. It must be in the format specified in Local Rule 16-6 and shall include additional columns

5    stating any objections to authenticity and/or admissibility and the reasons for the objections, as well

6    as responses to the objections. Any Amended Joint Exhibit List shall be filed and emailed to

7    Chambers by 12:00 p.m. (noon) on the Friday before trial.

8    The Joint Exhibit List must follow the following format.

9

| Ex. # | Description | Witness Establishing Foundation | Objections to Admissibility and/or Authenticity (include basis and party objecting) | Response to Objection | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| 3 | 1/30/80 letter from Doe to Roe | | | | | |

16

17    ### 4.  Jury Instructions (Jury Trials Only)

18    Joint Proposed Jury Instructions shall be filed and emailed to Chambers no later than fourteen

19    (14) days prior to the FPTC. The parties must make every effort to agree upon jury instructions

20    before submitting proposals to the Court. The Court expects the parties to agree on the substantial

21    majority of instructions, particularly when pattern or model jury instructions exist and provide a

22    statement of applicable law. The parties shall meet and confer regarding jury instructions according

23    to the following schedule:

24    • Thirty-five (35) days before the FPTC: The parties shall exchange proposed general and

25    special jury instructions.

26    • Twenty-eight (28) days before the FPTC: The parties shall exchange any objections to

27    the instructions.

28    • Twenty-one (21) days before the FPTC: The parties shall meet and confer with the goal

of reaching agreement on one set of Joint Proposed Jury Instructions.

- <u>Fourteen (14) days before FPTC</u>: The parties shall file and email to Chambers: (1) their Joint Agreed Upon Proposed Jury Instructions and (2) their Disputed Jury Instructions.

The parties shall file and email to Chambers clean and redline sets of: (1) their Joint Agreed Upon Proposed Jury Instructions; and (2) their Disputed Jury Instructions. The redline sets shall include all modifications made by the parties to pattern or model jury instructions, any disputed language, and the factual or legal basis for each party's position as to each disputed instruction. Where appropriate, the disputed instructions shall be organized by subject, so that instructions that address the same or similar issues are presented sequentially. If there are excessive or frivolous disagreements over jury instructions, the Court will order the parties to meet and confer immediately until they substantially narrow their disagreements.

**Sources:** When the *Manual of Model Jury Instructions for the Ninth Circuit*[7] provides an applicable jury instruction, the parties should submit the most recent version, modified and supplemented to fit the circumstances of the case. Where California law applies, the parties should use the current edition of the *Judicial Council of California Civil Jury Instructions*[8] ("CACI"). If neither applies, the parties should consult the current edition of O'Malley, et al., *Federal Jury Practice and Instructions*. The parties may submit alternatives to these instructions only if there is a reasoned argument that they do not properly state the law or are incomplete. The Court seldom gives instructions derived solely from case law.

**Format:** Each requested instruction shall: (1) cite the authority or source of the instruction; (2) be set forth in full; (3) be on a separate page; (4) be numbered; (5) cover only one subject or principle of law; and (6) not repeat principles of law contained in any other requested

---

[7] The Manual of Model Jury Instructions for the Ninth Circuit may be found on the Ninth Circuit's website at https://www.ce9.uscourts.gov/jury-instructions/model-civil.

[8] The CACI may be found on the California Court website at https://www.courts.ca.gov/partners/317.htm.

instruction. If a standard instruction has blanks or offers options (e.g., for gender[9]), the parties must fill in the blanks or make the appropriate selections in their proposed instructions.

**Index:** All proposed jury instructions must have an index that includes the following for each instruction, as illustrated in the example below:

- the number of the instruction;

- the title of the instruction;

- the source of the instruction and any relevant case citations; and

- the page number of the instruction.

*Example:*

| Instruction | | | |
|---|---|---|---|
| Number | Title | Source | Page Number |
| 1 | Trademark-Defined (15.U.S.C. § 1127) | 9th Cir. 8.5.1 | 1 |

Counsel also shall list the instructions in the order they will be given and indicate whether the instruction shall be read before opening statements, during trial, or before closing arguments.

During the trial and before closing argument, the Court will meet with the parties to settle the instructions. At that time, the parties will have an opportunity to make an oral record concerning their objections. Each member of the jury will be given their own copy of the instructions during deliberations.

### 5.  Joint Verdict Forms (Jury Trials Only)

The parties shall make every effort to agree on a general or special verdict form before submitting proposals to the Court. The parties shall file and email to Chambers a proposed joint general or special verdict form fourteen (14) days before the FPTC. If the parties are unable to agree on a verdict form, the parties shall file and email to Chambers one document titled "Competing Verdict Forms" which shall include: (1) the parties' respective proposed verdict form; (2) a redline of any disputed language; and (3) the factual or legal basis for each party's respective

---

[9] Per the Court's Standing Order, litigants and counsel may indicate their honorifics by filing a letter, adding the information in the name block or signature line of the pleadings, or verbally informing the Court when making an appearance.

1  position. The Court may opt to use a general verdict form if the parties are unable to agree on a

2  special verdict form.

### 6.  Joint Statement of the Case (Jury Trials Only)

4  The parties shall file and email to Chambers a Joint Statement of the Case fourteen (14)

5  days before the FPTC for the Court to read to the prospective jurors before commencement of voir

6  dire. The joint statement should be brief and neutral and must not be more than one page in length.

### 7.  Proposed Voir Dire Questions (Jury Trials Only)

8  The Court will conduct the voir dire. Generally, a jury in a civil action will consist of eight (8)

9  jurors. In most cases, the Court will question all prospective jurors in the jury panel. The Court asks

10  prospective jurors basic biographical questions (jurors' place of residence, employment, whether

11  familiar with the parties or counsel, etc.) as well as questions going to their ability to be fair and

12  impartial and carry out the duties required and may ask additional case-specific questions. The

13  parties may file and email to Chambers any proposed case-specific voir dire questions for the

14  Court's consideration no later than fourteen (14) days before the FPTC. If it considers the questions

15  proper, the Court will pose the questions to the prospective jurors.

16  Each side has three (3) peremptory challenges. All challenges for cause and all *Batson*

17  challenges shall be made at side bar or otherwise outside the prospective jurors' presence. The

18  Court will not necessarily accept a stipulation to a challenge for cause. After all challenges have

19  been exercised, the remaining jurors in the eight (8) lowest numbered seats will be the jury.

### 8.  Proposed Findings of Fact and Conclusions of Law (Bench Trials
### Only)

22  For any trial requiring findings of fact and conclusions of law, each party shall file and email to

23  Chambers its Proposed Findings of Fact and Conclusions of Law in the format specified in Local

24  Rule 52-3 no later than twenty-eight (28) days before the FPTC.

25  Notwithstanding Local Rule 52, for any matter requiring findings of fact and conclusions of

26  law, unless otherwise expressly ordered by the Court, counsel will also be required to file Proposed

27  Findings of Fact and Conclusions of Law after the conclusion of the trial. The proposed Findings of

28  Fact must include citations to admitted evidence. Where witness trial testimony is necessary to

1  establish a given fact, the party must obtain a transcript of the proceedings and file relevant excerpts

2  of those transcripts with the Proposed Findings of Fact and Conclusions of Law. In addition to

3  filing, counsel must email Microsoft Word versions of their Proposed Findings of Fact and

4  Conclusions of Law to the chambers email address.

5  **9.  Declarations of Direct Testimony (Bench Trials Only)**

6  When ordered by the Court in a particular case, each party shall file and email to Chambers

7  declarations containing the direct testimony of each witness whom that party intends to call at trial

8  at least twenty-eight (28) days before the FPTC. If such declarations are filed, each party shall file

9  and email to Chambers any evidentiary objections to the declarations submitted by any other party

10  at least fourteen (14) days before the FPTC. Such objections shall be submitted in the following

11  three-column format: (1) the left column should contain a verbatim quote of each statement

12  objected to (including page and line number); (2) the middle column should set forth a concise legal

13  objection (e.g., hearsay, lacks foundation) with a citation to the corresponding Federal Rule of

14  Evidence or, where applicable, a case citation; and (3) the right column should provide space for the

15  Court's ruling on the objection. The Court anticipates issuing its ruling on the objections during the

16  FPTC.

17  **10.    Case-Specific Glossary**

18  The parties must provide a case-specific glossary for the Court Reporter that includes applicable

19  medical, scientific, or technical terms, jargon, the names and spellings of case names likely to be

20  cited, street/city/country names, all parties/agents/departments/entities involved in the case, names

21  of people interviewed/deposed, names of other individuals who might be mentioned, and other

22  case-specific terminology. The case-specific glossary shall be filed and emailed in Word version to

23  Chambers no later than the Friday before trial.

24  **III.    Trial Exhibits**

25  Trial exhibits that consist of documents and photographs must be submitted to the Court in

26  three-ring binders on the first day of trial promptly at 8:00 a.m. The parties shall submit to the Court

27  four (4) sets of binders: one (1) original set of trial exhibits, and three (3) copies of trial exhibits.

28  The original set of exhibits shall be for use by the jury during its deliberations, one copy will be for

witnesses, and two copies are for the Court. *The parties must prepare additional copies of exhibits for their own use.* The parties must review the exhibit list and exhibit binders with the Courtroom Deputy Clerk before the admitted exhibits will be given to the jury.

All exhibits placed in three-ring binders must be indexed by exhibit number with tabs or dividers on the right side. All exhibit tabs are to be stapled to the first page of the exhibit. Exhibits shall be numbered sequentially 1, 2, 3, etc., *not* 1.1, 1.2, etc. *See* Local Rule 16-6. Every page of a multi-page exhibit must be numbered. Defendant's exhibit numbers shall not duplicate Plaintiff's numbers. The spine of each binder shall indicate the volume number and the range of exhibit numbers included in the volume.

- The *original exhibits* shall bear the official exhibit tags (yellow tags for Plaintiff's exhibits, blue tags for Defendant's exhibits, and green tags for joint exhibits) affixed to the front upper right-hand corner of the exhibit, with the case number, case name, and exhibit number stated on each tag. Tags may be obtained from the Clerk's Office, or the parties may print their own exhibit tags using Forms G-14A and G-14B on the "Court Forms" section of the Central District of California's website.

- For electronic exhibits, the parties should provide a physical caption page with the exhibit tag and attach the physical flash drive or CD containing the electronic exhibits. If there are voluminous electronic exhibits, the parties should raise the issue with the Court at the Final Pretrial Conference.

- The *copies of exhibits* must bear copies of the official exhibit tags that were placed on the original exhibits and be indexed with tabs or dividers on the right side. For electronic exhibits, the copies should not include any physical flash drives or CDs.

In addition to the four (4) sets of binders above, the parties must also submit to the Court a USB flash drive containing electronic versions of all exhibits and any *excerpts of deposition transcripts* to be used at trial, either as evidence or for impeachment. The USB flash drive must be delivered to the judge's courtesy box located outside the Clerk's Office on the 4th floor of the courthouse by 12:00 p.m. on the Friday before the start of trial. Plaintiff's exhibits must be placed in a separate folder from Defendant's exhibits, and the document file names *must* include the exhibit number and

a brief description of the document (*e.g.*, "Ex. 1 – Smith Declaration.pdf" or "Ex. 105 –Letter Dated 1-5-20.pdf").

The Court provides audio/visual equipment for use during trial. The parties are encouraged to use it. More information is available at: http://www.cacd.uscourts.gov/clerk-services/courtroom-technology. The Court does not permit exhibits to be "published" to the jurors before they are admitted into evidence. Once admitted, exhibits may be displayed electronically using the equipment and screens in the courtroom.

If electronic equipment must be brought into the courtroom for trial, counsel shall make prior arrangements with the Court Security. Notice must be given to the Courtroom Deputy Clerk at MWC_Chambers@cacd.uscourts.gov no later than four (4) days before trial.

The parties must meet and confer no later than ten (10) days before trial to stipulate as much as possible to foundation, waiver of the best evidence rule, and exhibits that may be received into evidence at the start of the trial. All such exhibits should be noted as admitted on the Court and Courtroom Deputy Clerk's copy of the exhibit list.

## IV.    Materials to Present on First Day of Trial

The parties must present the following materials to the Courtroom Deputy Clerk on the first day of trial promptly at 8:00 a.m.:

1. The *four sets of binders* described above, with one (1) original set of trial exhibits for the jury, and three (3) copies of trial exhibits for the Court and witnesses.

2. One copy of any *excerpts of deposition* to be used as trial as evidence. This copy is for the Court's use. The parties must use their own copies during trial.

## V.    Court Reporter

Any party requesting special court reporter services for any hearing, such as "Real Time" transmission or daily transcripts, shall notify Court Reporting Services at least fourteen (14) days before the hearing date.[10]

---

[10] Additional information regarding Court Reporting Services may be found on the Central District of California website at http://www.cacd.uscourts.gov/court-reporting-services.

## VI. Daily Schedule for Jury Trials

On the first day of trial, the parties must appear at 8:30 a.m. to discuss preliminary matters with the Court. The hours for the first day of trial will be 9:00 a.m. to 5:00 p.m. with two (2) 15-minute breaks and one (1) 1-hour lunch break, which is the Court's normal trial schedule.

The Court will call a jury panel only when it is satisfied the case is ready for trial. Jury selection usually takes only a few hours. The parties should be prepared to proceed with opening statements and witness examination immediately after jury selection.

The parties may choose to proceed with the Court's normal trial schedule or an alternate schedule for the remaining days of trial. The alternate schedule will be 8:30 a.m. to 2:30 p.m. with two (2) 20-minute breaks. The parties should meet and confer about their preferred schedule and state their preference in their proposed FPTCO.

Fridays are usually reserved for the Court's calendar. As a result, trial will not be held on Fridays unless the jury is deliberating or the Court's calendar allows trial to proceed. Therefore, trial days are generally Monday through Thursday.

## VII. Conduct of Attorneys and Parties

### A. Meeting and Conferring Throughout Trial

The parties *must* continue to meet and confer on all issues that arise during trial. The Court will not rule on any such issue unless the parties have attempted to resolve it first.

### B. Opening Statements, Witness Examinations, and Closing Arguments

Counsel must use the lectern. Counsel should not consume jury time by writing out words and drawing charts or diagrams. All such aids must be prepared in advance. When appropriate, the Court will establish and enforce time limits for all phases of trial, including opening statements, closing arguments, and the examination of witnesses.

### C. Objections to Questions

Counsel must not make speaking objections before the jury or otherwise make speeches, restate testimony, or attempt to guide a witness.

When objecting, counsel must rise to state the objection and state only that counsel objects and the legal grounds for the objection. If counsel wishes to argue an objection further, counsel must seek permission from the Court to do so.

**D. Court's Rulings on Motions in Limine**

The parties must advise their witnesses of the Court's rulings on the motions in limine, and instruct them not to make any reference to the evidence excluded by the Court's orders. All witnesses shall be instructed that to the extent that a witness must testify regarding excluded evidence in order to answer a question truthfully, the witness should not answer the question but request a sidebar by stating "Sidebar needed." The parties must not make any reference to the Court's orders on the motions in limine before the jury.

**E. Closing Arguments and Post-Trial Briefs (Bench Trials Only)**

For an overview and review of the evidence presented during trial, the Court will rely on the parties' closing arguments. In delivering closing arguments, the parties shall use their respective proposed findings of fact and conclusions of law as a "checklist" and should identify the evidence that supports their proposed findings. The Court will not accept post-trial briefs unless it finds that circumstances warrant additional briefing and such briefing is specifically authorized.

**F. General Decorum While in Session**

1. Counsel must not approach the Courtroom Deputy Clerk, the jury box, or the witness stand without court authorization and must return to the lectern when the purpose for the approach has been accomplished.

2. Counsel must rise when addressing the Court, and when the Court or the jury enters or leaves the courtroom, unless directed otherwise.[11]

3. Counsel must address all remarks to the Court. Counsel must not address the Courtroom Deputy Clerk, the court reporter, persons in the audience, or opposing counsel. Any request to re-read questions or answers shall be addressed to the Court. Counsel must ask the Court's permission to speak with opposing counsel.

---

[11] In the event that a disability prevents a party from doing so, the party is advised to inform the Court in advance.

15

4.  Counsel must not address or refer to witnesses or parties by first names alone, except for witnesses who are below age fourteen (14).

5.  Counsel must not offer a stipulation unless counsel have conferred with opposing counsel and have verified that the stipulation will be acceptable.

6.  Counsel must not leave counsel table to confer with any person in the back of the courtroom without the Court's permission.

7.  Counsel must not make facial expressions, nod, shake their heads, comment, or otherwise exhibit in any way any agreement, disagreement, or other opinion or belief concerning the testimony of a witness or argument by opposing counsel. Counsel shall instruct their clients and witnesses not to engage in such conduct.

8.  Counsel must never speak to jurors under any circumstance, and must not speak to co-counsel, opposing counsel, witnesses, or clients if the conversation can be overheard by jurors. Counsel must instruct their clients and witnesses to avoid such conduct.

9.  Where a party has more than one lawyer, only one attorney may conduct the direct or cross-examination of a particular witness or make objections as to that witness.

10. Bottled water is permitted in the courtroom. Food and other beverages are not permitted. Cell phones must be silenced or may be confiscated.

## G.  Punctuality

1.  The Court expects the parties, counsel, and witnesses to be punctual. Once the parties and their counsel are engaged in trial, the trial must be their priority. The Court will not delay progress of the trial or inconvenience jurors.

2.  If a witness was on the stand at the time of a recess or adjournment, the party that called the witness shall ensure the witness is back on the stand and ready to proceed as soon as trial resumes.

3.  The parties must notify the Courtroom Deputy Clerk in advance if any party, counsel, or witness requires a reasonable accommodation based on a disability or other reason.

4.  No presenting party may be without witnesses. If a party's remaining witnesses are not immediately available, thereby causing an unreasonable delay, the Court may deem that party to have rested.

5.  The Court generally will accommodate witnesses by permitting them to be called out of sequence. Counsel should meet and confer in advance and make every effort to resolve the matter.

## H. Exhibits

1.  Counsel must keep track of their exhibits and exhibit list, and record when each exhibit has been admitted into evidence.

2.  Counsel are responsible for any exhibits they secure from the Courtroom Deputy Clerk and must return them before leaving the courtroom.

3.  Any exhibit not previously marked must be accompanied by a request that it be marked for identification at the time of its first mention. Counsel must show a new exhibit to opposing counsel before the court session in which it is mentioned.

4.  Counsel must inform the Courtroom Deputy Clerk of any agreements reached regarding any proposed exhibits, as well as those exhibits that may be received into evidence without a motion to admit.

5.  When referring to an exhibit, counsel must refer to its exhibit number. Counsel should instruct their witnesses to do the same.

6.  Counsel should not ask witnesses to draw charts or diagrams or ask the Court's permission for a witness to do so. All demonstrative aids must be prepared fully in advance of the day's trial session.

7.  Counsel are required to seek to admit any items of evidence whose admissibility has not yet been stipulated to while the witness authenticating the exhibit is on the stand, so that any issues or concerns that arise may be addressed immediately.

## I.  Depositions

1.  In using deposition testimony of an adverse party for impeachment, counsel may adhere to either one of the following procedures:

     a.  If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel shall first state the page and line where the reading begins and the page and line where the reading ends and allow time for any objection. Counsel may then read the portions of the deposition into the record.

     b.  If counsel wishes to ask the witness further questions on the subject matter, the deposition shall be placed in front of the witness and the witness told to read the relevant pages and lines silently. Then, counsel either may ask the witness further questions on the matter and thereafter read the quotations or read the quotations and thereafter ask further questions. *Counsel should have available for the Court and the witness extra copies of the deposition transcript for this purpose.*

2.  Where a witness is absent and the witness's testimony is to be offered by deposition, counsel may: (1) have an individual sit on the witness stand and read the testimony of the witness while the examining lawyer asks the questions; or (2) have counsel read both the questions and the answers.

**J.   Using Numerous Answers to Interrogatories and Requests for Admission**

Whenever counsel expects to offer a group of answers to interrogatories or requests for admissions extracted from one or more lengthy discovery responses, counsel should prepare a new document listing each question and answer and identifying the document from which it has been extracted. *Copies of this new document must be provided to the Court and the opposing party.*

**K.  Advance Notice of Unusual or Difficult Issues**

If any party anticipates that a difficult question of law or evidence will necessitate legal argument requiring research or briefing, that party <u>must</u> give the Court advance notice. The parties must notify the Courtroom Deputy Clerk immediately of any unexpected legal issue that could not have been foreseen and addressed in advance. To the extent such issue needs to be addressed outside the jury's presence, the relevant party must inform the Courtroom Deputy Clerk before

1   jurors are excused for the day to minimize the time jurors are kept waiting. The Court expects all

2   parties to work diligently to minimize delays and avoid keeping jurors waiting.

3       **L.  Continuances of Pretrial and Trial Dates**

4       The Court has a strong interest in keeping scheduled dates certain. Accordingly, pretrial and

5   trial dates set by the Court are firm, and rarely will be changed. Any request for continuance of

6   pretrial and/or trial dates must be by motion, stipulation, or application, and must be supported by a

7   declaration setting forth the reasons for the requested relief. The declaration must contain a highly

8   detailed factual showing of good cause and due diligence demonstrating the necessity for the

9   continuance and a description of the parties' efforts, dating back to the filing of the complaint, of

10  the steps they have taken to advance the litigation. This detailed showing must demonstrate that the

11  work still to be performed reasonably could not have been accomplished within the applicable

12  deadlines. General statements are insufficient to establish good cause. The declaration should also

13  include whether any previous requests for continuances have been made and whether these requests

14  were granted or denied by the Court.

15      Stipulations extending dates set by the Court are not effective unless approved by the Court, and

16  without compelling factual support and a showing of due diligence, stipulations continuing dates set

17  by the Court will be denied.

18

19

20      IT IS SO ORDERED.

21

22   Dated: December 4, 2024

23                                    HON. MICHELLE WILLIAMS COURT

24                                    United States District Judge

25

26

27

28