Kristen Monsell (CA Bar No. 304793)
Email: kmonsell@biologicaldiversity.org
Miyoko Sakashita (CA Bar No. 239639)
Email: miyoko@biologicaldiversity.org
Julie Teel Simmonds (CA Bar No. 208282)
Email: jteelsimmonds@biologicaldiversity.org
Center for Biological Diversity
1212 Broadway Suite 800
Oakland, CA 94612
Phone: (510) 844-7137
Facsimile: (510) 844-7150

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> DEBRA HAALAND, et al., <br><br> *Defendants*, <br><br> SABLE OFFSHORE CORP., <br><br> *Intervenor-Defendant.* | Case No. 2:24-cv-05459-MWC-MAA <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDED COMPLAINT** |

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDED COMPLAINT**

PLEASE TAKE NOTICE that, on February 7, 2025, at 1:30 p.m., or as soon thereafter as they may be heard, Plaintiffs Center for Biological Diversity and

Wishtoyo Foundation ("Plaintiffs") will move for leave to file their First Supplemental and Amended Complaint under Federal Rules of Civil Procedure 15(a)(2) and 15(d). Specifically, Plaintiffs seek leave to supplement and amend their Complaint to allege two claims and relevant factual allegations regarding Federal Defendants' Secretary of the U.S. Department of the Interior, the Bureau of Safety and Environmental Enforcement, and the Bureau's Pacific Regional Supervisor (collectively, BSEE) issuance of two permits to Sable Offshore Corp. (Sable) that enable a restart of oil and gas production at the Santa Ynez Unit off California. The new claims directly relate to the challenged agency action at issue in this case because they all involve BSEE's oversight of oil and gas activity at the Santa Ynez Unit.

This motion will be made before the Honorable Michelle Williams Court and is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the proposed First Supplemental and Amended Complaint, the filings in this matter, any additional briefs filed, any oral argument heard by the Court, and such other submissions as the Court deems proper.

Counsel for Plaintiffs conferred with counsel for BSEE and Sable on December 20, 2024, and December 24, 2024, respectively. Counsel for BSEE and counsel for Sable indicated that they will take no position on this motion and amended pleading until they are filed. As required by this Court's standing order and Local Rule 15-1, Plaintiffs have attached a redlined version of their proposed First Supplemental and Amended Complaint indicating all additions and deletions of material. As indicated by the redlined version of the proposed filing, the page and line numbers of changes are:

- Caption page, lines 13–14 to reflect change to title of document and lines 22–23 to reflect addition of Sable Offshore Corp. as Intervenor-Defendant in this case;
- Footers on every page after the caption page to reflect change in title of document and case number;
- Changes to paragraph numbers from page 3, line 7 onward that are the result of adding new proposed claims and allegations against BSEE;
- Page 1, lines 2–7 and 14–17 to reflect the new proposed claims against BSEE;
- Page 1, line 19 to delete "Barbara Channel in what is known as the Santa";
- Page 1, line 21 to change "460,000" to "450,000" to fix a typographical error and delete "Plains All American";
- Page 1, line 22 to delete "its three platforms in";
- Page 2, line 1–2 to add "and closed beaches and fisheries along the coast";
- Page 2, line 3 to delete "Every year since,";
- Page 2, line 15 to correct a citation;
- Page 3, lines 7–24 additions to reflect the new proposed claims and allegations against BSEE;
- Page 4, lines 1–24 additions to reflect the new proposed claims and allegations against BSEE;
- Page 7, line 17 to change "It" to "Offshore drilling" to correct a typographical error;

- Page 7, line 22 to change "Plains All American Pipeline" to "oil";
- Page 8, line 17 to change "It" to "Offshore drilling" to correct a typographical error;
- Page 9, lines 1–9 additions to reflect the new proposed claims and allegations against BSEE;
- Page 10, lines 8–9, 15–16, and 20–21 additions and other changes to reflect the new proposed claims and allegations against BSEE;
- Page 11, lines 1–3 additions to reflect the new proposed claims and allegations against BSEE;
- Page 13, line 12 to change "its" to "her" to correct a typographical error;
- Page 15, line 19 to correct a citation;
- Page 16, line 1 to delete "(2023)" and to change the corresponding footnote at lines 20–24 to explain citations;
- Page 16, lines 5–6 to correct a citation;
- Page 17, lines 4–15 additions to reflect the new proposed claims and allegations against BSEE;
- Page 17, line 19 to correct a citation;
- Page 18, line 15 through page 19, line 5 additions to reflect the new proposed claims and allegations against BSEE;
- Page 19, lines 12–13 additions to reflect the new proposed claims and allegations against BSEE;
- Page 22, line 1 to delete "Offshore Corporation, LLC," line 5 to add "(now owned by Sable)," and line 6 to correct a typographical error
- Page 22, lines 8–14 to add allegations regarding the ruptured pipeline;

- Page 23, line 16 through page 25, line 17 to add allegations regarding restarting the Santa Ynez Unit;
- Page 25, lines 19–20 and 23 to add allegations regarding the new proposed claims against BSEE;
- Page 30, line 15 to change "31" to "13" to correct a typographical error;
- Page 33, line 8 through page 36, line 2 to add allegations regarding BSEE's approvals of Applications for Permits to Modify;
- Page 36, line 3 through page 40, line 10 to add allegations regarding new information and new circumstances of oil and gas activities at the Santa Ynez Unit, and old NEPA analyses;
- Page 40, line 15 to change number range of paragraphs realleged and incorporated;
- Page 41, line 22 to add "to Approve Lease Extensions" to Second Claim for Relief title;
- Page 41, line 24 to change number range of paragraphs realleged and incorporated;
- Page 42, line 14 to change "alternative" to "alternatives" to correct a typographical error;
- Page 44 line 3 through page 48, line 13 to add new third and fourth claims for relief against BSEE;
- Page 48, line 19 to add an "s" after "violate" to correct a typographical error;
- Page 48, lines 20–24 to add request for relief for new claims; and

- Page 49, lines 1–12 to revise numbers of requests for relief, add request for relief for new claims, and revise the date of submittal.

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDED COMPLAINT

## INTRODUCTION

At issue in this case is BSEE's extension of 16 oil and gas leases in federal waters off California in what is known as the Santa Ynez Unit without conducting the meaningful reviews required by law. BSEE issued the most recent extensions in November 2023, and Plaintiffs challenged those decisions in June 2024, alleging that BSEE failed to comply with the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. §§ 1331–1356c, 1801–1866, the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321–4347, and the Administrative Procedure Act (APA), 5 U.S.C. §§ 551–559, 701–706, in issuing the extensions. *See* First Supp. and Amended Compl. ¶¶ 148–161.

The extensions follow a May 20, 2015, oil spill from an onshore pipeline that transported oil produced from the Santa Ynez Unit. *Id.* ¶ 2. The pipeline ruptured and spilled what is now believed to be over 450,000 gallons of oil and killed hundreds of birds and marine mammals, including dolphins and sea lions and affected over 150 miles of coastline. *Id.* The spill also shut down operations at the Santa Ynez Unit such that without these extensions, each of the leases would have expired and the operator would have been required to permanently cease its oil and gas operations. *Id.* ¶¶ 3–4.

Until the spill, drilling activities at the Santa Ynez Unit had been occurring for decades under leases issued between 1968 and 1982. *Id.* ¶ 66. Oil and gas drilling occurred from three offshore platforms: Platforms Harmony, Heritage, and

Pls.' Notice of Motion and Motion to File First Supp. and Amended Complaint, Case No. 2:24-cv-05459-MWC-MAA

1

Hondo. *Id*. ¶ 67. Platform Hondo was installed in June 1976, Platform Harmony in June 1989, and Platform Heritage in October 1989. Production began from these platforms between April 1981 and December 1993. *Id*.

Until recently, ExxonMobil owned and operated all three platforms. Sable—a newly formed entity—is now the listed owner and operator of Platforms Harmony, Heritage, and Hondo and lessee on all 16 oil and gas leases in the Santa Ynez Unit. *Id*. ¶¶ 68–69. Sable plans to restart the Santa Ynez Unit using the same corroded pipelines that failed in 2015 and has sought a waiver from federally-mandated pipeline safety measures to restart the pipelines without a fully effective cathodic protection system. *Id*. ¶ 77.

After Plaintiffs filed this lawsuit, Sable received two permits from BSEE that will help facilitate the resumption of oil and gas production at the Santa Ynez Unit. *See* Declaration of Kristen Monsell, Ex. 1 at 1, 8. The permits allow Sable to perforate two wells, the primary purpose of which is to "[e]nhance [p]roduction." *Id*. at 1, 8. BSEE approved the permits within four business days of receiving them and without examining their environmental impacts under NEPA. *See id*. at 1, 8. BSEE instead relied on a categorical exclusion that is ill-suited to the unique situation of issuing permits that facilitate the restart of oil and gas drilling platforms that have been dormant for nearly a decade after a major onshore pipeline rupture and spill. *See id*. at 3 (noting "CER" or categorical exclusion review), *id.* at 10 (same).

Accordingly, Plaintiffs seek to amend their Complaint to add two claims related to BSEE's approval of Sable's Applications for Permits to Modify (APMs). The first is to challenge BSEE's reliance on a categorical exclusion under NEPA to

issue each APM. The second is to challenge BSEE's ongoing failure to conduct an updated, comprehensive NEPA analysis of the environmental impacts of oil and gas activities at the Santa Ynez Unit and the agency's continued reliance on outdated NEPA evaluations completed in the 1970s and 1980s to approve new oil and gas production activities.

This is the first time Plaintiffs have sought leave to amend or supplement their complaint. This supplemental and amended complaint is in direct response to BSEE's new decisions related to oil and gas activity at the Santa Ynez Unit. Allowing Plaintiffs to supplement and amend their Complaint will promote judicial economy and avoid duplicative litigation.

## ARGUMENT

The Court should allow Plaintiffs to supplement and amend their Complaint in this case to include two claims—that BSEE's reliance on a categorical exclusion to issue the APMs and failure to supplement decades-hold NEPA analyses on oil and gas production at the Santa Ynez Unit are contrary to NEPA and the APA—and additional facts to support those claims. Leave to amend shall be freely given, Plaintiffs did not unduly delay filing this Motion, no party will be unduly prejudiced by granting it, and Plaintiffs' new claims are not futile. To the contrary, granting Plaintiffs' requested relief would promote judicial economy and the efficient resolution of the controversy between the Parties. Therefore, justice requires that this Court grant Plaintiffs' motion for leave to file the First Supplemental and Amended Complaint.

I.  **Standard of Review**

Pursuant to Rule 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d 1014, 1057 (9th Cir. 1981). A supplemental complaint is "a tool of judicial economy and convenience," and "[i]ts use is therefore favored." *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1998); *see also id.* (noting that "[t]he clear weight of authority … permits the bringing of new claims in a supplemental complaint to promote the economical and speedy disposition of the controversy."). Allowing supplementation is consistent with the "general purpose of the Rules to minimize technical obstacles to a determination of the controversy on its merits." *United States for the Use of Atkins v. Reiten*, 313 F.2d 673, 675 (9th Cir. 1963).

Rule 15(a)(2) provides that "a party may amend its pleading … with … the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has instructed that courts should apply "this policy … with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citation omitted). "In the absence of any apparent or declared reason—such as undue delay, bad faith or … undue prejudice to the opposing party by virtue of allowance of the amendment,

futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Forman v. Davis*, 371 U.S. 178, 182 (1962).

Although Rules 15(d) and 15(a)(2) are not identical, motions under both rules are committed to a court's sound discretion and are analyzed subject to the same standards. *See Nms 1539 v. City of Santa Monica*, No. 2:20-cv-11318-FLA, 2021 WL 4776350, at *2 (C.D. Cal. June 3, 2021) ("The standards for granting a motion for leave to file a supplemental pleading are the same as those for granting a motion to file an amended complaint under Rule 15(a).").

## II. Granting This Motion to Supplement Under Rule 15(d) Will Promote the Speedy Resolution of Plaintiffs' Claims Without Undue Delay or Prejudice

Granting Plaintiffs' motion will promote the prompt resolution of Plaintiffs' claims against BSEE—which all involve the agency's failure to conduct the careful reviews required by law in managing oil and gas activity at the Santa Ynez Unit—without causing undue delay or prejudice to BSEE or Intervenor. As the Ninth Circuit has explained, Rule 15(d) "is a useful device, enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted." *Keith*, 858 F.2d at 473 (citation omitted). Allowing supplementation is "[s]o useful" and "of such service in the efficient administration of justice that [it] ought to be allowed as of course, unless some particular reason for disallowing them appears." *Id.* (citation omitted). No such reason exists here.

First, granting Plaintiffs' Motion will not cause any undue delay. This case is still in its early stages and Plaintiffs are submitting this Motion within the Court-

ordered deadline for filing a motion to amend pleadings or add parties. ECF No. 36 at 3. Only six months have passed since Plaintiffs filed their original Complaint; only three months have passed since BSEE issued the APMs that are the subject of Plaintiffs' Motion; and Plaintiffs filed this Motion only three weeks after receiving a final response from BSEE to a Freedom of Information Act (FOIA) request for records of the agency's decision to issue the permits. *See* Monsell Decl., Ex. 2 at 1; *cf. The Fund for Animals v. Hall*, 246 F.R.D. 53, 55 (D.D.C. 2007) (granting motion for leave to supplement complaint filed four years after original complaint and noting that "delay without the requisite prejudice is ordinarily insufficient to justify denial of leave to amend." (citation omitted)).

Second, allowing Plaintiffs to supplement their Complaint will not unduly prejudice BSEE or Intervenor. *Cf. DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("The party opposing amendment bears the burden of showing prejudice." (citation omitted)). There have been significant developments since Plaintiffs filed their original Complaint on June 27, 2024, including new BSEE actions that will help facilitate a restart of oil and gas production at the Santa Ynez Unit. These developments warrant a supplemental complaint, and the Parties will not be unduly prejudiced if the new claims against BSEE and additional factual allegations relevant to those claims are allowed at this early stage in the proceeding.

In determining undue prejudice, a court can "consider[ ] whether the new amended claims would greatly change the parties' positions in the action." *Truijillo v. Ametek, Inc.*, No. 3:15-cv-01394-GPC-AGS, 2017 WL 2670748, at *4 (S.D. Cal. June 21, 2017) (citations omitted). Here, that is not the situation. The Parties'

positions would not change, nor do Plaintiffs seek to add new parties. *See Union Pac. RR Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) ("Amendments seeking to add claims are to be granted more freely than amendments adding parties."). Rather, the proposed supplementation to challenge BSEE's issuance of the APMs is related to the current action and claims: BSEE's failure to comply with NEPA and the APA in overseeing oil and gas activity at the Santa Ynez Unit. It involves many of the same facts, much of the same law, and the same defendants. *Keith*, 858 F.2d at 474 ("While the matters stated in a supplemental complaint should have some relation to the claim set forth in the original pleading, the fact that the supplemental pleading technically states a new cause of action should not be a bar to its allowance …." (citation omitted)).

In other words, BSEE's issuance of the APMs to Sable is the agency's latest action in its "continued, persistent efforts to circumvent" the requirements of NEPA in managing oil and gas activities at the Santa Ynez Unit. *See Griffin v. Cty. Sch. Bd. of Prince Edward Cty.*, 377 U.S. 218, 226 (1964). Given the similarities in the questions of fact, the causes of action, and the Parties, supplementation is in the interests of justice and judicial economy and will allow the Court to more easily resolve the entire controversy between the Parties. It would enable the Court to adjudicate the closely related challenges as one case rather than requiring Plaintiffs to initiate a separate lawsuit against Federal Defendants and requiring Federal Defendants and Defendant-Intervenor to respond to that lawsuit.

While BSEE would need to supplement the administrative record in light of the new claims, this does not create any additional burden because BSEE would be required to file a record on these claims if Plaintiffs were to file a separate lawsuit.

*See* 5 U.S.C. § 706(2) (review of agency action shall be based on "the whole record" before the agency). Moreover, the record filed in this case is already incomplete, as BSEE has indicated its intent to file a corrected administrative record on Plaintiffs' existing claims. ECF No. 37 at 11, n.2. And on December 10, 2024, BSEE responded to Plaintiffs' FOIA request for records related to its decision to issue the APMs to Sable, meaning the agency has already compiled a record for these decisions. *See* Monsell Decl., Ex. 2 at 1.

BSEE's recent motion for voluntary remand, ECF. No. 36, is no reason to deny Plaintiffs leave to file a supplemental and amended complaint. To the contrary, granting Plaintiffs' motion will enable the Court to consider BSEE's motion in light of all the relevant agency actions and inactions regarding oil and gas activities at the Santa Ynez Unit. Moreover, BSEE indicated that, in the event Plaintiffs seek leave to challenge the APMs, the agency "reserve[s] the right to revise the scope of anticipated analysis on remand." *See id.* at 13, n.3.

Finally, Plaintiffs' new claims are not futile. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Here, Plaintiffs seek to challenge BSEE's issuance of APMs for violating the agency's duties under NEPA and the APA. Among other things, Plaintiffs' proposed First Supplemental and Amended Complaint alleges facts that demonstrate BSEE fast-tracked permits that facilitate the restart of oil and gas production at the Santa Ynez Unit without examining the environmental harms; and that, in doing so, BSEE relied on a categorical exclusion not intended to apply to restarting production from infrastructure that has been

dormant for nearly a decade. These facts, and others, will show that BSEE is in violation of NEPA and the APA. Accordingly, Plaintiffs should be afforded an opportunity to supplement their Complaint to add these claims.

**III.    Granting This Motion to Amend Under Rule 15(a)(2) Will Promote the Interests of Justice Without Undue Delay or Prejudice**

Plaintiffs also seek leave to amend their Complaint under Rule 15(a)(2) to add a fourth claim and relevant factual allegations challenging BSEE's failure to supplement decades-old NEPA analyses on oil and gas production at the Santa Ynez Unit and reliance on those old, outdated analyses to approve new activity. Although BSEE's issuance of the APMs is relevant to this claim, this claim also relates back to events occurring before Plaintiffs filed their original Complaint. Out of an abundance of caution, Plaintiffs therefore also move for leave to amend under Rule 15(a)(2).

For the reasons stated above, allowing Plaintiffs to amend their Complaint to include this claim will not unduly prejudice the other Parties or unduly delay resolution of this case. *See Martell v. Trilogy, Ltd.*, 872 F.2d 322, 326 (9th Cir. 1989) (when a suit is filed in federal court, "defendant knows that the whole transaction described in it will be fully sifted, by amendment if need be, and the form of the action … will not be confined to their first statement" (citations omitted)).

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully ask the Court to grant their Motion for Leave to File the First Supplemental and Amended Complaint.

Respectfully submitted this 3rd day of January, 2025,

/s/ *Kristen Monsell*
Kristen Monsell (CA Bar No. 304793)
Email: kmonsell@biologicaldiversity.org
Miyoko Sakashita (CA Bar No. 239639)
Email: miyoko@biologicaldiversity.org
Julie Teel Simmonds (CA Bar No. 208282)
Email: jteelsimmonds@biologicaldiversity.org
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, CA 94612
Phone: (510) 844-7137
Fax: (510) 844-7150

*Attorneys for Plaintiffs Center for Biological Diversity and Wishtoyo Foundation*