TODD KIM
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

DANIEL C. LUECKE (CA Bar No. 326695)
Trial Attorney, Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone:   (202) 598-7863
Email:       daniel.luecke@usdoj.gov

*Counsel for Federal Defendants*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT CALIFORNIA
## WESTERN DIVISION

|  |  |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY; WISHTOYO FOUNDATION, | Case No. 2:24-cv-05459-MWC-MAA |
| *Plaintiffs*, |  |
| v. | **STIPULATION TO CONTINUE HEARING DATE** |
| DEBRA HAALAND, et al., |  |
| *Federal Defendants* |  |
| and | Honorable Michelle Williams Court |
| SABLE OFFSHORE CORP., | United States District Judge |
| *Intervenor-Defendant.* |  |

Federal Defendants, Plaintiffs, and Intervenor-Defendant ("Parties"), having conferred on this matter, respectfully move under Local Rule 7-11 to continue the hearing on Federal Defendants' pending Motion for Voluntary Remand, which is currently noticed for January 31, 2025, at 1:30 p.m. Dkt. 37. The Parties request that this hearing be continued to take place 28 days after resolution of Plaintiffs' pending Motion for Leave to File First Supplemental and Amended Complaint ("Motion for Leave to Amend"), Dkt. 38. In support, the Parties state as follows:

On December 20, 2024, Federal Defendants moved for voluntary remand of Plaintiffs' two original Administrative Procedure Act ("APA") claims in this case. Dkt. 37; *see also* Dkt. 40-1, Decl. of Daniel C. Luecke in Supp. of Stip. To Cont. Hrg. Date ("Luecke Decl.") ¶ 7. These two claims—the first under the Outer Continental Shelf Lands Act ("OCSLA") and the second under the National Environmental Policy Act ("NEPA")—challenge a 2023 decision by the Bureau of Safety and Environmental Enforcement ("BSEE") to extend the offshore oil and gas leases associated with the Santa Ynez Unit. Dkt. 1. The hearing on the motion is noted for January 31, 2025. Dkt. 37 at i.

On January 3, 2025, Plaintiffs moved to amend and supplement their original complaint to add two new claims under NEPA and the APA. Dkt. 38; *see also* Luecke Decl. ¶ 8. One of the new claims would challenge BSEE's 2024 approval of two Applications for Permits to Modify submitted by Intervenor-Defendant to rework wells on the Santa Ynez Unit. Dkt. 38-1 at 44–46. The second asserts that BSEE failed to perform supplemental NEPA analysis regarding the leases and oil and gas production associated with the Santa Ynez Unit. *Id.* at 46–48. Federal Defendants plan to take no position on Plaintiffs' motion. Luecke Decl. ¶ 9. Intervenor-Defendant will oppose Plaintiffs' motion. *Id.* at ¶ 12. Federal Defendants' and Intervenor-Defendant's response deadline is January 17, 2025.

The hearing for Plaintiffs' motion is noticed for February 7, 2025. Dkt. 38 at i.

Plaintiffs and Intervenor-Defendant responded to Federal Defendants' Motion for Voluntary Remand on January 10, 2025. Dkts. 39, 40. Federal Defendants' reply is currently due January 17, 2025.

The Parties have conferred and agree that good cause exists to continue the hearing date for Federal Defendants' Motion for Voluntary Remand. Luecke Decl. ¶¶ 12–14. Proceeding to brief and argue Federal Defendants' Motion for Voluntary Remand before resolving Plaintiffs' Motion for Leave to Supplement and Amend would procedurally complicate this case and may result in duplicative filings and oral arguments. *Id.* at ¶ 11. In the event Plaintiffs are granted leave to file the proposed First Supplemental and Amended Complaint, Federal Defendants would need to determine whether to alter the scope of the requested remand to encompass Plaintiffs' new claims.[1] *Id.* If Federal Defendants decide to also seek remand of new claims, a new motion and additional briefing would be required. *Id.* It is thus necessary to resolve Plaintiffs' pending motion and ascertain the nature of the claims in this case before the issue of voluntary remand can be addressed with certainty and efficiency. *Id.*

Granting the requested continuance would provide for more orderly resolution of the issues. Under Local Rule 7-11, continuing the hearing date for the pending Motion for Voluntary Remand would require Federal Defendants to file their reply brief within 14 days following resolution of Plaintiffs' Motion for Leave to Supplement and Amend. In the event Plaintiffs' motion is granted, in whole or in part, Federal Defendants would file any new motion for voluntary remand by or around that date. This would allow the Parties to fully brief the

---

[1] Federal Defendants' Motion for Voluntary Remand "reserve[d] the right to revise the scope of anticipated analysis on remand" in the event Plaintiffs moved to amend the complaint. Dkt. 37 at 10 n.3.

2

motion and allow the Court to re-schedule a single hearing on the motion(s) for voluntary remand.

A continuance would not adversely impact other deadlines in this case. Because Plaintiffs' claims arise under the APA, the Parties do not anticipate discovery or a trial. Dkt., Joint 26(f) Report 14; *see also* Luecke Decl. ¶ 3. Instead, the Parties anticipate resolving the case through dispositive motions practice. *Id.* The case thus may be resolved if the Court grants Federal Defendants' Motion for Voluntary Remand or, alternatively, through a motion to dismiss or decision on subsequent cross-motions for summary judgment. The current case management order requires motions be filed by July 18, 2025, which is not affected by the present request. Dkt. 36. Moreover, in the event the Court grants Plaintiffs' Motion for Leave to Supplement and Amend, a new scheduling order will presumably be necessary, and all existing case deadlines will be superseded to address the nature of Plaintiffs' claims brought under the APA.

The Parties have consistently met the Court's deadlines to advance this case, Luecke Decl. ¶¶ 2–8, and acted diligently in determining the need for the requested continuance, *id.* at ¶¶ 9–14. This is the Parties' first request for a continuance in this case. *Id.* at ¶ 15.

For these reasons, the Parties respectfully request that the Court grant the requested continuance.

Dated: January 16, 2025            TODD KIM
                                   Assistant Attorney General
                                   U.S. Department of Justice
                                   Environment and Natural Resources Division

                                   */s/ Daniel C. Luecke*
                                   DANIEL C. LUECKE
                                   Trial Attorney (CA Bar 326695)

3

Natural Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
(202) 598-7863 | (202) 305-0506 (fax)
daniel.luecke@usdoj.gov

*Counsel for Federal Defendants*

/s/ *Kristen Monsell*
Kristen Monsell (CA Bar No. 304793)
Email: kmonsell@biologicaldiversity.org
Miyoko Sakashita (CA Bar No. 239639)
Email: miyoko@biologicaldiversity.org
Julie Teel Simmonds (CA Bar No. 208282)
Email:
jteelsimmonds@biologicaldiversity.org
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, CA 94612
Phone: (510) 844-7137
Fax: (510) 844-7150

*Attorneys for Plaintiffs*

LATHAM & WATKINS LLP
/s/ *Janice M. Schneider*
Daniel P. Brunton (Bar No. 218615)
Email: daniel.brunton@lw.com
12670 High Bluff Drive
San Diego, CA 92130
Tel.: (858) 523-5400
Fax: (858) 523-5450
Benjamin Hanelin (Bar No. 237595)
Email: benjamin.hanelin@lw.com
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Tel.: (213) 485-1234
Fax: (213) 891-8763

4

Janice M. Schneider
(Pro Hac Vice)
Email: janice.schneider@lw.com
Devin M. O'Connor
(Pro Hac Vice)
Email: devin.o'connor@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Tel.: (202) 637-2200
Fax: (202) 637-2201

*Attorneys for Intervenor-Defendant Sable Offshore Corp.*

## CERTIFICATION OF CONCURRENCE

In accordance with Local Rule 5-4.3.4, I hereby attest that I conferred with the signatories to this stipulation, who expressed their concurrence.

/s/ *Daniel C. Luecke*
Counsel for Federal Defendants

5