TODD KIM
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

DANIEL C. LUECKE (CA Bar No. 326695)
Trial Attorney, Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 598-7863
Email: daniel.luecke@usdoj.gov

*Counsel for Federal Defendants*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY; WISHTOYO FOUNDATION,<br><br>*Plaintiffs*,<br><br>v.<br><br>DEBRA HAALAND, et al.,<br><br>*Federal Defendants*<br><br>and<br><br>SABLE OFFSHORE CORP.,<br><br>*Intervenor-Defendant.* | Case No. 2:24-cv-05459-MWC-MAA<br><br>**DECLARATION OF DANIEL C. LUECKE IN SUPPORT OF STIPULATION TO CONTINUE HEARING DATE**<br><br>Honorable Michelle Williams Court<br>United States District Judge |

I, Daniel C. Luecke, declare as follows:

1. I am counsel for Defendants Debra Haaland, in her official capacity as Secretary of the U.S. Department of the Interior; Bruce Hesson, in his official capacity as Pacific Regional Director for the Bureau of Safety and Environmental Enforcement ("BSEE"); and BSEE ("Federal Defendants"). In support of Plaintiffs Center for Biological Diversity and Wishtoyo Foundation, Federal Defendants, and Intervenor-Defendant Sable Offshore Corp.'s ("Parties") Stipulation to Continue Hearing Date, and consistent with the Court's Standing Order and Civil Trial Order, Dkts. 34 & 36, I state as follows:

2. The complaint in this matter was filed on June 24, 2024. Service was completed on the United States Attorney's Office on July 8, 2024, making Federal Defendants' answer deadline September 6, 2024. Federal Defendants filed their answer on September 6, 2024. Dkt. 12.

3. On September 6, 2024, the Court issued an order requiring Plaintiffs and Federal Defendants to file a Joint Rule 26(f) report by October 3, 2024. Dkt. 13. Counsel for Plaintiffs and Federal Defendants submitted their Joint Rule 26(f) report on October 3, 2024, proposing a schedule that would resolve this case through motions practice without the need for discovery or a trial. Dkt. 14 at 5, 7.

5. Consistent with the previous Case Management Order, Dkt. 17, Federal Defendants lodged the administrative record with the Court on November 8, 2024, Dkt. 31.

6. On November 12, 2024, this case was transferred to the Honorable Judge Michelle Williams Court. Dkt. 32.

7. After conferring with counsel for Plaintiffs and Intervenor-Defendant, Federal Defendants filed their Motion for Voluntary Remand on December 20, 2024. Dkt. 37.

8. After conferring with counsel for Federal Defendants and Intervenor-

Defendant, Plaintiffs filed their Motion for Leave to File First Supplemental and Amended Complaint on January 3, 2025. Dkt. 38.

9. On January 8, 2025, after reviewing Plaintiffs' Motion for Leave to File First Supplemental and Amended Complaint, I conferred with relevant federal stakeholders. On January 13, 2025, I received confirmation that Federal Defendants would take no position on Plaintiffs' motion.

11. In light of Plaintiffs' motion, after conferring with relevant federal stakeholders, I determined that there is good cause for requesting a continuance of further briefing and argument on Federal Defendants' pending motion. In the potential event Plaintiffs' pending motion is granted, in whole or in part, Federal Defendants would need to determine whether to alter the scope of the requested remand to encompass Plaintiffs' new claims. If Federal Defendants decide to also seek remand of new claims, a new motion and additional briefing would be required. However, the hearing on Federal Defendants' pending Motion for Voluntary Remand is currently noticed for an earlier date than the hearing on Plaintiffs' Motion for Leave to File First Supplemental and Amended Complaint. A continuance would allow the issue of amendment to be resolved first so the Parties can determine the nature and number of Plaintiffs' claims and avoid duplicative filings and oral arguments and procedural complexity. After that is resolved, the issue of voluntary remand could be addressed with certainty and efficiency.

12. In the afternoon on January 14, 2025, I conferred with counsel for Intervenor-Defendant regarding continuing the hearing date and further deadlines related to Federal Defendants' Motion for Voluntary Remand. Counsel with Intervenor-Defendant informed me that they needed to confer with their client regarding a continuance. Counsel with Intervenor-Defendant also informed me that Intervenor-Defendant will oppose Plaintiffs' Motion for Leave to File First

Supplemental and Amended Complaint.

13. In the morning on January 15, 2025, I contacted counsel for Plaintiffs regarding continuing the hearing date and further deadlines related to Federal Defendants' Motion for Voluntary Remand. Counsel for Plaintiffs were unable to confer that day. We therefore conferred on January 16, 2025. Counsel for Plaintiffs informed me that they stipulate to, and believe good cause exists for, the requested continuance.

14. On January 16, 2025, counsel for Intervenor-Defendant informed me that Intervenor-Defendant stipulates to, and believes good cause exists for, the requested continuance.

15. This is the Parties' first request for a continuance in this matter.

16. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of January, 2025.

_____
Daniel C. Luecke
*Counsel for Federal Defendants*

3