# EXHIBIT B



**United States Department of the Interior**
BUREAU OF SAFETY AND ENVIRONMENTAL ENFORCEMENT
Pacific OCS Region
760 Paseo Camarillo, Suite 102
Camarillo, CA 93010

## Categorical Exclusion Review (CER)
September 20, 2024

*Sable Offshore Well HE-28 – Reperforations*

**Proposed Action**
BSEE proposes to permit Sable to perform well-reworking activities on Well HE-28. The surface of the well is located in Lease OCS-P-182; Area SM; Block 6683; and the bottom-hole is located in Lease OCS-P-182; Area SM; Block 6683.

**Categorical Exclusion**
This proposed action is categorically excluded from further National Environmental Policy Act (NEPA) analysis in accordance with 516 DM 15.4 (C)(12).

**Applicability of a CE**
I have reviewed Sable's Application for a Permit Modification (APM), submitted September 19, 2024, for the action described above.

Reperforating and adding new perforations to an existing downhole completion is considered normal well-reworking operations under 30 CFR 250.180 et. seq., and is consistent with those activities considered and evaluated in the original Development and Production Plan (1982), the potential environmental impacts of which were analyzed in a joint Environmental Impact Statement/Report with the Minerals Management Service (MMS), California State Lands Commission and the County of Santa Barbara, for Lease OCS P-182, dated June 1984.

Approval of the Sable APM for Well HE-28 meets the definition of the Categorical Exclusion for "Approval of an Application for Permit to Drill an offshore oil and gas exploration or development well, when said well and appropriate mitigation measures are described in an approved exploration plan, development plan, production plan, or Development Operations Coordination Document," [516 DM 15.4 (C)(12)]. As described below, no extraordinary circumstances were found that would counsel against application of a Categorical Exclusion for this proposed action.

This NEPA review and subsequent approval regard only the processes and procedures generally outlined in this document as derived from the eWells submission for Well HE-28 and shall not be construed as incorporating by reference or inference any other operation(s) proposed or contemplated for Well HE-28.

**Extraordinary Circumstances**
Actions that normally fall within the scope of a categorical exclusion require further analysis under NEPA where extraordinary circumstances apply. The Department's list of relevant extraordinary circumstances is located at 43 CFR 46.215. The following analysis evaluates the applicability of each identified extraordinary circumstance:

| Will the proposed activities: | Answer: |
|---|---|
| (a)…have significant impacts on public health or safety? | No: Activities will be conducted offshore under applicable safety and environmental regulations. Routine reservoir maintenance activities such as the proposal have little to no risk of a blowout which could result in an oil spill. |
| (b)…have significant impacts on such natural resources and unique geographic characteristics as historic or cultural resources; park, recreation or refuge lands; wilderness areas; wild or scenic rivers; national natural landmarks; sole or principal drinking water aquifers; prime farmlands; wetlands (EO 11990); floodplains (EO 11988); national monuments; migratory birds; and other ecologically significant or critical areas? | No: Although Platform Heritage is located near the (proposed) Chumash Heritage National Marine Sanctuary, the proposed operations will not have a significant impact on such natural or cultural resources. |
| (c)…have highly controversial environmental effects or involve unresolved conflicts concerning alternative uses of available resources [NEPA section 102(2)(E)]? | No: Controversial environmental effects or unresolved conflicts on available resources are not expected for this area of the Federal OCS |
| (d)…have highly uncertain and potentially significant environmental effects or involve unique or unknown environmental risks? | No: The greatest environmental concern with the proposed activity is the risk of an oil spill. Risk of an oil spill is low for this proposal and any effects of an oil spill that may occur are well documented and have been evaluated in previous environmental reviews. |
| (e)…establish a precedent for future action or represent a decision in principle about future actions with potentially significant environmental effects? | No: Proposed activities are consistent with existing, approved development and production plans for the area. |
| (f)…have a direct relationship to other actions with individually insignificant but cumulatively significant environmental effects? | No: Past, present, or reasonably foreseeable oil and gas development in the area have been evaluated and considered in previous environmental reviews. |
| (g)…have significant impacts on properties listed, or eligible for listing, on the National Register of Historic Places as determined by the bureau? | No: Proposed activities will not occur in the vicinity of properties listed, or eligible for listing, on the National Register of Historic Places. |

| | |
|---|---|
| (h)…have significant impacts on species listed, or proposed to be listed, on the List of Endangered or Threatened Species or have significant impacts on designated Critical Habitat for these species? | No:  The proposed activity will not have significant impacts on listed species or critical habitat. |
| (i)…violate a Federal law, or a State, local, or tribal law or requirement imposed for the protection of the environment? | No:  Proposed activities will be conducted in compliance with all applicable laws imposed for the protection of the environment. |
| (j)…have a disproportionately high and adverse effect on low income or minority populations (EO 12898)? | No:  The proposed activity will not disproportionately affect low income or minority populations. |
| (k)…limit access to and ceremonial use of Indian sacred sites on Federal lands by Indian religious practitioners or significantly adversely affect the physical integrity of such sacred sites (EO 13007)? | No:  Proposed activities will not limit access or ceremonial use of Indian sacred sites. |
| (l)…contribute to the introduction, continued existence, or spread of noxious weeds or non-native invasive species known to occur in the area or actions that may promote the introduction, growth, or expansion of the range of such species (Federal Noxious Weed Control Act (FNWCA) and EO 11122)? | No:  Proposed activities will be conducted on the Federal OCS using existing local vessels (crewboats, workboats, etc.). |

**Conclusion**

This action would not threaten a violation of applicable environmental statutory, regulatory, or permit requirements; or significantly affect the quality of the human environment (40 CFR 1508.27). Furthermore, there are no extraordinary circumstances related to this action that may affect the significance of the environmental effects of the action. As such, it is categorically excluded from the need to prepare further NEPA analysis.

**Prepared by:** ___*James Salmons*___                    ___09/20/2024___
James J. Salmons                                                              Date
Regional Environmental Officer