LATHAM & WATKINS LLP
Daniel P. Brunton (Bar No. 218615)
Email: daniel.brunton@lw.com
12670 High Bluff Drive
San Diego, CA 92130
Tel.: (858) 523-5400
Fax: (858) 523-5450

Benjamin J. Hanelin (Bar No. 237595)
Email: benjamin.hanelin@lw.com
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Tel.: (213) 485-1234
Fax: (213) 891-8763

Janice M. Schneider (*Pro Hac Vice*)
Email: janice.schneider@lw.com
Devin M. O'Connor (*Pro Hac Vice*)
Email: devin.o'connor@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Tel.: (202) 637-2200
Fax: (202) 637-2201

*Attorneys for Intervenor-Defendant*
*Sable Offshore Corp.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br>      *Plaintiffs*, <br><br>     v. <br><br> DOUG BURGUM, et al., <br><br>      *Defendants*, <br><br>     and <br><br> SABLE OFFSHORE CORP., <br><br>     *Intervenor-Defendant*. | CASE NO. 2:24-cv-05459-MWC-MAA <br><br> **SABLE OFFSHORE CORP.'S ANSWER TO FIRST SUPPLEMENTAL AND AMENDED COMPLAINT FOR DECLARATORY AND OTHER RELIEF** <br><br> Judge: Hon. Michelle Williams Court <br> Courtroom: 6A |

Intervenor-Defendant Sable Offshore Corp. ("Sable") hereby answers Plaintiffs' First Supplemental and Amended Complaint (Dkt. #38-2). Sable denies every allegation in Plaintiffs' First Supplemental and Amended Complaint not expressly admitted in this Answer and specifically denies that Defendants violated the Administrative Procedure Act ("APA"), Outer Continental Shelf Lands Act ("OCSLA"), and National Environmental Policy Act ("NEPA").

## Introduction

1.      Paragraph 1 sets forth legal conclusions, which require no response. To the extent that a response is required, Sable denies the allegations in Paragraph 1.

2.      Sable avers that oil and gas production from the Santa Ynez Unit is currently shut-in due to an incident associated with the onshore Plains All American Pipeline. Sable lacks knowledge or information sufficient to form a belief about the truth of the remaining assertions in Paragraph 2, and, on that basis, denies the same.

3.      Sable admits that the Bureau of Safety and Environmental Enforcement ("BSEE") authorized extensions relating to Santa Ynez Unit leases annually since 2015 and that BSEE approved the most recent extension on November 14, 2023. Sable lacks knowledge or information sufficient to form a belief about the truth of the remaining assertions in Paragraph 3, and, on that basis, denies the same.

4.      Paragraph 4 sets forth legal conclusions, which require no response. To the extent that a response is required, Sable denies the allegations in Paragraph 4.

5.      Sable denies the allegations in Paragraph 5.

6.      Paragraph 6 contains Plaintiffs' characterization of a statute and regulation, and Paragraph 6 sets forth a legal conclusion, which require no

response.  To the extent that a response is required, the statute and regulation speak for themselves and are the best evidence of their content, and the allegations of the first and second sentences of Paragraph 6 are otherwise denied.  Sable denies the allegations in the third sentence of Paragraph 6.

7.    Paragraph 7 sets forth legal conclusions, which require no response. To the extent that a response is required, Sable denies the allegations in Paragraph 7.

8.    Paragraph 8 sets forth legal conclusions, which require no response. To the extent that a response is required, Sable denies the allegations in Paragraph 8.

9.    Sable admits that it consummated the acquisition of the Santa Ynez Unit leases and associated infrastructure in February 2024, that it submitted applications for permits to modify to BSEE on September 19, 2024 two wells, and that BSEE approved those applications on September 25, 2024.  Sable avers that it acquired the Santa Ynez Unit assets from Exxon Mobil Corporation and Mobil Pacific Pipeline Company.  Sable denies the remaining allegations in Paragraph 9.

10.    Paragraph 10 sets forth legal conclusions, which require no response. To the extent that a response is required, Sable denies the allegations in Paragraph 10.

11.    Paragraph 11 sets forth legal conclusions, which require no response. To the extent that a response is required, Sable denies the allegations in Paragraph 11.

12.    Paragraph 12 sets forth legal conclusions, which require no response. To the extent that a response is required, Sable denies the allegations in Paragraph 12.

13.    Paragraph 13 sets forth legal conclusions, which require no response. To the extent that a response is required, Sable denies the allegations in Paragraph

1    13.

2        14.    Paragraph 14 characterizes Plaintiffs' lawsuit and requested relief,

3    which requires no response.  Sable denies that Plaintiffs are entitled to any relief.

4        15.    Paragraph 15 sets forth legal conclusions, which require no response.

5    To the extent that a response is required, Sable denies the allegations in Paragraph

6    15.

7                              **Jurisdiction and Venue**

8        16.    Paragraph 16 sets forth legal conclusions, which require no response.

9    To the extent that a response is required, Sable denies the allegations in

10   Paragraph 16.

11       17.    Paragraph 17 sets forth legal conclusions, which require no response.

12   To the extent that a response is required, Sable denies the allegations in

13   Paragraph 17.

14       18.    Paragraph 18 sets forth legal conclusions, which require no response.

15   To the extent that a response is required, Sable denies the allegations in

16   Paragraph 18.

17                                  **Parties**

18                                 **Plaintiffs**

19       19.    The allegations in Paragraph 19 pertain to Plaintiff Center for

20   Biological Diversity's ("CBD") description of itself.  Sable lacks knowledge or

21   information sufficient to form a belief about the truth of the assertions in Paragraph

22   19, and, on that basis, denies the same.

23       20.    The allegations in Paragraph 20 pertain to Plaintiff CBD's description

24   of its Oceans Program.  Sable lacks knowledge or information sufficient to form a

25   belief about the truth of the assertions in Paragraph 20, and, on that basis, denies

26   the same.

27       21.    The allegations in Paragraph 21 pertain to Plaintiff CBD's description

28

1    of its members' activities.  Sable lacks knowledge or information sufficient to form

2    a belief about the truth of the assertions in Paragraph 21, and, on that basis, denies

3    the same.

4         22.    The allegations in Paragraph 22 pertain to Plaintiff Wishtoyo

5    Foundation's ("Wishtoyo") description of itself.  Sable lacks knowledge or

6    information sufficient to form a belief about the truth of the assertions in Paragraph

7    22, and, on that basis, denies the same.

8         23.    The allegations in Paragraph 23 pertain to Plaintiff Wishtoyo's

9    description of its members' interests.  Sable lacks knowledge or information

10   sufficient to form a belief about the truth of the assertions in Paragraph 23, and, on

11   that basis, denies the same.

12        24.    The allegations in Paragraph 24 pertain to Plaintiff Wishtoyo's

13   description of its members' interests.  Sable lacks knowledge or information

14   sufficient to form a belief about the truth of the assertions in Paragraph 24, and, on

15   that basis, denies the same.

16        25.    The allegations in Paragraph 25 purport to characterize the risks from

17   oil and gas infrastructure, are vague and ambiguous and, accordingly, no response

18   is required.  To the extent that a response is required, Sable denies that the

19   paragraph accurately characterizes the risks from oil and gas infrastructure.

20        26.    The allegations in Paragraph 26 purport to characterize the risks from

21   offshore drilling activities, are vague and ambiguous and, accordingly, no response

22   is required.  To the extent that a response is required, Sable denies that the

23   paragraph accurately characterizes the risks from offshore drilling activities.

24        27.    The allegations in Paragraph 27 are denied.

25        28.    The first sentence of Paragraph 28 contains Plaintiffs' characterization

26   of agency approvals, which requires no response.  To the extent that a response is

27   required, the approvals speak for themselves and are the best evidence of their

28

1  content.  Sable denies the remaining allegations in Paragraph 28.

2      29.    The allegations in Paragraph 29 are denied.

3      30.    Sable lacks knowledge or information sufficient to form a belief about

4  the truth of the assertions in Paragraph 30, and, on that basis, denies the same.

5      31.    The allegations in Paragraph 31 are denied.

6      32.    The allegations in Paragraph 32 are denied.

7      33.    The allegations in Paragraph 33 are denied.

8                          **Defendants**

9      34.    Sable admits that Debra Haaland was the Secretary of the U.S.

10  Department of the Interior ("DOI") at the time Plaintiffs filed their Motion for

11  Leave to File First Supplemental and Amended Complaint (Dkt. 38), and avers that

12  Doug Burgum is the current Secretary of the Interior.  The remainder of Paragraph

13  34 contains Plaintiffs' characterization of Secretary of the Interior's and the DOI's

14  roles, which requires no response.  To the extent that a response is required, Sable

15  denies the allegations in Paragraph 34.

16      35.    Sable admits that the BSEE is a federal agency within DOI.  The

17  remainder of Paragraph 35 contains Plaintiffs' characterization of BSEE's role,

18  which requires no response.  To the extent that a response is required, Sable denies

19  the allegations in Paragraph 35.

20      36.    Sable admits that Bruce Hesson is the Regional Director of the Pacific

21  Region of BSEE.  The remainder of Paragraph 36 contains Plaintiffs'

22  characterization of Mr. Hesson's role, which requires no response.  To the extent

23  that a response is required, Sable denies the allegations in Paragraph 36.

24                    **<u>Statutory Background</u>**

25                **Outer Continental Shelf Lands Act**

26      37.    Paragraph 37 contains Plaintiffs' characterization of a statute and a

27  legal conclusion, which requires no response.  To the extent that a response is

28

1  required, the statute speaks for itself and is the best evidence of its content.  Sable

2  denies any allegations in Paragraph 37 that are inconsistent with the plain language

3  of the statute.

4          38.    Paragraph 38 purports to quote a statute, which requires no response.

5  To the extent that a response is required, the statute speaks for itself and is the best

6  evidence of its content.  Sable denies any allegations in Paragraph 38 that are

7  inconsistent with the plain language of the statute.

8          39.    Paragraph 39 purports to quote a court opinion and contains legal

9  conclusions, which require no response.  To the extent that a response is required,

10  the court's opinion speaks for itself and is the best evidence of its content.  Sable

11  denies any allegations in Paragraph 39 that are inconsistent with the plain language

12  of the court's decision.

13          40.    Paragraph 40 purports to quote a statute, which requires no response.

14  To the extent that a response is required, the statute speaks for itself and is the best

15  evidence of its content.  Sable denies any allegations in Paragraph 40 that are

16  inconsistent with the plain language of the statute.

17          41.    Paragraph 41 purports to quote a statute, which requires no response.

18  To the extent that a response is required, the statute speaks for itself and is the best

19  evidence of its content.  Sable denies any allegations in Paragraph 41 that are

20  inconsistent with the plain language of the statute.

21          42.    Paragraph 42 purports to quote a statute, which requires no response.

22  To the extent that a response is required, the statute speaks for itself and is the best

23  evidence of its content.  Sable denies any allegations in Paragraph 42 that are

24  inconsistent with the plain language of the statute.

25          43.    Paragraph 43 purports to quote a statute, which requires no response.

26  To the extent that a response is required, the statute speaks for itself and is the best

27  evidence of its content.  Sable denies any allegations in Paragraph 43 that are

28

1  inconsistent with the plain language of the statute.

2       44.    Paragraph 44 contains Plaintiffs' characterization of regulations and a

3  legal conclusion, which require no response.  To the extent that a response is

4  required, the regulations speak for themselves and are the best evidence of their

5  content.  Sable denies any allegations in Paragraph 44 that are inconsistent with the

6  plain language of the regulations.

7       45.    Paragraph 45 contains Plaintiffs' characterization of regulations and a

8  legal conclusion, which require no response.  To the extent that a response is

9  required, the regulations speak for themselves and are the best evidence of their

10  content.  Sable denies any allegations in Paragraph 45 that are inconsistent with the

11  plain language of the regulations.

12       46.    Paragraph 46 purports to quote a regulation, which requires no

13  response.  To the extent that a response is required, the regulation speaks for itself

14  and is the best evidence of its content.  Sable denies any allegations in Paragraph

15  46 that are inconsistent with the plain language of the regulation.

16       47.    Paragraph 47 purports to quote a regulation and a court opinion,

17  which requires no response.  To the extent that a response is required, the

18  regulation and court opinion speak for themselves and are the best evidence of

19  their content.  Sable denies any allegations in Paragraph 47 that are inconsistent

20  with the plain language of the regulation or court opinion.

21       48.    Paragraph 48 purports to quote regulations, which requires no

22  response.  To the extent that a response is required, the regulations speak for

23  themselves and are the best evidence of their content.  Sable denies any allegations

24  in Paragraph 48 that are inconsistent with the plain language of the regulations.

25                     **National Environmental Policy Act**

26       49.    Paragraph 49 purports to quote a statute, which requires no response.

27  To the extent that a response is required, the statute speaks for itself and is the best

28

1  evidence of its content.  Sable denies any allegations in Paragraph 49 that are

2  inconsistent with the plain language of the statute.

3       50.     Paragraph 50 purports to quote a court opinion, which requires no

4  response.  To the extent that a response is required, the court opinion speaks for

5  itself and is the best evidence of its content.  Sable denies any allegations in

6  Paragraph 50 that are inconsistent with the plain language of the court opinion.

7       51.     Paragraph 51 purports to quote a statute, which requires no response.

8  To the extent that a response is required, the statute speaks for itself and is the best

9  evidence of its content.  Sable denies any allegations in Paragraph 51 that are

10  inconsistent with the plain language of the statute.

11       52.     Paragraph 52 contains Plaintiffs' characterization of a statute and a

12  legal conclusion, which require no response.  To the extent that a response is

13  required, the statute speaks for itself and is the best evidence of its content.  Sable

14  denies any allegations in Paragraph 52 that are inconsistent with the plain language

15  of the statute.

16       53.     Paragraph 53 and footnote 1 to Paragraph 53 contain Plaintiffs'

17  characterization of regulations and sets forth legal conclusion, including with

18  respect to applicability of regulations, which require no response.  To the extent

19  that a response is required, the regulations speak for themselves and are the best

20  evidence of their content.  Sable denies any allegations in Paragraph 53 that are

21  inconsistent with the plain language of the regulations.

22       54.     Paragraph 54 contains Plaintiffs' characterization of regulations and

23  sets forth legal conclusions, which require no response.  To the extent that a

24  response is required, the regulations speak for themselves and are the best evidence

25  of their content.  Sable denies any allegations in Paragraph 54 that are inconsistent

26  with the plain language of the regulations.

27       55.     Sable admits the allegation in Paragraph 55.

28

56.    The allegations in Paragraph 56 characterize certain categorical exclusions, which speak for themselves and are the best evidence of their content. Sable denies any allegations in Paragraph 56 that are inconsistent with the plain language of the categorical exclusions.

57.    Paragraph 57 contains Plaintiffs' characterization of regulations and sets forth legal conclusions, which require no response.  To the extent that a response is required, the regulations speak for themselves and are the best evidence of their content.  Sable denies any allegations in Paragraph 57 that are inconsistent with the plain language of the regulations.

58.    Paragraph 58 contains Plaintiffs' characterization of regulations and sets forth legal conclusions, which require no response.  To the extent that a response is required, the regulations speak for themselves and are the best evidence of their content.  Sable denies any allegations in Paragraph 58 that are inconsistent with the plain language of the regulations.

59.    Paragraph 59 contains Plaintiffs' characterization of regulations and sets forth legal conclusions, which require no response.  To the extent that a response is required, the regulations speak for themselves and are the best evidence of their content.  Sable denies any allegations in Paragraph 59 that are inconsistent with the plain language of the regulations.

60.    Paragraph 60 contains Plaintiffs' characterization of BSEE's interpretation of its regulations, which requires no response.  To the extent that a response is required, the regulations speak for themselves and are the best evidence of their content.  Sable denies any allegations in Paragraph 60 that are inconsistent with the plain language of the regulations.

61.    Paragraph 61 contains Plaintiff's characterization of a statute and sets forth legal conclusions, which require no response.  To the extent that a response is required, the statute speaks for itself and is the best evidence of its content.  Sable

1  denies any allegations in Paragraph 61 that are inconsistent with the plain language

2  of the statute.

3       62.     Paragraph 62 contains Plaintiffs' characterization of regulations and

4  sets forth legal conclusions, which require no response.  To the extent that a

5  response is required, the regulations speak for themselves and are the best evidence

6  of their content.  Sable denies any allegations in Paragraph 62 that are inconsistent

7  with the plain language of the regulations.

8                          **Administrative Procedure Act**

9       63.     Paragraph 63 contains Plaintiffs' characterization of a statute, which

10  requires no response.  To the extent that a response is required, the statute speaks

11  for itself and is the best evidence of its content.  Sable denies any allegations in

12  Paragraph 63 that are inconsistent with the plain language of the statute.

13       64.     Paragraph 64 contains Plaintiffs' characterization of a statute, which

14  requires no response.  To the extent that a response is required, the statute speaks

15  for itself and is the best evidence of its content.  Sable denies any allegations in

16  Paragraph 64 that are inconsistent with the plain language of the statute.

17                          **<u>Factual Background</u>**

18       65.     Sable lacks knowledge or information sufficient to form a belief about

19  the truth of the assertions in Paragraph 65, and, on that basis, denies the same.

20       66.     Sable admits the third, fourth, and fifth sentences of Paragraph 66.

21  Sable avers that the leases have been properly extended beyond the initial term.

22  Sable lacks knowledge or information sufficient to form a belief about the truth of

23  the remaining assertions in Paragraph 66, and, on that basis, denies the same.

24       67.     Sable admits that oil and gas production has occurred under the Santa

25  Ynez Unit Leases from Platform Harmony, Platform Heritage, and Platform

26  Hondo.  Sable admits that Platform Harmony and Platform Heritage were installed

27  in 1989, and Platform Hondo was installed in 1976.  Sable lacks knowledge or

28

1  information sufficient to form a belief about the truth of the remaining assertions in

2  Paragraph 67, and, on that basis, denies the same.

3       68.    The allegations of the first sentence of Paragraph 68 are vague and

4  ambiguous and are denied on that basis.  The remaining allegations in Paragraph

5  68 purport to contain Plaintiffs' characterization of ExxonMobil's development

6  plan.  The document speaks for itself and is the best evidence of its content.  On

7  that basis, Sable denies any allegations in Paragraph 68 that are inconsistent with

8  the plain language of the document.  Sable admits that first production began in

9  1981 and denies that the production from the Santa Ynez Unit should have ceased

10  by 2016.

11       69.    Sable admits that it is the listed owner and operator of Platforms

12  Harmony, Heritage, and Hondo and lessee on all 16 oil and gas leases in the Santa

13  Ynez Unit.

14       70.    The allegations in Paragraph 70 are vague and ambiguous and are

15  either denied on that basis, or Sable lacks knowledge or information sufficient to

16  form a belief about the truth of the allegations in Paragraph 70, and, on that basis,

17  denies the same.  Sable avers that Sable entered into a purchase and sale agreement

18  for certain assets formerly held by Exxon Mobil Corporation and Mobil Pacific

19  Pipeline Corporation on November 1, 2022 and completed the sale in February

20  2024.

21       71.    The allegations in Paragraph 71 purport to characterize some

22  undefined conclusions by unnamed federal regulators regarding an onshore

23  pipeline incident, are vague and ambiguous and, accordingly, no response is

24  required.  To the extent that a response is required, Sable denies that the paragraph

25  accurately characterizes conclusions by unnamed federal regulators.

26       72.    Sable admits that ExxonMobil did not decommission the Harmony,

27  Heritage, and Hondo platforms.  Sable lacks knowledge or information sufficient

28

1  to form a belief about the truth of the remaining assertions in Paragraph 72, and, on

2  that basis, denies the same.

3      73.    The allegations in Paragraph 73 purport to characterize written actions

4  taken by ExxonMobil and BSEE which speak for themselves and are the best

5  evidence of their contents.  On that basis, Sable denies any allegations in Paragraph

6  73 that are inconsistent with the plain language of the documents.

7      74.    Paragraph 74 contains legal conclusions, which require no response.

8  Sable also lacks knowledge or information sufficient to form a belief about the

9  truth of the assertions in Paragraph 74.  Accordingly, Sable denies the assertions in

10  Paragraph 74.

11      75.    Sable admits that in connection with the purchase agreement in

12  February 2024 Sable acquired the Santa Ynez Unit leases, platforms, offshore and

13  onshore pipelines, and onshore processing facilities.  Sable admits that in

14  connection with the purchase agreement Sable entered into a term loan with Exxon

15  Mobil Corporation.  Sable denies the remaining allegations in Paragraph 75.

16      76.    Paragraph 76 purports to characterize Sable's communications with

17  investors, which require no response.  To the extent that a response is required, the

18  unspecified communications speak for themselves and are the best evidence of

19  their content.  Sable denies the remaining allegations in Paragraph 76.

20      77.    The allegations in Paragraph 77 purport to characterize Sable's plans,

21  are vague and ambiguous and, accordingly, no response is required.  To the extent

22  that a response is required, Sable denies that the paragraph accurately characterizes

23  its plans regarding restart.

24      78.    Sable denies the allegations in Paragraph 78.

25      79.    Sable admits that it submitted applications for permits to modify two

26  already existing wells.  The remaining allegations in Paragraph 79 purport to

27  characterize certain well work in the Santa Ynez Unit, are vague and ambiguous

28

1   and, accordingly, no response is required.  To the extent that a response is required,

2   Sable denies that the paragraph accurately characterizes well work in the Santa

3   Ynez Unit.

4          80.    The allegations in Paragraph 80 purport to characterize BSEE's

5   conclusions, which speak for themselves and are the best evidence of their content.

6   Sable denies any allegations in Paragraph 80 that are inconsistent with the plain

7   language, meaning and context of these documents.

8          81.    Paragraph 81 sets forth legal conclusions, which require no response.

9   Further, the allegations in Paragraph 81 purport to characterize the content of

10  BSEE's conclusions, which speak for themselves and are the best evidence of their

11  content.  Sable denies any allegations in Paragraph 81 that are inconsistent with the

12  plain language, meaning and context of these documents.

13         82.    Sable avers that on September 19, 2024, Sable submitted applications

14  for permits to modify ("APMs") existing Well HE-23 and existing Well HE-28.

15  Sable admits that BSEE approved two APMs on September 25, 2024.

16         83.    The allegations in the first sentence of Paragraph 83 purport to

17  characterize certain onshore construction work, are vague and ambiguous and,

18  accordingly, no response is required.  To the extent that a response is required,

19  Sable denies that the paragraph accurately characterizes the onshore construction

20  work.  The allegations in the second, third, and fourth sentences purport to

21  characterize documents issued by the California Coastal Commission, which speak

22  for themselves and are the best evidence of their contents.  Sable denies any

23  allegations in the second, third, and fourth sentences of Paragraph 83 that are

24  inconsistent with the plain language, meaning and context of the documents.

25         84.    Paragraph 84 purports to characterize Sable's communications with its

26  investors, which requires no response.  To the extent that a response is required,

27  the unspecified communications speak for themselves and are the best evidence of

28

1  their content.  Sable denies any allegations in Paragraph 84 that are inconsistent

2  with the plain language, meaning and context of the communications.

3      85.    The allegations in Paragraph 85 are denied.

4      86.    The allegations in Paragraph 86 purport to characterize the risks from

5  lease extensions and well perforation permits, are vague and ambiguous and,

6  accordingly, no response is required.  To the extent that a response is required,

7  Sable denies that the paragraph accurately characterizes the risks from the lease

8  extensions and well perforation permits.

9      87.    The allegations in Paragraph 87 purport to characterize the risks of

10  crude oil to fish, are vague and ambiguous and, accordingly, no response is

11  required.  To the extent that a response is required, Sable denies that the paragraph

12  accurately characterizes the risks of crude oil to fish.  The last sentence of

13  Paragraph 87 purports to characterize a document, which is the best evidence of its

14  content.  On that basis, Sable denies any allegations in the last sentence of

15  Paragraph 87 that is inconsistent with the plain language of the document.

16      88.    The allegations in Paragraph 88 purport to characterize the risks of

17  crude oil to threatened and endangered species are vague and ambiguous, and,

18  accordingly, no response is required.  To the extent that a response is required,

19  Sable denies that the paragraph accurately characterizes the risks of crude oil to

20  threatened and endangered species.

21      89.    Sable denies the first and third sentences of Paragraph 89.  Sable

22  admits that production began at the Santa Ynez Unit in 1981, and the last platforms

23  were installed in 1989.

24      90.    Sable denies allegations in the first sentence of Paragraph 90.  The

25  allegations in the second sentence of Paragraph 90 are vague and ambiguous and

26  denied on that basis.  Sable avers that the Plains All American Pipeline is not in the

27  Santa Ynez Unit.  The third sentence of Paragraph 90 purports to characterize an

28

1  unidentified document, which speaks for itself and is the best evidence of its

2  content.  Sable denies any allegations in Paragraph 90 that are inconsistent with the

3  plain language of the document.

4         91.    The allegations in Paragraph 91 purport to characterize unidentified

5  studies, which speak for themselves and are the best evidence of their contents.

6  Sable lacks sufficient information to form a belief as to the truth or accuracy of the

7  allegations in Paragraph 91 and denies them on that basis.

8         92.    Paragraph 92 purports to characterize unidentified studies, which

9  speak for themselves and are the best evidence of their contents.  Sable lacks

10  sufficient information to form a belief as to the truth or accuracy of the allegations

11  in Paragraph 92 and denies them on that basis.

12         93.    The allegations in Paragraph 93 purport to characterize unidentified

13  federal records, which speak for themselves and are the best evidence of their

14  contents.  Sable lacks sufficient information and knowledge to form a belief as to

15  the truth or accuracy of the allegations in Paragraph 93 and denies them on that

16  basis.

17         94.    The allegations in Paragraph 94 purport to characterize the risks of

18  well stimulation treatments such as hydraulic fracturing and acidizing, and are

19  vague and ambiguous and are denied on that basis.  To the extent that a response is

20  required, Sable denies that the paragraph accurately characterizes the risks of well

21  stimulation treatments.  The fourth sentence of Paragraph 94 purports to

22  characterize a statement attributed to ExxonMobil.  Sable lacks sufficient

23  information to form a belief as to the truth of the allegations in the fourth sentence

24  of Paragraph 94 and denies it on that basis.

25         95.    The allegations in the first, third, fourth and fifth sentences of

26  Paragraph 95 purport to characterize air impacts from oil and gas drilling, are

27  vague and ambiguous and, accordingly, no response is required.  To the extent that

28

1    a response is required, Sable denies that the paragraph accurately characterizes the

2    air impacts from oil and gas drilling.  Further, the second sentence of Paragraph 95

3    purports to quote and characterize a statute, which requires no response.  The

4    statute speaks for itself and is the best evidence of its content and is denied on that

5    basis.

6        96.    The allegations in Paragraph 96 purport to characterize discharges

7    from oil and gas drilling, are vague and ambiguous and, accordingly, no response

8    is required.  To the extent that a response is required, Sable denies that the

9    paragraph accurately characterizes discharges from oil and gas drilling.  Further,

10   the second sentence of Paragraph 96 purports to characterize a permit, which is the

11   best evidence of its content and is denied on that basis.

12       97.    The allegations in Paragraph 97 purport to characterize the risk of

13   vessel traffic, are vague and ambiguous and, accordingly, no response is required.

14   To the extent that a response is required, Sable denies that the paragraph accurately

15   characterizes the risk of vessel traffic, including from oil and gas drilling.

16       98.    The allegations in Paragraph 98 purport to characterize the risk of

17   climate change from oil and gas drilling by unnamed scientists, are vague and

18   ambiguous and, accordingly, no response is required.  To the extent that a response

19   is required, Sable denies that the paragraph accurately characterizes the risk of

20   climate change.

21       99.    The allegations in Paragraph 99 purport to characterize various

22   ExxonMobil applications and BSEE decisions, which speak for themselves and are

23   the best evidence of their contents.  To the extent that a response is required, Sable

24   denies any allegations in Paragraph 99 that are inconsistent with the plain

25   language, meaning and context of the documents.  Sable admits that the 2023

26   extension was originally set to expire on December 13, 2024.  Sable avers that it

27   completed well re-working operations approved by BSEE at Well HE-23 as of

28

1  October 9, 2024 and Sable completed well re-working operations approved by

2  BSEE at Well HE-28 as of December 9, 2024.  The completed work extends the

3  Santa Ynez Unit leases until December 9, 2025.

4      100.   The allegations in Paragraph 100 purport to characterize the content of

5  the BSEE's November 2023 extension, which speaks for itself and is the best

6  evidence of its content.  Sable denies any allegations in Paragraph 100 that are

7  inconsistent with the plain language, meaning and context of the document.

8      101.   The allegations in Paragraph 101 purport to characterize the content of

9  the BSEE's November 2023 extension, which speaks for itself and is the best

10  evidence of its content.  Sable denies any allegations in Paragraph 101 that are

11  inconsistent with the plain language, meaning and context of the document.

12      102.   Paragraph 102 contains legal conclusions, which require no response.

13  To the extent that a response is required, Sable denies the allegations in Paragraph

14  102.

15      103.   The allegations in Paragraph 103 purport to characterize the content of

16  the BSEE's November 2023 extension, which speaks for itself and is the best

17  evidence of its content.  Sable denies any allegations in Paragraph 103 that are

18  inconsistent with the plain language, meaning and context of the document.

19      104.   With respect to the allegations in Paragraph 104, Sable admits that

20  BSEE used a categorical exclusion in connection with the November 2023

21  extension and denies that an environmental impact statement ("EIS") or

22  environmental assessment was required.

23      105.   The allegations in Paragraph 105 purport to characterize the content of

24  the BSEE's Categorical Exclusion Review, which speaks for itself and is the best

25  evidence of its content.  Sable denies any allegations in Paragraph 105 that are

26  inconsistent with the plain language, meaning and context of the document.

27      106.   The allegations in Paragraph 106 purport to characterize the content of

28

1  the BSEE's Categorical Exclusion Review, which speaks for itself and is the best

2  evidence of its content.  Sable denies any allegations in Paragraph 106 that are

3  inconsistent with the plain language, meaning and context of the document.

4       107.   The allegations in Paragraph 107 purport to characterize the content of

5  the BSEE's Categorical Exclusion Review, which speaks for itself and is the best

6  evidence of its content.  Sable denies any allegations in Paragraph 107 that are

7  inconsistent with the plain language, meaning and context of the document.

8       108.   The allegations in Paragraph 108 purport to characterize the content of

9  the BSEE's Categorical Exclusion Review, which speaks for itself and is the best

10  evidence of its content.  Sable denies any allegations in Paragraph 108 that are

11  inconsistent with the plain language, meaning and context of the document.

12       109.   The allegations in Paragraph 109 purport to characterize the content of

13  the BSEE's Categorical Exclusion Review, which speaks for itself and is the best

14  evidence of its content.  Sable denies any allegations in Paragraph 109 that are

15  inconsistent with the plain language, meaning and context of the document.

16       110.   The allegations in Paragraph 110 purport to characterize the content of

17  the BSEE's Categorical Exclusion Review, which speaks for itself and is the best

18  evidence of its content.  Sable denies any allegations in Paragraph 110 that are

19  inconsistent with the plain language, meaning and context of the document.

20       111.   Sable denies the allegations in Paragraph 111.

21       112.   Sable lacks knowledge or information sufficient to form a belief about

22  the truth of the assertions in Paragraph 112, and, on that basis, denies the same.

23       113.   The allegations in Paragraph 113 purport to characterize the content of

24  Sable's applications, which speak for themselves and are the best evidence of their

25  content.  Sable denies any allegations in Paragraph 113 that are inconsistent with

26  the plain language, meaning and context of the documents.

27       114.   The first, third, and fourth sentences of Paragraph 114 purport to

28

1   characterize the status of the wells and activities associated with well perforation,

2   are vague and ambiguous and, accordingly, no response is required.  Sable admits

3   that the Santa Ynez Unit was shut-in in 2015.  To the extent that a response is

4   required, Sable denies that these sentences accurately characterize the status of the

5   wells or well perforation activities.  The second sentence of Paragraph 114

6   purports to characterize permits issued by BSEE, which speak for themselves and

7   are the best evidence of their content.  Sable denies any allegations in the second

8   sentence that are inconsistent with the plain language, meaning and context of the

9   documents.

10      115.   Paragraph 115 contains legal conclusions, which require no response.

11  To the extent a response is required, Sable denies the allegations in Paragraph 115.

12      116.   The allegations in Paragraph 116 purport to characterize the content of

13  BSEE's Categorical Exclusion Reviews, which speak for themselves and are the

14  best evidence of their content.  Sable denies any allegations in Paragraph 116 that

15  are inconsistent with the plain language, meaning and context of the documents.

16      117.   The allegations in Paragraph 117 purport to characterize the content of

17  BSEE's Categorical Exclusion Reviews, which speaks for themselves and are the

18  best evidence of their content.  Sable denies any allegations in Paragraph 117 that

19  are inconsistent with the plain language, meaning and context of the documents.

20      118.   The allegations in Paragraph 118 purport to characterize the content of

21  the development and production plans, which speak for themselves and are the best

22  evidence of their content.  Sable denies any allegations in Paragraph 118 that are

23  inconsistent with the plain language, meaning and context of the documents.

24      119.   Sable denies the allegations in Paragraph 119.

25      120.   Sable denies the allegations in Paragraph 120.

26      121.   The allegations in Paragraph 121 purport to characterize the content of

27  BSEE's Categorical Exclusion Reviews, which speak for themselves and are the

28

1    best evidence of their content.  To the extent a response is required, Sable denies

2    any allegations in Paragraph 121 that are inconsistent with the plain language,

3    meaning and context of the documents.

4        122.   The allegations in Paragraph 122 purport to characterize the content of

5    BSEE's Categorical Exclusion Reviews, which speak for themselves and are the

6    best evidence of their content.  To the extent a response is required, Sable denies

7    any allegations in Paragraph 122 that are inconsistent with the plain language,

8    meaning and context of the documents.

9        123.   The allegations in Paragraph 123 purport to characterize the content of

10   BSEE's Categorical Exclusion Reviews, which speak for themselves and are the

11   best evidence of their content.  To the extent a response is required, Sable denies

12   any allegations in Paragraph 123 that are inconsistent with the plain language,

13   meaning and context of the documents.

14       124.   The allegations in Paragraph 124 purport to characterize the content of

15   BSEE's Categorical Exclusion Reviews, which speak for themselves and are the

16   best evidence of their content.  To the extent a response is required, Sable denies

17   any allegations in Paragraph 124 that are inconsistent with the plain language,

18   meaning and context of the documents.

19       125.   The allegations in Paragraph 125 purport to characterize the content of

20   BSEE's Categorical Exclusion Reviews, which speak for themselves and are the

21   best evidence of their content.  To the extent a response is required, Sable denies

22   any allegations in Paragraph 125 that are inconsistent with the plain language,

23   meaning and context of the documents.

24       126.   The allegations in Paragraph 126 purport to characterize the content of

25   BSEE's Categorical Exclusion Reviews, which speak for themselves and are the

26   best evidence of their content.  To the extent a response is required, Sable denies

27   any allegations in Paragraph 126 that are inconsistent with the plain language,

28

1 | meaning and context of the documents.

2 |     127.   The allegations in Paragraph 127 purport to characterize the content of

3 | BSEE's Categorical Exclusion Reviews, which speak for themselves and are the

4 | best evidence of their content.  To the extent a response is required, Sable denies

5 | any allegations in Paragraph 127 that are inconsistent with the plain language,

6 | meaning and context of the documents.

7 |     128.   The allegations in Paragraph 128 purport to characterize the content of

8 | BSEE's Categorical Exclusion Reviews, which speaks for themselves and are the

9 | best evidence of their content.  To the extent a response is required, Sable denies

10 | any allegations in Paragraph 128 that are inconsistent with the plain language,

11 | meaning and context of the documents.

12 |     129.   The allegations in Paragraph 129 contain legal conclusions, which do

13 | not require a response.  To the extent a response is required, Sable denies the

14 | allegations in Paragraph 129.

15 |     130.   The allegations in Paragraph 130 purport to characterize NEPA

16 | analysis, are vague and ambiguous, contain legal conclusions and, accordingly, no

17 | response is required.  To the extent that a response is required, Sable denies that

18 | the paragraph accurately characterizes NEPA relating to the Santa Ynez Unit.

19 |     131.   The allegations in the first sentence of Paragraph 131 purport to

20 | characterize environmental analysis, are vague and ambiguous and, accordingly,

21 | no response is required.  To the extent that a response is required, Sable denies that

22 | the first sentence of Paragraph 131 accurately characterizes environmental analysis

23 | of federal oil and gas activities in the Santa Barbara Channel.  The allegations in

24 | the second and third sentences of Paragraph 131 purport to characterize the content

25 | of a 1975 EIS, which speaks for itself and is the best evidence of its content.  To

26 | the extent that a response is required, Sable denies any allegations in Paragraph

27 | 131 that are inconsistent with the plain language, meaning and context of the

28 |

1   document.

2       132.   Sable admits that development and production plans for the Santa

3   Ynez Unit were prepared in 1982.  Sable admits that DOI issued an EIS for the

4   Santa Ynez Unit development and production plans in 1984.

5       133.   The allegations in Paragraph 133 purport to characterize the content of

6   BSEE's approvals of permits, which speaks for themselves and are the best

7   evidence of their content.  To the extent that a response is required, Sable denies

8   any allegations in Paragraph 133 that are inconsistent with the plain language,

9   meaning and content of the documents.

10      134.   The allegations in Paragraph 134 purport to characterize the content of

11  unidentified environmental assessments, which speak for themselves and are the

12  best evidence of their contents.  To the extent that a response is required, Sable

13  denies any allegations in Paragraph 134 that are inconsistent with the plain

14  language, meaning and content of the documents.

15      135.   The allegations in the first sentence of Paragraph 135 contain legal

16  conclusions, which require no response.  To the extent that a response is required,

17  Sable denies the allegations in the first sentence of Paragraph 135.  The allegations

18  in the second, third, and fourth sentences of Paragraph 135 purport to characterize

19  the effects of a 2015 oil spill, are vague and ambiguous and, accordingly, no

20  response is required.  To the extent that a response is required, Sable denies that

21  the allegations in these sentences accurately characterize the effects of the 2015 oil

22  spill.

23      136.   The allegations in Paragraph 136 purport to characterize unidentified

24  information related to the 2015 oil spill, are vague and ambiguous and,

25  accordingly, no response is required.  To the extent a response is required Sable

26  denies that Paragraph 136 accurately characterizes the information related to the oil

27  spill or Sable's plans.

28

137.   The allegations in Paragraph 137 purport to characterize analysis prepared by Sable, which speaks for itself and is the best evidence of its content. To the extent that a response is required, Sable denies any allegations in Paragraph 137 that are inconsistent with the plain language, meaning and contents of the document.

138.   The allegations in the first sentence of Paragraph 138 are vague and ambiguous and are denied on that basis.  The remaining allegations in Paragraph 138 purport to characterize the contents of development plans and environmental analysis, which speak for themselves and are the best evidence of their contents. Sable denies any allegations in Paragraph 138 that are inconsistent with the plain language, meaning and context of the documents.  Sable denies the allegation in the final sentence of Paragraph 138.

139.   The allegations in the first sentence of Paragraph 139 are vague and ambiguous and are denied on that basis.  The allegations in Paragraph 139 purport to characterize the contents of development and production plans and an unspecified BSEE report, which speak for themselves and are the best evidence of their contents.  Sable denies any allegations that are inconsistent with the plain language, meaning and context of these documents.

140.   The allegations in Paragraph 140 purport to characterize drilling techniques and their relationship to prior unidentified environmental analysis, are vague and ambiguous and, accordingly, no response is required.  To the extent that a response is required, Sable denies that the paragraph accurately characterizes the drilling techniques, their relationship to prior environmental analysis or Sable's plans.

141.   The allegations in the first sentence of Paragraph 141 purport to characterize the content of a federal designation of a National Marine Sanctuary, which speaks for itself and is the best evidence of its contents.  Sable denies any

1  allegations in Paragraph 141 that are inconsistent with the plain language, meaning

2  and context of the designation.  The allegations in the second sentence of

3  Paragraph 141 purport to characterize a National Marine Sanctuary, are vague and

4  ambiguous and, accordingly, no response is required.  To the extent that a response

5  is required, Sable denies that the sentence accurately characterizes the National

6  Marine Sanctuary.   Sable denies Plaintiffs' allegation that "a restart will adversely

7  affect" the cultural and environmental values of the sanctuary.

8     142.   The allegations in the first sentence of Paragraph 142 contain legal

9  conclusions, which do not require a response.  The allegations in the second

10  sentence of Paragraph 142 purport to characterize contents of a development plan

11  and NEPA documents, which speak for themselves and are the best evidence of

12  their contents.  Sable denies any allegations that are inconsistent with the plain

13  language, meaning and context of these documents.  Sable lacks sufficient

14  information to form a belief as to the truth of the assertions in the third and fourth

15  sentences of Paragraph 142, and, on that basis, denies the same.

16     143.   The allegations in Paragraph 143 purport to characterize the content of

17  prior NEPA documents, which speak for themselves and are the best evidence of

18  their contents.  Sable denies any allegations inconsistent with the plain language,

19  meaning and context of the documents.

20     144.   The allegations in Paragraph 144 purport to characterize actions taken

21  by the federal government under the Endangered Species Act and NEPA, are

22  vague and ambiguous and, accordingly, no response is required.  To the extent that

23  a response is required, Sable denies that the paragraph accurately characterizes

24  actions that may have been taken under the Endangered Species Act and NEPA.

25     145.   The first sentence of Paragraph 145 sets forth legal conclusions,

26  which require no response.  To the extent that a response is required, Sable denies

27  the allegations in first sentence of Paragraph 145.  The second sentence of

28

1   Paragraph 145 purports to characterize Sable's communications with its investors,

2   which requires no response.  The unspecified communications speak for

3   themselves and are the best evidence of their content.  The remaining allegations in

4   Paragraph 145 are vague and ambiguous and are denied on that basis.

5       146.   Sable lacks information sufficient to form a belief about the truth of

6   the assertions in Paragraph 146, and, on that basis, denies the same.

7       147.   Paragraph 147 sets forth legal conclusions, which require no response.

8   To the extent a response is required, Sable denies the allegations in Paragraph 147.

9                                    **Claims for Relief**

10                              **First Claim for Relief**

11      148.   Sable incorporates by reference its responses to the allegations in

12  Paragraphs 1 through 147.

13      149.   Paragraph 149 purports to quote a statute, which requires no response.

14  To the extent that a response is required, the statute speaks for itself and is the best

15  evidence of its content.  Sable denies any allegations in Paragraph 149 that are

16  inconsistent with the plain language of the statute.

17      150.   Paragraph 150 contains Plaintiffs' characterization of a statute and

18  regulations, which requires no response.  To the extent that a response is required,

19  the statute and regulations speak for themselves and are the best evidence of their

20  content.  Sable denies any allegations in Paragraph 150 that are inconsistent with

21  the plain language of the statute and regulations.

22      151.   Paragraph 151 contains Plaintiffs' characterization of regulations,

23  which requires no response.  To the extent that a response is required, the

24  regulations speak for themselves and are the best evidence of their content.  Sable

25  denies any allegations in Paragraph 151 that are inconsistent with the plain

26  language of the regulations.

27      152.   Paragraph 152 sets forth legal conclusions, which require no response.

28

1   To the extent that a response is required, Sable denies the allegations in

2   Paragraph 152.

3          153.    Paragraph 153 sets forth legal conclusions, which require no response.

4   To the extent that a response is required, Sable denies the allegations in

5   Paragraph 153.

6                          **Second Claim for Relief**

7          154.    Sable incorporates by reference its responses to the allegations

8   contained in Paragraphs 1 through 153.

9          155.    Paragraph 155 contains Plaintiffs' characterization of a statute and

10  regulations, which requires no response.  To the extent that a response is required,

11  the statute and regulations speak for themselves and are the best evidence of their

12  content.  Sable denies any allegations in Paragraph 155 that are inconsistent with

13  the plain language of the statute and regulations.

14         156.    Paragraph 156 sets forth a legal conclusion, which requires no

15  response.  To the extent that a response is required, Sable denies the allegation in

16  Paragraph 156.

17         157.    Paragraph 157 sets forth legal conclusions, which require no response.

18  To the extent that a response is required, Sable denies the allegations in

19  Paragraph 157.

20         158.    Paragraph 158 sets forth legal conclusions, which require no response.

21  To the extent that a response is required, Sable denies the allegations in

22  Paragraph 158.

23         159.    Paragraph 159 sets forth legal conclusions, which require no response.

24  To the extent that a response is required, Sable denies the allegations in

25  Paragraph 159.

26         160.    Paragraph 160 sets forth legal conclusions, which require no response.

27  To the extent that a response is required, Sable denies the allegations in

28

1  Paragraph 160.

2      161.   Paragraph 161 sets forth legal conclusions, which require no response.

3  To the extent that a response is required, Sable denies the allegations in

4  Paragraph 161.

5                          **Third Claim For Relief**

6      162.   Sable incorporates by reference its responses to the allegations

7  contained in Paragraphs 1 through 161.

8      163.   Paragraph 163 contains Plaintiffs' characterization of a statute and

9  regulations, which requires no response.  To the extent that a response is required,

10 the statute and regulations speak for themselves and are the best evidence of their

11 content.  Sable denies any allegations in Paragraph 163 that are inconsistent with

12 the plain language of the statute and regulations.

13     164.   Paragraph 164 sets forth legal conclusions, which require no response.

14 To the extent that a response is required, Sable denies the allegations in Paragraph

15 164.

16     165.   Paragraph 165 sets forth legal conclusions, which require no response.

17 To the extent that a response is required, Sable denies the allegations in Paragraph

18 165.

19     166.   Paragraph 166 sets forth legal conclusions, which require no response.

20 To the extent that a response is required, Sable denies the allegations in Paragraph

21 166.

22     167.   Paragraph 167 sets forth legal conclusions, which require no response.

23 To the extent that a response is required, Sable denies the allegations in Paragraph

24 167.

25     168.   Paragraph 168 sets forth legal conclusions, which require no response.

26 To the extent that a response is required, Sable denies the allegations in Paragraph

27 168.

28

1  169.   Paragraph 169 sets forth legal conclusions, which require no response.

2  To the extent that a response is required, Sable denies the allegations in Paragraph

3  169.

4  170.   Paragraph 170 sets forth legal conclusions, which require no response.

5  To the extent that a response is required, Sable denies the allegations in Paragraph

6  170.

7  **Fourth Claim for Relief**

8  171.   Sable reincorporates by reference its responses to the allegations

9  contained in Paragraphs 1 through 170.

10  172.   Paragraph 172 contains Plaintiffs' characterization of a statute and

11  regulations, which requires no response.  To the extent that a response is required,

12  the statute and regulations speak for themselves and are the best evidence of their

13  content.  Sable denies any allegations in Paragraph 172 that are inconsistent with

14  the plain language of the statute and regulations.

15  173.   Paragraph 173 contains Plaintiffs' characterization of a statute and

16  characterization and quotation of regulations, which requires no response.  To the

17  extent that a response is required, the statute and regulations speak for themselves

18  and are the best evidence of their contents.  Sable denies any allegations in

19  Paragraph 173 that are inconsistent with the plain language of the statute and

20  regulations.

21  174.   Paragraph 174 sets forth legal conclusions, which require no response.

22  To the extent a response is required, Sable denies the allegations in Paragraph 174.

23  175.   The allegations in Paragraph 175 purport to characterize NEPA

24  analyses, which speak for themselves and are the best evidence of their contents.

25  Sable denies any allegations in Paragraph 175 that are inconsistent with the plain

26  language, meaning and context of these documents.  Paragraph 175 also sets forth

27  legal conclusions, which require no response.  To the extent a response is required,

28

1   Sable denies the allegations in Paragraph 175.

2       176.   Paragraph 176 sets forth legal conclusions, which require no response.

3   To the extent a response is required, Sable denies the allegations in Paragraph 176.

4       177.   Paragraph 177 sets forth legal conclusions, which require no response.

5   To the extent a response is required, Sable denies the allegations in Paragraph 177.

6       178.   Paragraph 178 sets forth legal conclusions, which require no response.

7   To the extent a response is required, Sable denies the allegations in Paragraph 178.

8       Sable denies any allegations in the First Supplemental and Amended

9   Complaint, whether express or implied, that are not expressly admitted, denied or

10  qualified above.

11                          **Request for Relief**

12      Sable denies that Plaintiffs are entitled to any relief.

13                              **DEFENSES**

14      Sable states that it will rely upon one or more of the following defenses.

15  Sable asserts the following defenses without assuming any burden of proof of such

16  defenses that would otherwise rest on Plaintiffs.  Notwithstanding the enumeration

17  of specific defenses set forth below, Sable reserves unto itself all of those defenses

18  set forth in Rule 8(c) of the Federal Rules of Civil Procedure and such other

19  defenses, affirmative and otherwise, as may prove to be applicable, and hereby

20  reserves unto itself all of its rights associated with any such claim or potential

21  claim.  Sable reserves the right to amend this Answer if investigation and further

22  information warrant such amendment, and further, to assert any applicable matters

23  of law during the pendency of this action.

24                            **First Defense**

25      Plaintiffs lack standing to raise some or all of the claims in the First

26  Supplemental and Amended Complaint.

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

CASE NO. 2:24-cv-05459-MWC-MAA
SABLE'S ANSWER TO
FIRST SUPP. AND AMENDED COMPLAINT

**Second Defense**

Plaintiffs fail to state a claim upon which relief can be granted for some or all of the claims in the First Supplemental and Amended Complaint.

**Third Defense**

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

**Fourth Defense**

Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

**Fifth Defense**

Plaintiffs' claims are barred in whole or in part under the doctrine of harmless error.

**Sixth Defense**

Some or all of Plaintiffs' claims are not ripe for review.

**Seventh Defense**

Plaintiffs' claims are barred in whole or in part under the doctrine of mootness.

**RESERVATION**

Sable reserves the right to add defenses as may be developed during litigation.

\*       \*       \*

Sable respectfully requests that the Court enter judgment in favor of Defendants.

1    Dated:  February 13, 2025                    Respectfully submitted,

2                                                 LATHAM & WATKINS LLP

3                                                 By: /s/ *Daniel P. Brunton*
                                                  Daniel P. Brunton (Bar No. 218615)
4                                                 Email: daniel.brunton@lw.com
                                                  12670 High Bluff Drive
5                                                 San Diego, CA 92130
                                                  Tel.: (858) 523-5400
6                                                 Fax: (858) 523-5450

7                                                 Benjamin Hanelin (Bar No. 237595)
                                                  Email: benjamin.hanelin@lw.com
8                                                 355 South Grand Avenue, Suite 100
                                                  Los Angeles, California 90071-1560
9                                                 Tel.: (213) 485-1234
                                                  Fax: (213) 891-8763

10                                                Janice M. Schneider
11                                                (*Pro Hac Vice*)
                                                  Email: janice.schneider@lw.com
12                                                Devin M. O'Connor
                                                  (*Pro Hac Vice*)
13                                                Email: devin.o'connor@lw.com
                                                  555 Eleventh Street, NW, Suite 1000
14                                                Washington, D.C. 20004-1304
                                                  Tel.: (202) 637-2200
15                                                Fax: (202) 637-2201

16                                                *Attorneys for Intervenor-Defendant*
                                                  *Sable Offshore Corp.*

17

18

19

20

21

22

23

24

25

26

27

28