LISA L. RUSSELL
Deputy Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

DANIEL C. LUECKE (CA Bar No. 326695)
Trial Attorney, Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone:    (202) 598-7863
Email:        daniel.luecke@usdoj.gov

*Counsel for Federal Defendants*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT CALIFORNIA
## WESTERN DIVISION

|  |  |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY; WISHTOYO FOUNDATION, | ) ) ) ) |
| *Plaintiffs,* | ) ) |
| v. | ) ) |
| DOUG BURGUM, et al.,[1] | ) ) |
| *Federal Defendants,* | ) ) ) |
| and | ) ) |
| SABLE OFFSHORE CORP., | ) ) ) |
| *Intervenor-Defendant.* | ) ) ) |

Case No. 2:24-cv-05459-MWC-MAA

**FEDERAL DEFENDANTS' ANSWER TO FIRST SUPPLEMENTAL AND AMENDED COMPLAINT**

---

[1] Under Federal Rule of Civil Procedure 25(d), Mr. Burgum is automatically substituted for Debra Haaland as Secretary of the Interior.

Federal Defendants Doug Burgum, in his official capacity as Secretary of the United States Department of the Interior; the Bureau of Safety and Environmental Enforcement ("BSEE"); and Bruce Hesson, in his official capacity as BSEE Pacific Regional Director submit the following Answer to Plaintiffs Center for Biological Diversity and Wishtoyo Foundation's First Supplemental and Amended Complaint for Declaratory and Other Relief (ECF No. 38-2). The paragraph numbers in the Answer correspond to the paragraph numbers in Plaintiffs' First Supplemental and Amended Complaint.

1.    Federal Defendants deny the allegations in Paragraph 1.

2.    Federal Defendants aver regarding the first sentence of Paragraph 2 that ExxonMobil shut down its oil and gas operations in the Santa Ynez Unit in 2015 due to a ruptured onshore pipeline. Federal Defendants deny the allegations in the remainder of the first sentence of Paragraph 2. Federal Defendants admit the allegations in the second sentence of Paragraph 2. Federal Defendants admit that the spill killed birds and marine mammals and closed beaches and fisheries along the coast but lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in the third sentence of Paragraph 2 and deny them on that basis.

3.    Federal Defendants admit the allegations in Paragraph 3.

4.    The allegations in Paragraph 4 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 4.

5.    The allegations in Paragraph 5 are vague and ambiguous. Federal Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis.

6.    The allegations in the first and second sentences of Paragraph 6 are conclusions of law that require no response. To the extent a response is required,

Federal Defendants deny the allegations in the first and second sentences of
Paragraph 6. Federal Defendants deny the allegations in the third sentence of
Paragraph 6.

7.      Federal Defendants deny the allegations in Paragraph 7.

8.      Federal Defendants deny the allegations in Paragraph 8.

9.      Federal Defendants admit the allegations in the first sentence of
Paragraph 9 that BSEE issued two permits to Sable to for well reworking activities
and deny the remaining allegations in that sentence. Federal Defendants admit the
allegations in the second and third sentences of Paragraph 9.

10.     The allegations in the first sentence of Paragraph 10 are conclusions
of law that require no response. Federal Defendants deny the allegations in the
second sentence of Paragraph 10.

11.     Federal Defendants deny the allegations in Paragraph 11.

12.     Federal Defendants deny the allegations in Paragraph 12.

13.     Federal Defendants deny the allegations in the first sentence of
Paragraph 13. The allegations in the second sentence of Paragraph 13 are vague
and ambiguous. Federal Defendants therefore lack knowledge or information
sufficient to form a belief about the truth of the allegations and deny them on that
basis.

14.     The allegations in Paragraph 14 characterize Plaintiffs' lawsuit and
require no response.

15.     The allegations in Paragraph 15 are vague and ambiguous. Federal
Defendants therefore lack knowledge or information sufficient to form a belief
about the truth of the allegations and deny them on that basis.

## Jurisdiction and Venue

16.     The allegations in Paragraph 16 are conclusions of law that require no
response. To the extent a response is required, Federal Defendants admit this Court

3

has subject matter jurisdiction and deny the remaining allegations.

17.    The allegations in Paragraph 17 are conclusions of law that require no response. To the extent a response is required, Federal Defendants admit venue is proper and deny the remaining allegations.

18.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 and deny them on that basis.

## Party Information

19.    Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 19 and deny them on that basis.

20.    Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 20 and deny them on that basis.

21.    Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 21 and deny them on that basis.

22.    Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 22 and deny them on that basis.

23.    Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 23 and deny them on that basis.

24.    Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 24 and deny them on that basis. The allegations in the third and fourth sentences of Paragraph 24 are vague and ambiguous and on that basis the Federal Defendants

deny them. Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in sentences five through nine in Paragraph 24 and deny them on that basis. Federal Defendants admit in the final sentence of Paragraph 24 that a spill from a pipeline connected to Platform Elly occurred in October 2021, but lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in that sentence and deny them on that basis.

25.    The allegations in the first and second sentences of Paragraph 25 are vague and ambiguous and on that basis the Federal Defendants deny them. However, Federal Defendants aver that certain oil and gas activities inherently present a risk of oil spills and those risks are minimized through proper monitoring, maintenance, and BSEE oversight of operations and facilities.

26.    The allegations in Paragraph 26 are vague and ambiguous. Federal Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegation and deny them on that basis.

27.    The allegations in the first sentence of Paragraph 27 are vague and ambiguous and on that basis the Federal Defendants deny them. Federal Defendants deny the allegations in the second sentence of Paragraph 27.

28.    Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 28 and deny them on that basis.

29.    Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 29 and deny them on that basis.

30.    Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 30 and deny them on that basis.

31.    Federal Defendants deny the allegations in Paragraph 31.

32.     Federal Defendants deny the allegations in Paragraph 32.

33.      The allegations in Paragraph 33 are conclusions of law that require no response. To the extent a response is required, Federal Defendants deny the allegations.

34.     Federal Defendants admit the allegations in Paragraph 34.

35.     Federal Defendants admit the allegations in Paragraph 35.

36.     Federal Defendants admit the allegations in Paragraph 36 but aver that Mr. Hesson's responsibilities are limited to BSEE's Pacific Region.

## Statutory Background

37.     The allegations in Paragraph 37 purport to characterize the Outer Continental Shelf Lands Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

38.     The allegations in Paragraph 38 purport to characterize the Outer Continental Shelf Lands Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

39.     The allegations in Paragraph 39 purport to characterize the Supreme Court's decision in *Sec'y of the Interior v. California*, 464 U.S. 312 (1984), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

40.     The allegations in Paragraph 40 purport to characterize the Outer Continental Shelf Lands Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

41.     The allegations in Paragraph 41 purport to characterize the Outer Continental Shelf Lands Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

42.     The allegations in Paragraph 42 purport to characterize the Outer Continental Shelf Lands Act, which speaks for itself and is the best evidence of its

contents. Any allegations contrary to the plain language are denied.

43.     The allegations in Paragraph 43 purport to characterize the Outer Continental Shelf Lands Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

44.     The allegations in Paragraph 44 purport to characterize regulations at 30 C.F.R. § 550.101, 30 C.F.R. § 250.101, and 30 C.F.R. § 250.180(e), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

45.     The allegations in Paragraph 45 purport to characterize regulations at 30 C.F.R. § 250.180(a)(2) and 30 C.F.R. § 250.180(d), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

46.     The allegations in Paragraph 46 purport to characterize regulations at 30 C.F.R. § 250.180(a)(2) and 30 C.F.R. § 250.180(d), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

47.     The allegations in the first sentence of Paragraph 47 purport to characterize the regulations at 30 C.F.R. § 250.169(a), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied. The allegations in the second sentence of Paragraph 47 purport to characterize the Ninth Circuit's decision in *California v. Norton*, 311 F.3d 1162 (9th Cir. 2002), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

48.     The allegations in Paragraph 48 purport to characterize regulations at 30 C.F.R. § 250.1710 and 30 C.F.R. § 250.1725(a), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

49.    The allegations in Paragraph 49 purport to characterize the National Environmental Policy Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

50.    The allegations in Paragraph 50 purport to characterize the Supreme Court's decision in *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332 (1989), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

51.    The allegations in Paragraph 51 purport to characterize the National Environmental Policy Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

52.    The allegations in Paragraph 52 purport to characterize the National Environmental Policy Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

53.    The allegations in Paragraph 53 purport to characterize regulations at 40 C.F.R. § 1501.5, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied. Similarly, the allegations in the first sentence of footnote 1 in Paragraph 46 purport to characterize the regulations at 40 C.F.R. § 1500.3, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied. The allegations in the second sentence of footnote 1 purport to characterize multiple federal register notices, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied. The allegations in the third sentence of footnote 1 purport to characterize 40 C.F.R. § 1506.12, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied. The last two sentences in footnote 1 are legal conclusions that do not require a response. To the extent a response is required, Federal Defendants deny the allegations.

54.    The allegations in Paragraph 54 purport to characterize regulations at 40 C.F.R. § 250.1501.4, which speak for itself and are the best evidence of its contents. Any allegations contrary to the plain language are denied.

55.    The allegations in Paragraph 55 purport to characterize the DOI's Departmental Manual, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

56.    The allegations in Paragraph 56 purport to characterize additional provisions in DOI's Departmental Manual, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

57.    The allegations in Paragraph 57 purport to characterize 40 C.F.R. § 1501.4(b) and 43 C.F.R. § 46.205(a), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

58.    The allegations in Paragraph 58 purport to characterize regulations at 40 C.F.R. § 1501.4(b) and 43 C.F.R. § 46.205, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

59.    The allegations in Paragraph 59 purport to characterize regulations at 43 C.F.R. § 46.215, which speak for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

60.    The allegations in Paragraph 60 purport to characterize BSEE's regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

61.    The allegations in the first sentence of Paragraph 61 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.  The allegations in the second sentence of Paragraph 61 purport to characterize 42 U.S.C. § 4336b(2), which is the best

evidence of its contents. Any allegations contrary to the plain language are denied.

62.    The allegations in Paragraph 62 purport to characterize 40 C.F.R. §§ 1502.9(d)(1), (2), which are the best evidence of their contents. Any allegations contrary to the plain language are denied.

63.    The allegations in Paragraph 63 purport to characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

64.    The allegations in Paragraph 64 purport to characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

## **Factual Allegations**

65.     Federal Defendants admit the allegations in Paragraph 65.

66.    Federal Defendants admit the allegations in Paragraph 66.

67.    Federal Defendants admit the allegations in Paragraph 67.

68.    Federal Defendants admit the allegations in the first sentence of Paragraph 56. The allegations in the second sentence of Paragraph 68 purport to characterize ExxonMobil's development plan for the Santa Ynez Unit, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied. Federal Defendants admit in the third sentence of Paragraph 56 that production began in 1981 but deny the remainder of the allegations in Paragraph 56.

69.    Federal Defendants aver that BSEE's records indicate that Sable Offshore Corp. not Sable Offshore Corporation, LLC is the lessee and operator of Platforms Harmony, Heritage, and Hondo and lessee on the leases in the Santa Ynez Unit. Federal Defendants otherwise admit the allegations in Paragraph 69.

70.    Federal Defendants admit that the change in ownership occurred after the May 20, 2015, oil spill and deny the remainder of the allegations in the first

1  sentence of Paragraph 70. The allegations in the second sentence of Paragraph 70
2  are vague and ambiguous. Federal Defendants therefore lack knowledge or
3  information sufficient to form a belief about the truth of the allegation and deny
4  them on that basis.

5      71.    The allegations in Paragraph 71 are vague and ambiguous. Federal
6  Defendants therefore lack knowledge or information sufficient to form a belief
7  about the truth of the allegations and deny them on that basis.

8      72.    Federal Defendants admit the allegations in the first and second
9  sentences of Paragraph 72. The third sentence purports to characterize statements
10  operators of the other offshore platforms, which speak for themselves and are the
11  best evidence of their contents. Any allegations contrary to the plain language are
12  denied.  Federal defendants lack knowledge or information sufficient to form a
13  belief about the truth of the allegations in the fourth sentence of Paragraph 72 and
14  deny them on that basis.

15      73.    The allegations in Paragraph 73 purport to characterize lease
16  extension requests from Exxon and subsequent approvals by BSEE, which speak
17  for themselves and are the best evidence of their contents. All allegations
18  inconsistent with the plain language are denied.

19      74.    Federal Defendants admit the allegations in the first sentence of
20  Paragraph 74. The allegations in the second and third sentences of Paragraph 74
21  constitute conclusions of law to which no response is required. To the extent a
22  response is required, Federal Defendants deny the allegations.

23      75.    Federal Defendants admit the allegations in the first sentence of
24  Paragraph 75. Federal Defendants lack knowledge or information sufficient to
25  form a belief about the truth of the allegations in the second sentence of Paragraph
26  75 and deny them on that basis.

27      76.    Federal Defendants lack knowledge or information sufficient to form

11

a belief about the truth of the allegations in Paragraph 76 and deny them on that basis.

77.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77 and deny them on that basis.

78.    Federal Defendants deny the allegations in Paragraph 78.

79.    Federal Defendants admit the allegations in Paragraph 79.

80.    The allegations in Paragraph 80 purport to characterize BSEE's NEPA categorical exclusion review of the relevant AMPs, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

81.    The allegations in Paragraph 81 are vague and ambiguous. Federal Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis.

82.    Federal Defendants admit the allegations in Paragraph 82.

83.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 83 and deny them on that basis. The allegations in the second sentence of Paragraph 83 purport to characterize a September 27, 2024, notice issued by the California Coastal Commission, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied. The allegations in the third sentence of Paragraph 83 purport to characterize an October 4, 2024, letter sent by the California Coastal Commission, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied. The allegations in the fourth sentence of Paragraph 83 purport to characterize a November 12, 2024, order issued by the California Coastal Commission, which speaks for itself and is the best evidence of its contents. Any

12

1   allegations contrary to the plain language are denied.

2        84.    Federal Defendants lack knowledge or information sufficient to form

3   a belief about the truth of the allegations in Paragraph 84 and deny them on that

4   basis.

5        85.    The allegations in Paragraph 85 are vague and ambiguous. Federal

6   Defendants therefore lack knowledge or information sufficient to form a belief

7   about the truth of the allegations and deny them on that basis.

8        86.    Federal Defendants deny the allegations in the first two sentences of

9   Paragraph 86 but aver that certain oil and gas activities inherently present a risk of

10  oil spills and those risks are minimized through proper monitoring, maintenance,

11  and BSEE oversight of operations and facilities. With respect to the allegations in

12  sentences three through eight of Paragraph 86, Federal Defendants admit that oil

13  spills can cause various forms of environmental harm. Federal Defendants lack

14  information and knowledge sufficient to form a belief as to the truth of Plaintiffs'

15  remaining allegations in sentences three through eight of Paragraph 86 and deny

16  them on that basis. [

17       87.    The allegations in the first sentence of Paragraph 87 are vague and

18  ambiguous. Federal Defendants therefore lack knowledge or information sufficient

19  to form a belief about the truth of the allegations and deny them on that basis.

20  However, Federal Defendants aver that some degree of exposure to oil could have

21  adverse effects on fish . Federal Defendants otherwise lack information and

22  knowledge sufficient to form a belief as to the truth of the allegations in Paragraph

23  87 and deny them on that basis.

24       88.    Federal Defendants aver that, depending on the specific circumstances

25  of an oil spill event at the Santa Ynez Unit, the species Plaintiff identifies could be

26  susceptible. Federal Defendants otherwise deny the allegations in Paragraph 88.

27       89.    Federal Defendants deny the allegations in the first and third

13

sentences of Paragraph 89 and admit the allegations in the second sentence of Paragraph 89.

90.    Federal Defendants deny the allegations in the first sentence of Paragraph 90 but aver that oil spill and accident risks are presented by certain oil and gas activities and can be minimized through proper monitoring, maintenance, and BSEE oversight of wells and facilities. Federal Defendants deny the allegations in the second sentence of Paragraph 90, and aver that the Plains All American Pipeline was not in the Santa Ynez Unit. The allegations in the third sentence of Paragraph 90 purport to characterize the environmental analysis prepared by the Bureau of Land Management and California State Lands Commission in 1985, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language of that analysis.

91.    The allegations in Paragraph 91 purport to characterize certain unidentified studies. Federal Defendants thus lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 91 and deny them on that basis.

92.    Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 92 and deny them on that basis.

93.    The allegations in Paragraph 93 purport to characterize certain unidentified federal records. Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 93 and deny them on that basis.

94.    Federal Defendants admit the allegations in the first sentence of Paragraph 94. The allegations in the second and third sentences of Paragraph 94 are vague and ambiguous. Federal Defendants therefore lack knowledge or

information sufficient to form a belief about the truth of the allegations and deny

them on that basis. The allegations in the fourth sentence of Paragraph 94 purports

to characterize a statement by ExxonMobil without further identifying information.

Federal Defendants thus lack information and knowledge sufficient to form a belief

as to the truth of the allegations in the fourth sentence of Paragraph 94 and deny

them on that basis.

95.    Federal Defendants aver that certain activities associated with oil and

gas production can emit fine particulate matter and volatile organic compounds but

otherwise deny the allegations in the first sentence of Paragraph 95. The second

sentence in Paragraph 95 amounts to a legal conclusion that requires no response.

Federal Defendants lack information and knowledge sufficient to form a belief as

to the truth of the allegations in the third, fourth, and fifth sentences in Paragraph

95 and deny them on that basis.

96.    Federal Defendants aver that oil and gas drilling can involve the

discharge of drilling muds and cuttings, produced wastewater, and/or well

treatment and workover fluids but otherwise deny the allegations in the first

sentence of Paragraph 96. The allegations in the second sentence of Paragraph 96

purport to characterize a NDPES permit issued by the US EPA for oil and gas

exploration, development, and production facilities on the California Outer

Continental Shelf, which speaks for itself and is the best evidence of its contents.

Federal Defendants deny any allegations contrary to the plain language.  The

allegations in the third sentence of Paragraph 96 are vague and ambiguous are

vague and ambiguous. Federal Defendants therefore lack knowledge or

information sufficient to form a belief about the truth of the allegations and deny

them on that basis.

97.    The allegations in the first and second sentences of Paragraph 97 are

vague and ambiguous and Federal Defendants therefore lack knowledge or

1    information sufficient to form a belief as to their truth and deny them on that basis.

2    Federal Defendants admit the allegations in the third and fourth sentences of

3    Paragraph 97. Federal Defendants lack information and knowledge sufficient to

4    form a belief as to the truth of the allegations in the fifth sentence in Paragraph 97

5    and deny them on that basis.

6         98.    Federal Defendants aver that oil and gas activities can involve and

7    lead to the burning of fossil fuels, which contributes to climate change. The

8    allegations in the first sentence of Paragraph 98 are otherwise vague and

9    ambiguous. Federal Defendants therefore lack knowledge or information sufficient

10   to form a belief about the truth of the allegation and deny them on that basis.

11   Federal Defendants lack information and knowledge sufficient to form a belief as

12   to the truth of the allegations in the remaining sentences in Paragraph 98 and deny

13   them on that basis.

14        99.    The allegations in Paragraph 99 purport to characterize various BSEE

15   decisions and ExxonMobil applications, which speak for themselves and are the

16   best evidence of their contents. Federal Defendants deny any allegations

17   inconsistent with the plain language, meaning, and context of those documents.

18   With respect to the allegations in the last sentence of Paragraph 99, Defendants

19   aver that the current approval expires at midnight on December 13, 2024, not on

20   December 31, 2024.

21        100.   The allegations in Paragraph 100 purport to characterize BSEE's

22   November 2023 decision to grant an extension, which speaks for itself and is the

23   best evidence of its contents. Federal Defendants deny any allegations inconsistent

24   with the plain language, meaning, and context of that decision.

25        101.   The allegations in Paragraph 101 purport to characterize BSEE's

26   November 2023 decision to grant an extension, which speaks for itself and is the

27   best evidence of its contents. Federal Defendants deny any allegations inconsistent

16

1    with the plain language, meaning, and context of that decision.

2         102.   The allegations in Paragraph 102 purport to characterize BSEE's

3    November 2023 decision to grant an extension, which speaks for itself and is the

4    best evidence of its contents. Federal Defendants deny any allegations inconsistent

5    with the plain language, meaning, and context of that decision.

6         103.   The allegations in Paragraph 103 purport to characterize BSEE's

7    November 2023 decision to grant an extension, which speaks for itself and is the

8    best evidence of its contents. Federal Defendants deny any allegations inconsistent

9    with the plain language, meaning, and context of that decision.

10        104.   Federal Defendants admit the allegations in Paragraph 104.

11        105.   The allegations in Paragraph 105 purport to characterize BSEE's

12   categorical exclusion review, which speaks for itself and is the best evidence of its

13   contents. Federal Defendants deny any allegations inconsistent with the plain

14   language, meaning, and context of that document.

15        106.   The allegations in Paragraph 106 purport to characterize BSEE's

16   categorical exclusion review, which speaks for itself and is the best evidence of its

17   contents. Federal Defendants deny any allegations inconsistent with the plain

18   language, meaning, and context of that document.

19        107.   The allegations in Paragraph 107 purport to characterize BSEE's

20   categorical exclusion review, which speaks for itself and is the best evidence of its

21   contents. Federal Defendants deny any allegations inconsistent with the plain

22   language, meaning, and context of that document.

23        108.   The allegations in Paragraph 108 purport to characterize BSEE's

24   categorical exclusion review, which speaks for itself and is the best evidence of its

25   contents. Federal Defendants deny any allegations inconsistent with the plain

26   language, meaning, and context of that document.

27        109.   The allegations in Paragraph 109 purport to characterize BSEE's

categorical exclusion review, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of that document.

110.   The allegations in Paragraph 110 purport to characterize BSEE's categorical exclusion review, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of that document.

111.   Federal Defendants deny the allegations in Paragraph 111.

112.   The allegations in the first sentence of Paragraph 112 purport to characterize a February 2023 letter from Plaintiffs to BSEE, which speaks for itself and is the best evidence of its contents. BSEE denies the allegations in the third sentence of Paragraph 112. BSEE admits the allegations in the fourth sentence of Paragraph 112.

113.   Federal Defendants admit the allegations in Paragraph 113.

114.   Federal Defendants admit the allegations in Paragraph 114.

115.   The allegations in the first two sentences of Paragraph 115 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants admit that BSEE relied on a categorical exclusion to approve Sable's Applications for Permits to Modify (APMs).

116.   The allegations in Paragraph 116 purport to characterize BSEE's analysis in its NEPA Categorical Exclusion Reviews for the relevant APMs and 516 DM § 15.4(C)(12), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

117.   The allegations in Paragraph 117 purport to characterize BSEE's analysis in its NEPA Categorical Exclusion Reviews for the relevant APMs, which speak for themselves and are the best evidence of their contents. Any allegations

contrary to the plain language are denied.

118.    The allegations in Paragraph 118 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 118.

119.    Federal Defendants deny the allegations in Paragraph 119.

120.    The allegations in Paragraph 120 are legal conclusions that do not require a response. To the extent a response is required, the allegations are denied.

121.    The allegations in Paragraph 121 purport to characterize BSEE's analysis in its NEPA Categorical Exclusion Reviews for the relevant APMs, which are the best evidence of their contents. Any allegations contrary to the plain language are denied.

122.    The allegations in Paragraph 122 purport to characterize BSEE's analysis in its NEPA Categorical Exclusion Reviews for the relevant APMs, which are the best evidence of their contents. Any allegations contrary to the plain language are denied.

123.    The allegations in Paragraph 123 purport to characterize BSEE's analysis in its NEPA Categorical Exclusion Reviews for the relevant APMs, which are the best evidence of their contents. Any allegations contrary to the plain language are denied.

124.    The allegations in Paragraph 124 purport to characterize BSEE's analysis in its NEPA Categorical Exclusion Reviews for the relevant APMs, which are the best evidence of their contents. Any allegations contrary to the plain language are denied.

125.    The allegations in Paragraph 125 purport to characterize BSEE's analysis in its NEPA Categorical Exclusion Reviews for the relevant APMs, which are the best evidence of their contents. Any allegations contrary to the plain language are denied.

126.    The allegations in Paragraph 126 purport to characterize BSEE's analysis in its NEPA Categorical Exclusion Reviews for the relevant APMs, which are the best evidence of their contents. Any allegations contrary to the plain language are denied.

127.    The allegations in Paragraph 127 purport to characterize BSEE's analysis in its NEPA Categorical Exclusion Reviews for the relevant APMs, which are the best evidence of their contents. Any allegations contrary to the plain language are denied.

128.    The allegations in Paragraph 128 purport to characterize BSEE's analysis in its NEPA Categorical Exclusion Reviews for the relevant APMs, which are the best evidence of their contents. Any allegations contrary to the plain language are denied.

129.    The allegations in the first sentence of Paragraph 129 are vague and ambiguous. Federal Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis. Federal Defendants deny the allegations in the second sentence of Paragraph 129.

130.    Federal Defendants deny the allegations in Paragraph 130.

131.    Federal Defendants deny the allegations in the first sentence of Paragraph 131. The second and third sentences of Paragraph 131 purports to character the 1975 EIS for "Oil and Gas Development in the Santa Barbara Channel, Outer Continental Shelf off California," which is the best evidence of its contents. Any allegations contrary to the plain language are denied.

132.    The allegations in the first sentence of Paragraph 132 purport to characterize development and production plans for the Santa Ynez Unit, which are the best evidence of their contents. Any allegations contrary to the plain language are denied. The allegations in the second sentence of Paragraph 132 purport to characterize an EIS for the Santa Ynez Unit, which is the best evidence of their

contents. Any allegations contrary to the plain language are denied.

133.    The allegations in Paragraph 133 purport to characterize BSEE's permits for the relevant APMs, which are the best evidence of their contents. Any allegations contrary to the plain language are denied.

134.    The allegations in the Paragraph 134 are vague and ambiguous. Federal Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis.

135.    Federal Defendants admit that there was an oil spill from an onshore pipeline associated with the Santa Ynez Unit in 2015 but lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 135 and deny them on that basis.

136.    Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 136 and deny them on that basis.

137.    Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 137 and deny them on that basis.

138.    Federal Defendants admit in the first sentence of Paragraph 138 that two platforms were constructed more than 35 years ago and one was constructed nearly 50 years ago but deny the remaining allegations in the first sentence of Paragraph 138. The allegations in the second sentence of Paragraph 138 purport to characterize the development plans and an environmental analysis associated with the Santa Ynez Unit, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied. Federal Defendants deny the allegations in the third sentence of Paragraph 138.

139.    Federal Defendants admit in the first sentence of Paragraph 139 that restarting the Santa Ynez unit will result in oil production but deny the remaining

21

allegations in that sentence. The allegations in the second and third sentences in Paragraph 139 purport to characterize certain development plans and BSEE reports, which are the best evidence of their contents. Any allegations contrary to the plain language are denied.

140.    The allegations in the first sentence of Paragraph 140 are vague and ambiguous and therefore Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations. Federal Defendants admit the allegation in the second sentence that ExxonMobil used extended reach drilling but lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 140 and deny them on that basis.

141.    Federal Defendants admit in the first sentence of Paragraph 141 that a National Marine Sanctuary was designated off coastal Santa Barbara in October 2024. The remaining allegations in the first sentence purport to characterize the decision document establishing the Marine Sanctuary, which document speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language are denied. Federal Defendants admit in the second sentence of Paragraph 141 that the Santa Ynez Unit is adjacent to the National Marine Sanctuary off coastal Santa Barbara but deny the remaining allegations in this sentence.

142.    Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences in Paragraph 142 and deny them on that basis. The allegations in the second sentence of Paragraph 142 purport to characterize the development plan and NEPA documents associated with the Santa Ynez Unit, which are the best evidence of their contents. Any allegations contrary to the plain language are denied.

143.    The allegations in the Paragraph 143 purport to characterize the

22

1  NEPA documents associated with the Santa Ynez Unit, which are the best
2  evidence of their contents. Any allegations contrary to the plain language are
3  denied.

4      144.   Federal Defendants lack information and knowledge sufficient to form
5  a belief as to the truth of the allegations in Paragraph 144 and deny them on that
6  basis.

7      145.   The first sentence in Paragraph 145 amounts to a legal conclusion that
8  requires no response. To the extent a response is required, Federal Defendants
9  deny the allegations. Federal Defendants lack information sufficient and
10  knowledge sufficient to form a belief as to the truth of the allegations in the first
11  clause of the second sentence in Paragraph 145. Federal Defendants admit in the
12  second clause of the second sentence in Paragraph 145 that it has issued permits. In
13  the last clause of the second sentence in Paragraph 145, Federal Defendants deny
14  that it will wholesale issue approvals for oil and gas operations at the Santa Ynez
15  Unit but that BSEE will review permit requests according to the facts and law to
16  determine whether they should be approved or denied.

17      146.   Federal Defendants admit the allegations in Paragraph 146.

18      147.   Federal Defendants admit that oil and gas activity has occurred at the
19  Santa Ynez Unit but deny the remaining allegations in Paragraph 147.

20                          **First Claim**

21      148.   Federal Defendants incorporate by reference their responses to
22  Paragraphs 1 through 147.

23      149.   The allegations in Paragraph 149 purport to characterize provisions of
24  OCSLA, which speak for themselves and are the best evidence of their contents.
25  Federal Defendants deny any allegations inconsistent with the plain language,
26  meaning, and context of OCSLA.

27      150.   The allegations in Paragraph 150 purport to characterize OCSLA and

23

its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statutes and regulations.

151.   The allegations in Paragraph 151 purport to characterize OCSLA's implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the regulations.

152.   The allegations in Paragraph 152 purport to characterize BSEE's November 2023 decision to grant an extension, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of that decision.

153.   Federal Defendants deny the allegations in Paragraph 153.

## Second Claim

154.   Federal Defendants incorporate by reference their responses to Paragraphs 1 through 147.

155.   The allegations in Paragraph 155 purport to characterize provisions in NEPA and related regulatory provisions, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statutes and regulations.

156.   The allegations in Paragraph 156 are conclusions of law that require no response. To the extent a response is required, Federal Defendants deny the allegations.

157.   Federal Defendants deny the allegations in the first and fourth sentences of Paragraph 157. Federal Defendants admit the allegations in the second and third sentences of Paragraph 157.

158.   Federal Defendants deny the allegations in Paragraph 158.

159.   Federal Defendants deny the allegations in the first sentence of
Paragraph 159. The allegations in the first, second, fourth, and fifth sentences of
Paragraph 159 purport to characterize BSEE's extraordinary circumstances review
and decision to grant the extension, which speak for themselves and are the best
evidence of their contents. Any allegations contrary to the plain language are
denied. The allegation in the third sentence of Paragraph 159 amounts to a legal
conclusion that requires no response. To the extent a response is required, Federal
Defendants deny the allegations in the third sentence of Paragraph 159.

160.   The allegations in Paragraph 160 purport to characterize BSEE's
extraordinary circumstances review and ExxonMobil's lease extension applications
and BSEE's extension decision, which speak for themselves and are the best
evidence of their contents. Federal Defendants deny any allegations inconsistent
with the plain language, meaning, and context of these.

161.   The Federal Defendants deny the allegations in Paragraph 161.

### Third Claim

162.   Federal Defendants incorporate by reference their responses to
Paragraphs 1 through 147.

163.   The allegations in Paragraph 163 purport to characterize the National
Environmental Policy Act and related regulations, which speak for themselves and
are the best evidence of its contents. Any allegations contrary to the plain language
are denied.

164.   The allegations in Paragraph 164 constitute legal conclusions that do
not require a response. To the extent a response is required, Federal Defendants
deny the allegations.

165.   The allegations in Paragraph 165 constitute legal conclusions that do
not require a response. To the extent a response is required, Federal Defendants
deny the allegations.

166.    Federal Defendants deny the allegations in Paragraph 166.

167.    Federal Defendants deny the allegations in Paragraph 167.

168.    Federal Defendants deny the allegations in Paragraph 168.

169.    Federal Defendants deny the allegations in the first sentence of Paragraph 169. The allegations in the second and fourth sentences of Paragraph 169 purport to characterize BSEE's analysis in its NEPA Categorical Exclusion Reviews for the relevant APMs, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied. Federal Defendants deny the allegations in the third and fifth sentences of Paragraph 169.

170.    Federal Defendants deny the allegations in Paragraph 170.

## Fourth Claim

171.    Federal Defendants incorporate by reference their responses to Paragraphs 1 through 147.

172.    The allegations in Paragraph 172 purport to characterize the National Environmental Policy Act and related regulations, which speak for themselves and are the best evidence of its contents. Any allegations contrary to the plain language are denied.

173.    The allegations in Paragraph 172 purport to characterize the National Environmental Policy Act and related regulations, which speak for themselves and are the best evidence of its contents. Any allegations contrary to the plain language are denied.

174.    The allegations in Paragraph 174 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

175.    Federal Defendants deny the allegations in the first sentence of Paragraph 175. Federal Defendants deny the first clause in the second sentence of Paragraph 175. Federal Defendants admit the second and third clauses in the

second sentence of Paragraph 175.

176.    The allegations in the first sentence of Paragraph 176 are vague and ambiguous. Federal Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis. Federal Defendants admit the allegations in the second sentence of Paragraph 176. The allegations in the third and fourth sentence of Paragraph 176 purport to characterize the 1975 Santa Barbara Channel EIS and 1984 Santa Ynez Unit EIS, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

177.    The allegations in Paragraph 177 purport to characterize the National Environmental Policy Act and related regulations, which speak for themselves and are the best evidence of its contents. Any allegations contrary to the plain language are denied.

178.    Federal Defendants deny the allegations in Paragraph

The remaining allegations in the Complaint constitute Plaintiffs' prayer for relief, to which no response is required. To the extent that a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

Federal Defendants deny any allegations in the Complaint, whether express or implied, that are not expressly admitted, denied, or qualified above.

Federal Defendants request that the Court deny Plaintiffs the relief they request, dismiss Plaintiffs' Complaint with prejudice, and enter judgment for Federal Defendants.

Respectfully submitted this 27th day of February 2025.

LISA L. RUSSELL
Deputy Assistant Attorney General

1

U.S. Department of Justice
Environment and Natural Resources Division

2

3

*/s/ Daniel C. Luecke*

4

DANIEL C. LUECKE
Trial Attorney (CA Bar 326695)

5

Natural Resources Section
P.O. Box 7611, Ben Franklin Station

6

Washington, D.C. 20044

7

(202) 598-7863 | (202) 305-0506 (fax)
daniel.luecke@usdoj.gov

8

9

*Counsel for Federal Defendant*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27