UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:24-cv-05459 MWC (MAAx)                                          Date: March 21, 2025

Title  Center for Biological Diversity *et al.* v. Doug Burgum *et al.*

Present: The Honorable:    Michelle Williams Court, United States District Judge

| T. Jackson | No Reporter |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER DENYING FEDERAL DEFENDANTS' MOTION FOR VOLUNTARY REMAND (DKT. 37)**

Before the Court is a motion for voluntary remand filed by Defendants Doug Burgum, in his official capacity as Secretary of the United States Department of the Interior,[1] the Bureau of Safety and Environmental Enforcement ("BSEE"), and Bruce Hesson, in his official capacity as BSEE Pacific Regional Director (collectively, "Federal Defendants").  Dkt. # 37 ("*Mot.*").  Plaintiffs Center for Biological Diversity ("Biological Diversity") and Wishtoyo Foundation ("Wishtoyo") (collectively, "Plaintiffs") opposed.  Dkt. # 40 ("*Opp.*").  Intervenor-Defendant Sable Offshore Corporation ("Sable") filed a statement of non-opposition.  Dkt. # 39 ("*Non-Opp.*").  Federal Defendants replied.  Dkt. # 60 ("*Reply*").  The Court heard oral argument on March 21, 2025.  Having considered the moving papers, the opposing papers, and oral argument, the Court **DENIES** Federal Defendants' motion for voluntarily remand.

I.     Background

This environmental litigation stems from a 2015 oil spill involving an onshore pipeline that transported oil produced in the Santa Ynez Unit in the Santa Barbara Channel.  Dkt. # 1 ("*Compl.*"), ¶ 2.  Since the spill, BSEE has authorized extensions of

---

[1] Under Federal Rule of Civil Procedure 25(d), Defendant Doug Burgum is substituted for former Secretary of the Interior Debra Haaland.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-05459 MWC (MAAx)                                         Date: March 21, 2025

Title       Center for Biological Diversity *et al.* v. Doug Burgum *et al.*

sixteen offshore oil and gas leases in the Santa Ynez Unit. *Id.* ¶ 3. Plaintiffs allege that in extending these oil and gas leases, BSEE failed to conduct meaningful reviews as required by law. *Id.* ¶ 1. Specifically, in a complaint filed on June 27, 2024, Plaintiffs sued Federal Defendants for failing to comply with the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. §§ 1331–1356c, 1801–1866, the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321–4347, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551–559, 701–706. *See generally id.*

Plaintiffs are two non-profit groups—a conservation organization focused on marine ecosystems that "seeks to ensure [] imperiled species such as marine mammals, sea turtles, and fish are properly protected," and a Native-led California public-interest organization with a mission "to preserve, protect, and restore Chumash culture, the culture of indigenous peoples, and the environment all people depend upon." *Id.* ¶¶ 13–17. Federal Defendants include the Secretary of the United States Department of the Interior, BSEE (a federal agency within the Department of the Interior charged with permitting drilling in federal waters and ensuring such activities comply with regulations), and Bruce Hesson (the Regional Director of BSEE) ("Mr. Hesson"). *Id.* ¶¶ 27–29. Sable, the Intervenor-Defendant, is the owner and operator of the relevant oil and gas platforms and the acquirer of the oil and gas permits at issue. *Id.* ¶ 57.

In their initial complaint, Plaintiffs brought two claims for relief: (1) violation of OCSLA and the APA for unlawful national interest determination, and (2) violation of NEPA and the APA for unlawful use of categorical exclusion. *Id.* ¶¶ 90–103. However, after BSEE granted Sable two additional permits in September 2024 (allowing Sable to perforate two wells), Plaintiffs filed a motion seeking to amend their complaint to include those new decisions, which the Court approved. *See generally* Dkt. # 46.

In this motion, Federal Defendants seek to voluntarily remand this case back to the BSEE. *Mot.*

II.   **Legal Standard**

"When an agency's action is challenged in court, the agency will sometimes request that the court remand the challenged action—usually a regulation—so that the agency can correct any errors in the first instance." *In re Clean Water Act Rulemaking*, 60 F.4th 583, 593 (9th Cir. 2023) (citing *Cal. Cmtys. Against Toxics v. EPA*, 688 F.3d 989, 992 (9th Cir. 2012)). Courts "have broad discretion to grant or deny an agency's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:24-cv-05459 MWC (MAAx) | Date: March 21, 2025 |
| Title   Center for Biological Diversity *et al.* v. Doug Burgum *et al.* | |

motion to remand." *Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 436 (D.C. Cir. 2018).

"[A] voluntary remand entails further agency action on the agency decision under review." *Limnia, Inc. v. U.S. Dep't. of Energy*, 857 F.3d 379, 387 (D.C. Cir. 2017) (citations omitted). "That is not to say that an agency need confess error or impropriety in order to obtain a voluntary remand. But the agency ordinarily does at least need to profess intention to reconsider, re-review, or modify the original agency decision that is the subject of the legal challenge." *Id.* (cited favorably by *In re Clean Water*, 60 F.4th at 593). Remand might "be appropriate if the agency's motion is made in response to 'intervening events outside of the agency's control, for example, a new legal decision or the passage of new legislation.' Alternatively, 'even if there are no intervening events, the agency may request a remand (without confessing error) in order to reconsider its previous position.'" *Utility Solid*, 901 F.3d at 436; *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001) ("[E]ven if there are no intervening events, the agency may request a remand (without confessing error) in order to reconsider its previous position . . . . Here, the reviewing court has discretion over whether to remand.").

"Generally, courts only refuse voluntarily requested remand when the agency's request is frivolous or made in bad faith." *Cal. Cmtys*, 688 F.3d at 992 ("Because the EPA has recognized the merits of the petitioners' challenges and has been forthcoming in these proceedings, there is no evidence that the EPA's request is frivolous or made in bad faith. We therefore grant the EPA's request for remand."); *see Utility Solid*, 901 F.3d at 436 ("[I]f the agency's request appears to be frivolous or made in bad faith, it is appropriate to deny remand."); *Lutheran Church-Missouri Synod v. FCC*, 141 F.3d 344, 349 (D.C. Cir. 1988) (denying agency's "novel, last second motion to remand" because it was based on agency's non-binding prospective policy statement). In deciding a motion to remand, courts also "consider whether remand would unduly prejudice the non-moving party." *Utility Solid*, 901 F.3d at 436.

III.   Discussion

Federal Defendants seek voluntary remand of BSEE's 2023 approval of the sixteen leases comprising the Santa Ynez Unit. *Mot.* 5:2–10. Federal Defendants state that "[o]n remand, BSEE plans to reconsider its decision in light of Plaintiffs' claims and conduct additional analysis, as warranted, under OCSLA and NEPA." *Id.* 5:10–12. BSEE emphasizes it would like to address "potential deficiencies" in its 2023 decision. *See id.* i:12–13; 12:16–20. Federal Defendants provide two declarations from Mr.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-05459 MWC (MAAx)                              Date: March 21, 2025

Title   Center for Biological Diversity *et al.* v. Doug Burgum *et al.*

Hesson, the Regional Director of BSEE for the Pacific Region. *See generally* Dkt. # 37-1 ("*Hesson Decl.*"); Dkt. # 60-1 ("*Hesson Supp. Decl.*"). Mr. Hesson has "been with BSEE since 2016" and is "responsible for supervising the regulation of operations, inspections, and enforcement programs, as well as overall protection and safety of activities and environmental compliance on submerged federal lands leased for oil, gas and other mineral or energy development on the Pacific Outer Continental Shelf." *Hesson Decl.* ¶ 1–2. Regarding BSEE's 2023 lease extension decision, Mr. Hesson declares the following:

- "Upon further review, BSEE has identified deficiencies in the completeness and sufficiency of both the categorical exclusion review and National interest analysis that were performed. These deficiencies, impacting the sufficiency and completeness of the agency's review, necessitate remand of the 2023 Extension Decision for further review by BSEE."

- "In particular, the categorial exclusion review . . . lacks sufficient discussion and support regarding potentially applicable extraordinary circumstances and relies on overly conclusory statements, including regarding the infrastructure remaining idle. In the event a remand is granted, BSEE will reconsider in more detail, for example, whether granting an extension may significantly impact public health, listed or endangered species, and surrounding ecologically significant or critical areas, and will not assume that oil and gas operations will be idled during an extension period and instead consider the possibility that such operations may resume. In addition, BSEE will analyze the extent to which the potential impacts of resumed production may have already been analyzed under NEPA and to what extent any additional analysis is warranted. In the event BSEE concludes that extraordinary circumstances are present, the next appropriate level of NEPA review will be conducted."

- "Likewise, the National interest analysis that was performed is similarly over broad and conclusory. Little detail was provided on how granting the extension conserves resources, prevents waste, or protects correlative rights. Further, [Biological Diversity] raised several concerns in its February 2023 letter to BSEE in opposition to further extending the . . . leases and BSEE did not address these in its National interest determination nor analyze how granting the extension outweighs any risks to the national

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-05459 MWC (MAAx)                                   Date: March 21, 2025

Title   Center for Biological Diversity *et al.* v. Doug Burgum *et al.*

       interest.  In the event a remand is granted, BSEE plans to address these issues, including by analyzing the potential negative aspects of extending the leases."

- "To ensure better compliance with both NEPA and the BSEE-administered regulations governing lease extensions, 30 C.F.R. § 250.180(e), the BSEE requests a remand without vacatur to conduct a more complete review under NEPA and to provide a more robust analysis of its National interest determination."

- "BSEE is committed to undertaking the necessary NEPA and section 250.180(e) analyses in a timely manner."

*Id.* ¶¶ 8–12.

    In a supplemental declaration attached to Federal Defendants' reply brief, Mr. Hesson provides "additional information regarding BSEE's review of the 2023 lease extension decision:"

- "BSEE has requested the Bureau of Ocean Energy Management ("BOEM") to support this review by preparing an Environmental Assessment ("EA") to evaluate the potential environmental impacts of the lease extension, which may lead to the Santa Ynez Unit's [] return to production.  BSEE and BOEM have already commenced working on the EA and anticipate that the EA will be completed in the next few months."

- "The EA will examine the potential environmental impacts of the lease extensions and concerns raised by the plaintiffs, including those related to air quality, oil spill risk, and protected species and areas.  The EA will also include a cumulative effects analysis of resuming oil and gas production from [the Santa Ynez Unit]."

- "In addition to preparing an EA, BSEE will revisit its analysis regarding the national interest determination, as described in my previous declaration . . . ."

*Hesson Supp. Decl.* ¶¶ 2–4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-05459 MWC (MAAx)                                                      Date: March 21, 2025

Title         Center for Biological Diversity *et al.* v. Doug Burgum *et al.*

     Federal Defendants argue that Plaintiffs cannot identify sufficient prejudice to warrant denying a voluntary remand because "Sable's efforts to resume production at the Santa Ynez Unit remain in flux.  And even if a restart does become imminent, staying this case will not alter Plaintiffs' ability to protect their interests."  *Reply* 6:1–7:6 ("Because any harm related to a restart is not ongoing or presently imminent, this case is distinct from other cases in which the agency requesting remand agreed to halt implementation of a challenged decision.").  Federal Defendants contend that the 2023 lease extension at issue simply "maintained the status quo" by continuing lease rights for an additional year.  *Id.* 7:11–15.

     Plaintiffs respond to Federal Defendants' motion to voluntarily remand with two overarching arguments:  (1) a remand will unduly harm Plaintiffs' interests, and (2) a remand will not promote judicial efficiency.  *Opp.*  Plaintiffs contend that the "risk of harm . . . outweighs any alleged administrative or judicial efficiency, especially where BSEE has refused to use its authority to ensure the status quo will be maintained during the remand."  *Id.* 11:19–21.  Plaintiffs express concern that "BSEE has given no indication that it plans to use [its] authority to ensure the status quo is maintained until it completes its review on remand."  *Id.* 14:7–9.  Instead, Federal Defendants' motion "indicates that [BSEE] *would permit additional activity* at the Santa Ynez Unit during the remand . . . . for example . . . if Sable submits additional permit applications during the remand, BSEE 'would aim for consistency among all of its NEPA analyses.'"  *Id.* 14:7–13 (quoting *Mot.* 16:14–16).  Plaintiffs state that BSEE has failed to guarantee that oil and gas drilling in the Santa Ynez Unit will not occur during the remand.  *Id.* 16:13–16 ("In fact, all indications are that BSEE would continue to permit activity at the Santa Ynez Unit.  As such, 'Plaintiffs are entitled to have their complaint decided on the merits, particularly given the fact that [BSEE] continue[s] to rely on the challenged [agency action] as if [it] were lawfully enacted.'" (quoting *Nat. Res. Def. Council v. Norton*, No. 1:05-CV-01207-OWW-LJO, 2007 WL 14283, at *16 (E.D. Cal. Jan. 3, 2007))).  Plaintiffs cite to a Form 8-K Report signed in December 2024, in which Sable suggested to investors that it plans to restart production "in the first quarter of 2025."  *Id.* 9:3–5; Dkt. 40-1.

     Moreover, Plaintiffs point out that BSEE's statements regarding its intentions upon remand are "non-committal," evidenced by "the fact that [BSEE] rubber-stamped production permits for the Santa Ynez Unit" even after Plaintiffs filed this case—signaling "BSEE will only repeat its legal errors and seeks remand to simply avoid an adverse ruling on the merits."  *Id.* 11:21–12:3.  Moreover, Plaintiffs point to BSEE's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:24-cv-05459 MWC (MAAx) | Date: March 21, 2025 |
| Title | Center for Biological Diversity *et al.* v. Doug Burgum *et al.* | |

language that BSEE plans to only conduct additional analysis "as warranted," that it seeks remand to address "*potential* deficiencies," and that "BSEE nowhere acknowledges the impropriety of its determination." *Id.* 17:4–21. Plaintiff concludes that "BSEE's motion seems nothing more than a litigation tactic employed 'to improve . . . the reasoning the agency articulated for its decision.'" *See id.* 18:1–8 ("But a voluntary remand is not appropriate 'simply so that the [agency] can bolster its reasons for' issuing is decision and thereby 'have a higher chance of withstanding subsequent judicial scrutiny.'" (quoting *Keltner v. United States*, 148 Fed. Cl. 552, 565 (2020))).

The Court agrees with Plaintiffs. The Court is not convinced that BSEE's declarations, which focus on potentially supplementing the analysis in its decision, establish an intent to seriously reconsider or re-review its decision. Since the filing of Plaintiffs' complaint, BSEE has permitted additional activity (including two well perforations) in the Santa Ynez Unit, allegedly without substantive analysis of the issues. *See Opp.* 2:2–5 ("Since Plaintiffs filed this case, BSEE approved two permits that facilitate the restart of oil and gas production at the Santa Ynez Unit without conducting a NEPA analysis, and instead relying on a categorical exclusion review completed in *one day*." (emphasis in original)). Moreover, BSEE has suggested it will continue to permit activity during a remand process. *See Mot.* 16:10–13 (discussing possible additional approvals). And notably, BSEE has been previously informed of its deficient lease extension decisions and yet failed to act. For example, six months prior to BSEE's November 2023 extension, Biological Diversity sent BSEE a letter opposing its prior leasing extension decisions and pointing out that the lease extensions had been issued "without any meaningful review." *Opp.* 8:6–9. The letter discussed how BSEE's prior national interest determinations and categorical exclusion reviews omitted consideration of numerous harms of restarting production at the Santa Ynez Unit (e.g., risk of oil spills, toxic air pollution, and contributions to climate change). *Id.* 8:9–14; *see also Hesson Decl.* ¶ 10 (acknowledging that "[Biological Diversity] raised several concerns in its February 2023 letter to BSEE in opposition to further extending the Santa Ynez Unit leases and BSEE did not address these in its National interest determination nor analyze how granting the extension outweighs any risks to the national interest"). According to Plaintiffs, "BSEE ignored" the letter from Biological Diversity as well as the concerns outlined in the letter.[2] *Id.* 8:15. Now that litigation has begun, BSEE requests a second chance at analyzing Sable's lease extensions—but BSEE was already given a second

---

[2] When questioned about BSEE's lack of response to the letter during oral argument, Federal Defendants twice acknowledged they had no explanation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:24-cv-05459 MWC (MAAx) | Date: March 21, 2025 |
| Title   Center for Biological Diversity *et al.* v. Doug Burgum *et al.* | |

chance in February 2023 and paid it no mind.  The Court, in its discretion, is not willing to grant BSEE yet another chance two years later.  *See Keltner*, 148 Fed. Cl. at 565 (noting an agency cannot seek remand to "simply . . . bolster its reasons" for its initial decision).  And last, given the above findings, the Court is not persuaded BSEE will properly review upcoming requests and/or permits from Sable regarding additional activity at the Santa Ynez Unit.  The Court is concerned future reviews will function as mere procedural formalities, instead of adequate analysis.

IV.     Conclusion

For the foregoing reasons, the Court **DENIES** Federal Defendants' motion for voluntary remand.

**IT IS SO ORDERED.**

| | : |
|---|---|
| **Initials of Preparer** | TJ |