# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> *Plaintiffs,* <br><br> v. <br><br> DOUG BURGUM, et al., <br><br> *Defendants,* <br> and <br><br> SABLE OFFSHORE CORP., <br><br> *Intervenor-Defendant.* | Case No. 2:24-cv-05459-MWC-MAA <br><br> **[PROPOSED] ORDER** |

Having considered the parties' cross-motions for summary judgment, the oppositions thereto, and for good cause shown, it is hereby ORDERED that Plaintiffs' Motion for Summary Judgment is GRANTED; that Federal Defendants' Cross-Motion for Summary Judgment is DENIED; and that Intervenor-Defendant's Cross-Motion for Summary Judgment is DENIED.

It is hereby DECLARED that the November 2023 lease extensions issued by the Bureau of Safety and Environmental Enforcement (BSEE) are unlawful. In extending 16 offshore oil and gas leases in the Santa Ynez Unit, BSEE's national interest determination failed to consider relevant factors in violation of the Outer Continental Shelf Lands Act and Administrative Procedure Act (APA). BSEE considered only the potential positive aspects of restarting production and failed to consider the negative consequences. In overlooking the potential adverse effects of extending the leases to allow for the restart of the Santa Ynez Unit, BSEE's determination is arbitrary and capricious.

It is further DECLARED that BSEE's categorical exclusion review for the November 2023 lease extensions failed to adequately justify the agency's decision not to prepare an environmental assessment or environmental impact statement. BSEE improperly assumed that the Santa Ynez Unit would remain idle and failed to consider the reasonably foreseeable consequences of approving the lease extensions. Accordingly, BSEE's categorical exclusion review is unlawful and violates the National Environmental Policy Act (NEPA) and APA.

It is further DECLARED that BSEE's September 2024 approvals of two applications for permits to modify (APMs) to enhance production at the Santa Ynez Unit are unlawful and violate NEPA and the APA. BSEE's reliance on a categorical exclusion and decision not to prepare an environmental assessment or environmental impact statement fail for two reasons. First, there is no applicable categorical exclusion in the Department of the Interior regulations that BSEE can rely on for these particular APMs, and second, BSEE's determination that no extraordinary circumstances are present is arbitrary and capricious.

It is further DECLARED that BSEE's continued reliance on prior environmental impact statements from 1975 and 1984 violates NEPA in light of

evidence before the agency that there may be significant environmental impacts of its lease extension and APM approvals—and the Santa Ynez Unit restart they facilitate—that were not adequately analyzed in those older environmental documents.

It is further ORDERED that the 2023 lease extensions for the Santa Ynez Unit are VACATED; that the categorical exclusion review for the lease extensions is VACATED; that the 2024 APMs are VACATED; that the categorical exclusion reviews for the APMs are VACATED; and that BSEE is prohibited from issuing any further approvals for the Santa Ynez Unit unless and until it complies with OCSLA, NEPA, and the APA.

**IT IS SO ORDERED.**

Dated: _____

_____
The Hon. Michelle Williams Court
United States District Court