ADAM R.F. GUSTAFSON
ACTING ASSISTANT ATTORNEY GENERAL
UNITED STATES DEPARTMENT OF JUSTICE
ENVIRONMENT AND NATURAL RESOURCES DIVISION

DANIEL C. LUECKE (CA Bar No. 326695)
Trial Attorney, Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone:   (202) 598-7863
Email:         daniel.luecke@usdoj.gov

*Counsel for Federal Defendants*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY; WISHTOYO FOUNDATION, | |
| *Plaintiffs*, | Case No. 2:24-cv-05459-MWC-MAA |
| v. | **DECLARATION OF BRUCE HESSON** |
| DOUG BURGUM, et al., | |
| *Federal Defendants*, | |
| and | Honorable Michelle Williams Court |
| SABLE OFFSHORE CORP., | United States District Judge |
| *Intervenor-Defendant*. | |

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT CALIFORNIA
WESTERN DIVISION**

I, Bruce Hesson, state the following:

1. I have been employed with the Bureau of Safety and Environmental Enforcement (BSEE) since 2016, serving first as the Supervisor of the Compliance Section, until my appointment to Regional Director in August 2022. Although, I submitted a retirement request on April 9, 2025, I am currently on administrative leave pending my final departure date. Previously, I signed a sworn declaration on December 18, 2024, and a supplemental declaration on March 7, 2025, in support of the motion to remand filed in this litigation. Now, I am submitting this declaration to clarify a statement made in my prior sworn statement.

2. Specifically, in my declaration submitted to the court on December 20, 2024, Doc. 37-1, I stated in paragraph 14 that "before returning to production, Sable must first satisfy several conditions." As one of those conditions, I stated that "[t]he California State Fire Marshall Office's Pipeline Division must inform BSEE that Sable is approved to operate the onshore pipeline segments 901-903, which have been inoperable since 2015."

3. When I signed the declaration, I had coordinated with Departmental leadership in place at the time and collectively reached the conclusion that this was the most prudent policy decision, despite there being no specific BSEE regulation requiring this condition. This condition was not based on a legal requirement but would have been an exercise of BSEE's discretionary authority over offshore operations. As a discretionary decision, it was subject to change by future decisionmakers.

4. I swear under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing information is true, accurate, and complete.

Executed this 23rd day of May 2025.

_____
Bruce Hesson