# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>DOUG BURGUM, et al.,<br><br>    *Defendants*,<br><br>and<br><br>SABLE OFFSHORE CORP.,<br><br>    *Intervenor-Defendant*. | CASE NO. 2:24-cv-05459-MWC-MAA<br><br>**[PROPOSED] ORDER GRANTING SABLE OFFSHORE CORP.'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br><u>Hearing</u><br>Date: July 11, 2025<br>Time: 1:30 p.m.<br>Judge: Hon. Michelle Williams Court<br>Courtroom: 6A |

Having considered the parties' cross-motions for summary judgment and the briefs and argument in support and opposition thereto, and for good cause shown, it is hereby ORDERED that Intervenor-Defendant's Cross-Motion for Summary Judgment is **GRANTED** and that Plaintiffs' Motion for Summary Judgment is **DENIED**.

The Court finds that all of Plaintiffs' claims are moot. On May 28, 2025, the Bureau of Safety and Environmental Enforcement relied on an Environmental Assessment ("EA") and issued a Finding of No Significant Impact ("FONSI"). On May 29, 2025, BSEE issued a corresponding decision ("2025 Decision") addressing the 2023 extension of time to resume operations for offshore leases ("2023 Extension"). The supersession of the 2023 Extension by the 2025 Decision moots Plaintiffs' First Claim. "It is well established that the supersession of an agency order moots any challenges to the original order." *WildEarth Guardians v. Haaland*, No. 22-15029, 2023 WL 8613628, at *1 (9th Cir. Dec. 13, 2023). Plaintiffs' second and fourth claims are moot because BSEE's new National Environmental Policy Act ("NEPA") review and 2025 Decision on the 2023 Extension are the relief Plaintiffs sought here. *See* Am. Compl., Request for Relief at 48-49. A claim is moot where plaintiffs have received "the precise relief sought"—here, additional NEPA analysis in the form of an EA. *All. for the Wild Rockies v. U.S. Dep't of Agric.*, 772 F.3d 592, 601 (9th Cir. 2014). The work under the applications for permits to modify ("APMs") is completed and cannot be undone, so Plaintiffs' third claim is also moot. *See, e.g.*, *N. D. v. Reykdal*, 102 F.4th 982, 989-90 (9th Cir. 2024) ("[I]f the activities sought to be enjoined already have occurred, and the appellate courts cannot undo what has already been done, the action is moot, and must be dismissed.") (cleaned up).

Even if Plaintiffs' claims were not moot, Plaintiffs have not met their burden of showing that BSEE violated NEPA, the Outer Continental Shelf Lands Act

("OCSLA"), or the Administrative Procedure Act ("APA"). The Court finds that the Development and Production Plan authorizing oil and gas production at the Santa Ynez Unit was previously approved in 1982 after extensive NEPA analysis. In considering the request for additional time to resume operations after having to shut-in due to the lack of available onshore transportation, BSEE properly approved the 2023 Extension and reasonably found under OCSLA that the 2023 Extension was in the national interest. The record shows that BSEE considered the preservation plan, under which Santa Ynez Unit infrastructure was preserved and drained of hydrocarbons, and thousands of pages of prior NEPA review to inform its findings.

BSEE appropriately relied on a categorial exclusion ("CatEx") to comply with NEPA in approving the 2023 Extension. *See Seven Cnty. Infrastructure Coal. v. Eagle Cnty., Colorado*, No. 23-975, 2025 WL 1520964, at *6 (U.S. May 29, 2025) ("the central principle of judicial review in NEPA cases is deference"). In finding that there were no extraordinary circumstances preventing the use of a CatEx, BSEE properly considered the project that was before it—whether to approve an extension to preserve the status quo. The CatEx adequately and reasonably addressed each of the extraordinary circumstances given the limited nature of the proposed action which did not include any change in the footprint of the infrastructure or any change in already authorized operations. Although Plaintiffs challenge BSEE's alleged failure to consider "restart" of production, notably, production did not start during the term of the 2023 Extension. BSEE appropriately relied on the preservation plan and properly considered information from the previous NEPA reviews.

BSEE also appropriately relied on CatExs to comply with NEPA in approving the APMs. The record shows the APMs were for minor work in existing wells. These CatExs also adequately and reasonably addressed each of the

extraordinary circumstances which similarly did not include any change in the footprint of the infrastructure or any change in already authorized operations. BSEE could properly consider prior environmental review as it did.

BSEE also has no obligation to supplement its prior Environmental Impact Statement ("EIS") for the Santa Ynez Unit because there is no ongoing major federal action. The SYU has an approved Development and Production Plan that has undergone environmental review, and Plaintiffs have not shown that any further federal approvals or remaining governmental action were required for restart. *See, e.g.*, *Ctr. for Biological Diversity v. Salazar*, 706 F.3d 1085, 1094-96 (9th Cir. 2013) (no supplemental NEPA review required where there is no ongoing major Federal action).

**IT IS SO ORDERED.**

Dated: _____        _____

Hon. Michelle Williams Court
United States District Judge