Kristen Monsell (CA Bar No. 304793)
Email: kmonsell@biologicaldiversity.org
Miyoko Sakashita (CA Bar No. 239639)
Email: miyoko@biologicaldiversity.org
Julie Teel Simmonds (CA Bar No. 208282)
Email: jteelsimmonds@biologicaldiversity.org
Center for Biological Diversity
2100 Franklin Street, Suite 375
Oakland, CA 94612
Phone: (510) 844-7137
Facsimile: (510) 844-7150

*Attorneys for Plaintiffs Center for Biological Diversity and Wishtoyo Foundation*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> DOUG BURGUM, et al., <br><br> *Defendants*, <br><br> and <br><br> SABLE OFFSHORE CORP., <br><br> *Intervenor-Defendant.* | Case No. 2:24-cv-05459-MWC-MAA <br><br> **PLAINTIFFS' RESPONSE TO INTERVENOR-DEFENDANT SABLE OFFSHORE CORP.'S NOTICE OF REVISED FEDERAL REGULATIONS** <br><br> Judge: Hon. Michelle Williams Court |

  Intervenor-Defendant Sable Offshore Corp. (Sable) calls the Court's attention to recent revisions to the U.S. Department of the Interior's regulations implementing the National Environmental Policy Act (NEPA), claiming the revisions support its assertion that Plaintiffs' case is moot. *See* Dkt. No. 81. Sable is mistaken in three key respects.

  First, the changes have no bearing on Plaintiffs' first claim for relief, which does not raise a NEPA claim but challenges the Bureau of Safety and Environmental Enforcement's (BSEE) 2023 lease extensions decision under the Outer Continental Shelf Lands Act, its implementing regulations, and the Administrative Procedure Act. *See* Dkt. No. 38-2 ¶¶ 148–153; Dkt. No. 68 at 9–11. Plaintiffs' briefing explained how BSEE's 2025 lease extensions decision cannot supersede its 2023 lease extensions decision where BSEE and Sable took subsequent action in reliance on the 2023 decision and harm from that decision remains. Dkt. No. 78 at 4, 7.

  Second, the regulatory changes regarding the use of categorical exclusions and extraordinary circumstances do not affect Plaintiffs' arguments why BSEE's categorical exclusion reviews are arbitrary. The regulations still mandate that when an action "meets *any* of the [listed] extraordinary circumstances," a NEPA analysis "must be prepared." 43 C.F.R. § 46.205(c)(1) (2025) (emphasis added). Moreover, each of the extraordinary circumstances that Plaintiffs rely on in their briefing to show how BSEE's categorical exclusion reviews are arbitrary remain in the regulations. *See id.* § 46.215(a)–(c), (g); Dkt. No. 68 at 13–14, 15–20. Indeed, Sable points not to any argument or citations in Plaintiffs' briefing, but to a single citation in their amended complaint. Dkt. No. 81 at 3 (citing Dkt. No. 38-2 ¶ 59).[1]

---

[1] In arguing BSEE's reliance on environmental impact statements from 1975 and 1984 and its attendant failure to supplement those old analyses is arbitrary, Plaintiffs cited a regulation that the revisions repealed: 43 C.F.R. § 46.120(c); Dkt No. 68 at 22. This has no bearing on Plaintiffs' fourth claim for relief, however, because BSEE's duty to supplement outdated NEPA analyses comes from the statute itself. Dkt No. 68 at 4, n.2; *id.* at 21–22 (citing cases).

<u>Third</u>, declaratory relief and vacatur of BSEE's unlawful actions remain effective forms of relief. *See* Dkt. No. 78 at 2–10. Nothing in the Supreme Court's decision in *Seven County* changes this reality. *See generally Seven Cnty. Infrastructure Coal. v. Eagle County*, 145 S. Ct. 1497 (2025); *contra* Dkt. No. 81 at 3. In stating that a court must be deferential to an agency's reasonable factual determinations regarding the scope of its environmental impact statement, *Seven Cnty.*, 145 S. Ct. at 1513, the Court affirmed the well-established rule that it is also a court's role "to confirm that the agency has addressed environmental consequences and feasible alternatives as to the relevant project," *id.* at 1511. BSEE did not do so in issuing the lease extensions or permits at issue.

Dated: July 9, 2025

Respectfully submitted,

<u>/s/ Kristen Monsell</u>
Kristen Monsell (CA Bar No. 304793)
Email: kmonsell@biologicaldiversity.org
Miyoko Sakashita (CA Bar No. 239639)
Email: miyoko@biologicaldiversity.org
Julie Teel Simmonds (CA Bar No. 208282)
Email: jteelsimmonds@biologicaldiversity.org

Center for Biological Diversity
2100 Franklin Street, Suite 375
Oakland, CA 94612
Phone: (510) 844-7137
Facsimile: (510) 844-7150

*Attorneys for Plaintiffs Center for Biological Diversity and Wishtoyo Foundation*