LATHAM & WATKINS LLP
Daniel P. Brunton (Bar No. 218615)
Email: daniel.brunton@lw.com
12670 High Bluff Drive
San Diego, CA 92130
Tel.: (858) 523-5400
Fax: (858) 523-5450

Michael G. Romey (Bar No. 137993)
Email: michael.romey@lw.com
355 South Grand Avenue, Suite 400
Los Angeles, CA 90071-1560
Tel.: (213) 485-1234
Fax: (213) 891-8763

Janice M. Schneider (*Pro Hac Vice*)
Email: janice.schneider@lw.com
Devin M. O'Connor (*Pro Hac Vice*)
Email: devin.o'connor@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Tel.: (202) 637-2200
Fax: (202) 637-2201

*Attorneys for Intervenor-Defendant Sable Offshore Corp.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> DOUG BURGUM, et al., <br><br> *Defendants*, <br><br> and <br><br> SABLE OFFSHORE CORP., <br><br> *Intervenor-Defendant*. | CASE NO. 2:24-cv-05459-MWC-MAA <br><br> **DECLARATION JANICE M. SCHNEIDER IN RESPONSE TO ORDER TO SHOW CAUSE WHY SANCTIONS IN THE AMOUNT OF $250 SHOULD NOT BE IMPOSED (DKT. NO. 92)** <br><br> <u>Hearing</u> <br> Judge: Hon. Michelle Williams Court <br> Courtroom: 6A |

Pursuant to 28 U.S.C. § 1746(2), I, Janice M. Schneider, hereby declare:

1. I am a partner at Latham & Watkins LLP and counsel of record for Intervenor-Defendant Sable Offshore Corp. ("Sable") in the above captioned action. I have personal knowledge of the matters recited herein, and if called upon to testify concerning them under oath, I could and would testify thereto. I submit this declaration in response to this Honorable Court's "Order to Show Cause why sanctions in the amount of $250 should not be imposed on Counsel, for their failure to appear" at the final pretrial conference in the above-captioned case. Dkt. No. 92 (Minute Order, Oct. 3, 2025).

2. I apologize to the Court for not attending the October 3, 2025 final pretrial conference in this case. I was genuinely unaware that the pretrial conference was still on the Court's calendar. I personally review all Court orders after they are issued, including the relevant orders here, and monitor upcoming court deadlines and dates for in-person appearances for my litigation. The December 2024 scheduling order at Dkt. No. 36 included a final pretrial conference at October 3, 2025 at 1:30 p.m., among other deadlines. But it was my understanding that the December 2024 scheduling order was no longer in effect due to the Court's subsequent scheduling order at Dkt. No. 69 signed by Your Honor on May 5, 2025 ("May 2025 Order").

3. On April 30, 2025, the Parties filed a Joint Stipulation to Amend Scheduling Order, requesting specifically "that the Court vacate and supersede its Civil Trial Order, Dkt. No. 36, with the following proposed schedule to resolve this case on cross-motions for summary judgment . . . ." Dkt. No. 67 at 2. The Parties made that request because Plaintiffs' claims in this case arise under the Administrative Procedure Act, and accordingly the Court's review is based on the administrative record. *Id*. Therefore, the Parties requested to be excused from requirements of Local Rule 56-1 to 56-4 regarding the filing of a separate

1  "Statement of Uncontroverted Facts" and Civil Trial Order, Dkt. No. 36. *Id*.

2        4.    The Court approved the Parties' proposed schedule for cross-motions for summary judgment in the May 2025 Order, which continued the requirement for mediation to a later date, but did not include a final pretrial conference or other pretrial deadlines. *See* Dkt. 69. I had understood the Court's May 5 Order to establish the entire schedule for the case because the May 5 Order stated: "Upon consideration of the Parties' Joint Stipulation to Amend the Scheduling Order, it is hereby **ORDERED** that the following schedule shall govern this case: . . . ." Dkt. No. 69 at 1.

      5.    Upon receiving the email from Chambers on October 3, 2025, regarding the pre-trial conference, I immediately reached out to both counsel for Plaintiffs and Federal Defendants and organized a call with counsel for Plaintiffs who confirmed they were under the same understanding that the Court's December 4, 2024 Civil Trial Order had been superseded and that they were unaware that the October 3, 2025 final pretrial conference was still on calendar. See Exhibit 1. Additionally, upon receiving an automatic email notice from counsel for Federal Defendants that he had been furloughed due to the lapse in federal appropriations, I immediately reached out to his supervisors to alert them via email and spoke to the Deputy Chief of the Natural Resources Section. We were in the process of working cooperatively to develop an email to Chambers explaining the inadvertent failure to appear when this Honorable Court issued the show cause order. A copy of the email we worked with Plaintiffs' counsel to develop and which was sent to Chambers on October 3, 2025 is attached as Exhibit 2.

      6.    As noted in the email to Chambers, on September 30, 2025, the Parties had conferred and filed a joint status report responding to the Court's September 26, 2025 summary judgment order and explaining our intent "to confer and file a proposed schedule for further proceedings in this matter as soon as

practicable" Dkt. No. 91, understanding that the then anticipated lapse in federal appropriations may require more time to meet and confer on a proposed schedule for the conduct of the case. At no time in the course of the conversations I participated in was there any understanding expressed that there was a final pretrial conference still on calendar later in the week.

7. In my almost 33-year career as an attorney, I have never missed a court hearing. I take my responsibility as an officer of the Court very seriously. I ask the Court not to impose sanctions based upon the circumstances here.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 10, 2025 in Washington, D.C.

_____
Janice M. Schneider