Kristen Monsell (CA Bar No. 304793)
Email: kmonsell@biologicaldiversity.org
Miyoko Sakashita (CA Bar No. 239639)
Email: miyoko@biologicaldiversity.org
Julie Teel Simmonds (CA Bar No. 208282)
Email: jteelsimmonds@biologicaldiversity.org
Center for Biological Diversity
2100 Franklin St., Suite 375
Oakland, CA 94612
Phone: (510) 844-7137
Facsimile: (510) 844-7150

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., | Case No. 2:24-cv-05459-MWC-MAA |
| *Plaintiffs*, | **PLAINTIFFS' OPPOSITION TO FEDERAL DEFENDANTS' EX PARTE APPLICATION FOR A STAY PENDING LAPSE IN APPROPRIATIONS** |
| v. | |
| DOUG BURGUM, et al., | |
| *Federal Defendants*, | Honorable Michelle Williams Court United States District Judge |
| SABLE OFFSHORE CORP., | |
| *Intervenor-Defendant*. | |

Plaintiffs oppose Federal Defendants' *ex parte* application for a stay of "all proceedings in this matter until Congress has restored appropriations" (Dkt. No. 99 ¶ 3) — an unknown and potentially lengthy amount of time. Plaintiffs recognize the challenges posed by the lapse in federal appropriations, and Plaintiffs therefore do not oppose a limited stay until November 3, 2025. Federal Defendants have not met their burden to demonstrate an indefinite stay is warranted, and Plaintiffs would be prejudiced by such a stay.

Indefinite stays are disfavored. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) ("Generally, stays should not be indefinite in nature."). An indefinite stay is prejudicial where "there is even a fair possibility" that the stay may cause harm to the other party. *Landis v. North American Co.*, 299 U.S. 248, 255 (1936).

The party seeking a stay "has the burden to 'make out a clear case of hardship or inequity in being required to go forward,'" and "'the competing interests which will be affected by the granting or refusal to grant a stay must be weighed.'" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2004) (quoting *Landis*, 299 U.S. at 255, 268).

Here, Federal Defendants have not met their burden. The only asserted basis for any stay is the limited work authorized for counsel during the shutdown. This cursory contention does not justify any indefinite stay. Any burden on Federal Defendants is minimal because litigation work can and should be authorized for counsel when required to comply with a deadline set by this Court. The Antideficiency Act specifically permits federal activities that are "authorized by

1

law" to continue during a lapse in appropriations, 31 U.S.C. § 1342, and the Department of Justice has in other cases interpreted this to mean that it will continue with civil litigation when subject to a court-ordered deadline. *See* U.S. Department of Justice FY 2026 Contingency Plan, at 3 (Sept. 29, 2025), https://www.justice.gov/jmd/media/1377216/dl ("If a court . . . orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue."); *see also S.A. v. Trump*, 2019 U.S. Dist. LEXIS 5742, at *3 (N.D. Cal. Jan. 11, 2019) (denying motion to stay due to lapse of appropriations act funding, noting that the court's order "constitutes express legal authorization for the government to continue litigating this case under the Antideficiency Act.").

     Plaintiffs' interests are harmed by an indefinite stay of this case because, during its pendency, activities continue in furtherance of a restart of offshore oil production, transport, and other operations at the Santa Ynez Unit. Plaintiffs understand that Sable Offshore Corp. seeks to restart the Santa Ynez Unit before the end of the year and that Federal Defendants may continue to authorize Applications for Permits to Modify or other approvals in the coming months. For example, according to Sable Offshore Corp.'s 8-K filed with the SEC on October 9, 2025, the company has submitted an updated development and production plan for the Santa Ynez Unit to the Bureau of Ocean Energy Management for approval. As described in agency contingency plans, Federal Defendants will continue to authorize certain oil and gas activities, including permitting drilling and processing exploration and development plans, despite the federal government shutdown.

Bureau of Ocean Energy Management, Contingency Plan at 3–4 (Sept. 2025), https://www.doi.gov/sites/default/files/documents/2025-09/doi-boem-contingency-plan2025930508.pdf. Federal Defendants have not issued any shutdown orders for operations at the Santa Ynez Unit to ensure that a full restart does not occur. This means that they could approve additional activities at the Santa Ynez Unit — which are at the core of this case — during the federal government shutdown. Meanwhile, this case about the adequacy of environmental review of the restart activities at the Santa Ynez Unit remains unresolved. Thus, an indefinite stay of the proceedings in this case harms Plaintiffs' interests.

  As proposed by Plaintiffs, an order for a limited stay until November 3rd, after which the Parties would confer on next steps and propose a timeframe for the case to proceed, requires only minimal work by counsel.

  For these reasons, Plaintiffs respectfully oppose an indefinite stay and request that this Court limit the duration of the stay to November 3rd and order the Parties to submit a joint status report by November 10 that includes a proposed schedule for how to proceed with this case.

Respectfully submitted on October 11th, 2025.

          */s/ Miyoko Sakashita*
          Kristen Monsell (CA Bar No. 304793)
          Email: kmonsell@biologicaldiversity.org
          Miyoko Sakashita (CA Bar No. 239639)
          Email: miyoko@biologicaldiversity.org
          Julie Teel Simmonds (CA Bar No. 208282)
          Email: jteelsimmonds@biologicaldiversity.org

CENTER FOR BIOLOGICAL DIVERSITY
2100 Franklin St., Suite 375
Oakland, CA 94612
Phone: (510) 844-7137
Facsimile: (510) 844-7150

*Attorneys for Plaintiffs*