Kristen Monsell (CA Bar No. 304793)
Email: kmonsell@biologicaldiversity.org
Miyoko Sakashita (CA Bar No. 239639)
Email: miyoko@biologicaldiversity.org
Julie Teel Simmonds (CA Bar No. 208282)
Email: jteelsimmonds@biologicaldiversity.org
CENTER FOR BIOLOGICAL DIVERSITY
2100 Franklin St., Suite 375
Oakland, CA 94612
Phone: (510) 844-7137
Facsimile: (510) 844-7150

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> DOUG BURGUM, et al., <br><br> *Defendants*, <br><br> SABLE OFFSHORE CORP., <br><br> *Intervenor-Defendant.* | Case No. 2:24-cv-05459-MWC-MAA <br><br> **JOINT STATUS REPORT AND PROPOSED SCHEDULING ORDER** |

Pursuant to this Court's order of October 16, 2025, Dkt. No. 101, Plaintiffs, Federal Defendants, and Intervenor-Defendant hereby provide the following status report and proposed schedules for further proceedings.

I.  **Current Status of the Case**

Plaintiffs' currently operative First Supplemental and Amended Complaint for Declaratory and Other Relief, Dkt. No. 38-2, alleges four causes of action:

- First Cause of Action: alleges that the Bureau of Safety and Environmental Enforcement ("BSEE") violated the Outer Continental Shelf Lands Act ("OCSLA") and Administrative Procedure Act ("APA") in approving a 2023 extension of time to resume operations for offshore leases ("2023 Extension");
- Second Cause of Action: alleges that BSEE violated the National Environmental Policy Act ("NEPA") and the APA in approving the 2023 Extension relying on a categorical exclusion ("CatEx");
- Third Cause of Action: alleges that BSEE violated NEPA and the APA by approving applications for permits to modify ("APM") for well-reworking operations at existing wells relying on CatExs;
- Fourth Cause of Action: alleges that BSEE violated NEPA by failing to supplement existing NEPA analysis or prepare a new NEPA analysis.

In their cross-motions for summary judgment, Federal Defendants, Dkt. No. 75, and Intervenor-Defendant, Dkt. No. 76-1, raised multiple arguments, including (1) that Plaintiffs' claims challenging the 2023 Extension are moot because on May 28, 2025, BSEE relied on an Environmental Assessment ("EA"), and issued a Finding of No Significant Impact ("FONSI") and on May 29, 2025 BSEE issued a corresponding decision under OCSLA re-affirming the 2023 Extension ("Reevaluation of Santa Ynez Unit Lease Extension"); (2) that Plaintiffs' claims challenging the APMs are moot because the work under the two approved APMs was completed and cannot be undone; (3) that the 2023 Extension complied with OCSLA and NEPA, with the Federal Defendants also arguing that the national

interest determination is committed to agency discretion; (4) that the APM approvals complied with NEPA; and (5) that BSEE has no obligation to supplement its prior NEPA analyses for the Santa Ynez Unit because there is no ongoing major federal action.

On September 24, 2025, the Court denied all three cross-motions for summary judgment, Dkt. No. 89, and issued its order of October 16, 2025, Dkt. No. 101, requiring the Parties to meet and confer to develop a schedule for the conduct of the case going forward.

## II.   Proposed Schedule

Plaintiffs plan to file an amended/supplemental complaint that will add claims challenging Federal Defendants' May 28, 2025 EA/FONSI on the ExxonMobil/Sable Offshore Corporation Lease Extension of the Santa Ynez Unit; and Federal Defendants' May 29, 2025 Reevaluation of Santa Ynez Unit Lease Extension. Federal Defendants and Intervenor-Defendant reserve all rights to challenge the amended/supplemental complaint including on jurisdictional grounds.

Based on conversations to date, the Parties believe that there is likely to be substantial disagreement regarding the proper scope of the administrative record and/or Plaintiffs' ability to take limited discovery on their new claims—a dispute they will likely need the Court to resolve. Specifically, it is Federal Defendants' and Intervenor-Defendant's position that the Court's review must be limited to the administrative record, and discovery would not be appropriate here. *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1435-38 (9th Cir. 1988), *amended*, 867 F.2d 1244 (9th Cir. 1989) (upholding district court decision in APA and NEPA case to limit the scope of review to the administrative record and prohibit discovery where plaintiffs had not demonstrated exception applied to the general rule that review of agency action is limited to the administrative record). Plaintiffs disagree with this

position given the Court's decision on summary judgment in this case.

Accordingly, the Parties agree that any schedule should be initially limited to a briefing schedule for a motion to complete the administrative record and/or motion for leave to seek discovery, with the Parties then filing a proposed schedule for resolving the merits of the case within 14 days of the Court's resolution of the scope of the administrative record and/or discovery-related motion.

Plaintiffs propose the following schedule:

| | |
|---|---|
| Plaintiffs file amended/supplemental complaint | November 10, 2025 |
| Federal Defendants' and Intervenor-Defendant's deadline to file their respective answer or motion to dismiss Plaintiffs' amended/supplemental complaint | November 24, 2025 |
| Federal Defendants file the updated administrative record on Plaintiffs' amended/supplement complaint | December 19, 2025 |
| Plaintiffs' and Intervenor-Defendant's deadline to file any motion to complete the administrative record and/or for leave to seek discovery | January 16, 2026 |
| Deadline for any Party to file any opposition to such motion(s) | February 13, 2026 |
| Plaintiffs' and Intervenor-Defendant's deadline to reply in support of their respective motion(s) to complete the administrative record and/or for leave to seek discovery | February 27, 2026 |
| Hearing on any motion(s) by Plaintiffs and/or Intervenor-Defendant to complete the record and/or for leave to seek discovery | March 13, 2026 |
| Joint proposed schedule for further proceedings to resolve the merits of the case | Within 14 days of the Court's order resolving Plaintiffs' and/or Intervenor-Defendant's |

|  | motion(s) to complete the record and/or for leave to seek discovery |
|---|---|

In light of the ongoing lapse in federal appropriations, Federal Defendants propose the following schedule, which would be tied to the date on which appropriations are restored:

| Plaintiffs file amended/supplemental complaint | 7 days from the date appropriations are restored |
|---|---|
| Federal Defendants' and Intervenor-Defendant's deadline to file their respective answer or motion to dismiss Plaintiffs' amended/supplemental complaint | 21 days from amended/supplemental complaint deadline |
| Federal Defendants file the updated administrative record on Plaintiffs' amended/supplement complaint | 28 days from complaint response deadline |
| Plaintiffs' and Intervenor-Defendant's deadline to file any motion to complete the administrative record and/or for leave to seek discovery | 28 days from administrative record deadline |
| Deadline for any Party to file any opposition to such motion(s) | 28 days from administrative record/discovery motion deadline |
| Plaintiffs' and Intervenor-Defendant's deadline to reply in support of their respective motion(s) to complete the administrative record and/or for leave to seek discovery | 14 days from opposition deadline |
| Hearing on any motion(s) by Plaintiffs and/or Intervenor-Defendant to complete the record and/or for leave to seek discovery | 14 days from reply deadline |
| Joint proposed schedule for further proceedings to resolve the merits of the case | Within 14 days of the Court's order resolving |

|   | Plaintiffs' and/or Intervenor-Defendant's motion(s) to complete the record and/or for leave to seek discovery |
|---|---|

Intervenor-Defendant joins Federal Defendants' proposed schedule.

In the event no administrative record or discovery-related motion is filed, the Parties will propose a schedule for resolving the merits of the case within 14 days of the deadline for Plaintiffs/Intervenor-Defendant to file a motion to complete the administrative record and/or motion for leave to seek discovery. The Parties reserve the right to reassert any arguments previously raised in their respective motions for summary judgment that were not decided by the Court's Order dated September 24, 2025 denying summary judgment, Dkt. 89.

Respectfully submitted this 3rd day of November 2025,

/s/ Kristen Monsell
Kristen Monsell (CA Bar No. 304793)
Email: kmonsell@biologicaldiversity.org
Miyoko Sakashita (CA Bar No. 239639)
Email: miyoko@biologicaldiversity.org
Julie Teel Simmonds (CA Bar No. 208282)
Email: jteelsimmonds@biologicaldiversity.org
CENTER FOR BIOLOGICAL DIVERSITY
2100 Franklin St., Suite 375
Oakland, CA 94612
Phone: (510) 844-7100
Fax: (510) 844-7150

*Attorneys for Plaintiffs*

LATHAM & WATKINS LLP

/s/ Daniel P. Brunton
Daniel P. Brunton (Bar No. 218615)

Joint Status Report and Proposed Schedule                                         6

Email: daniel.brunton@lw.com
12670 High Bluff Drive
San Diego, CA 92130
Tel.: (858) 523-5400
Fax: (858) 523-5450

Michael G. Romey (Bar No. 137993)
Email: michael.romey@lw.com
355 South Grand Avenue, Suite 400
Los Angeles, CA 90071-1560
Tel.: (213) 485-1234
Fax: (213) 891-8763

Janice M. Schneider (*Pro Hac Vice*)
Email: janice.schneider@lw.com
Devin M. O'Connor (*Pro Hac Vice*)
Email: devin.o'connor@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Tel.: (202) 637-2200
Fax: (202) 637-2201

*Attorneys for Intervenor-Defendant Sable Offshore Corp.*

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

*/s/ Daniel C. Luecke*
DANIEL C. LUECKE
Trial Attorney, Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 598-7863
Email:   daniel.luecke@usdoj.gov

*Counsel for Federal Defendants*