ADAM R.F. GUSTAFSON, Principal Deputy Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

DANIEL LUECKE (CA Bar No. 326695)
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 598-7863 (Luecke)
Fax: (202) 305-0275
Email: daniel.luecke@usdoj.gov

*Attorneys for Federal Defendants*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

---

|  |  |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY; WISHTOYO FOUNDATION, | ) ) ) |
| *Plaintiffs*, | ) Case No. 2:24-cv-05459-MWC- ) MAA |
| v. | ) ) |
| DOUG BURGUM, et al., | ) **FEDERAL DEFENDANTS'** ) **ANSWER TO SECOND** ) **SUPPLEMENTAL AND** ) **AMENDED COMPLAINT** |
| *Federal Defendants*, | ) ) |
| and | ) ) |
| SABLE OFFSHORE CORP., | ) ) |
| *Intervenor-Defendant*. | ) ) |

---

Federal Defendants Doug Burgum, in his official capacity as Secretary of the United States Department of the Interior; the Bureau of Safety and Environmental

Enforcement ("BSEE"); and Bobby Kurtz, in his official capacity as Acting BSEE Pacific Regional Director submit the following Answer to Plaintiffs Center for Biological Diversity and Wishtoyo Foundation's Second Supplemental and Amended Complaint for Declaratory and Other Relief (ECF No. D-104). The paragraph numbers in the Answer correspond to the paragraph numbers in Plaintiffs' Second Supplemental and Amended Complaint.

## INTRODUCTION

1.      Federal Defendants deny the allegations in Paragraph 1.

2.      Federal Defendants aver regarding the first sentence of Paragraph 2 that ExxonMobil shut down its oil and gas operations in the Santa Ynez Unit in 2015 due to a ruptured onshore pipeline. Federal Defendants admit the allegations in second sentence of Paragraph 2. Federal Defendants admit the allegations in the third sentence of Paragraph 2. Federal Defendants admit that the spill killed birds and marine mammals and closed beaches and fisheries along the coast but lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in the third sentence of Paragraph 2 and deny them on that basis.

3.      Federal Defendants admit the allegations in Paragraph 3.

4.      The allegations in Paragraph 4 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 4.

5.      The allegations in Paragraph 5 are vague and ambiguous. Federal Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis.

6.      The allegations in the first and second sentences of Paragraph 6 are conclusions of law that require no response. To the extent a response is required, Federal Defendants deny the allegations in the first and second sentences of

Paragraph 6. Federal Defendants deny the allegations in the third sentence of Paragraph 6.

7.    Federal Defendants deny the allegations in Paragraph 7.

8.    Federal Defendants deny the allegations in Paragraph 8.

9.    The allegations in Paragraph 9 are conclusions of law that require no response. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 9.

10.    Federal Defendants admit the allegations in Paragraph 10.

11.    The allegations in the first sentence of paragraph 11 are conclusions that require no response. Federal Defendants deny the allegations in the second sentence of Paragraph 11.

12.    Federal Defendants deny the allegations in Paragraph 12.

13.    Federal Defendants deny the allegations in Paragraph 13.

14.    Federal Defendants deny the allegations in the first sentence of Paragraph 14. The allegations in the second sentence of Paragraph 14 are vague and ambiguous. Federal Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis.

15.    The allegations in Paragraph 15 characterize Plaintiffs' lawsuit and require no response.

16.    Federal Defendants aver that on May 28, 2025, BSEE issued both an EA and FONSI under the National Environmental Policy Act ("NEPA") and that it also reaffirmed its decision to extend the leases on May 29, 2025. The remaining allegations in Paragraph 16 are vague and ambiguous. Federal Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis.

17.    Federal Defendants admit the allegations in Paragraph 17.

18.     The allegations in Paragraph 18 purport to characterize a July 25, 2025 BSEE press release, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language of the press release are denied.

19.     The allegations in Paragraph 19 characterize Plaintiffs' lawsuit and require no response.

20.     The allegations in Paragraph 20 are vague and ambiguous. Federal Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis.

## JURISDICTION AND VENUE

21.     The allegations in Paragraph 21 are conclusions of law that require no response. To the extent a response is required, Federal Defendants admit jurisdiction is proper and deny the remaining allegations.

22.     The allegations in Paragraph 22 are conclusions of law that require no response. To the extent a response is required, Federal Defendants admit venue is proper and deny the remaining allegations.

23.     The allegations in Paragraph 23 are conclusions of law that require no response. To the extent a response is required, Federal Defendants admit this Court has subject matter jurisdiction and deny the remaining allegations.

## PARTIES

24.     Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 24 and deny them on that basis.

25.     Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 25 and deny them on that basis.

26.     Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 26 and deny them on that basis.

27.     Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 27 and deny them on that basis.

28.     Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 28 and deny them on that basis.

29.     Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 29 and deny them on that basis.

30.     Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 30 and deny them on that basis.

31.     The allegations in the first and second sentences of Paragraph 31 are vague and ambiguous and on that basis the Federal Defendants deny them. However, Federal Defendants aver that certain oil and gas activities inherently present a risk of oil spills, and those risks are minimized through proper monitoring, maintenance, and BSEE oversight of operations and facilities.

32.     Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 32 and deny them on that basis.

33.     Federal Defendants admit that approving the permits aids in restarting oil and gas activities. The remaining allegations in Paragraph 33 are vague and ambiguous, and Federal Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegation and deny them on that basis.

34.     The allegations in Paragraph 34 are vague and ambiguous. Federal Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegation and deny them on that basis.

35.     Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 35 and deny them on that basis.

36.     Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the two sentences of Paragraph 36 and deny them on that basis.

37.     Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 37 and deny them on that basis.

38.     Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 38 and deny them on that basis.

39.     Federal Defendants admit the allegations in Paragraph 39.

40.     Federal Defendants admit the allegations in Paragraph 40.

41.     Federal Defendants admit the allegations in Paragraph 41.

## STATUTORY BACKGROUND

42.     The allegations in Paragraph 42 purport to characterize the Outer Continental Shelf Lands Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

43.     The allegations in Paragraph 43 purport to characterize 43 U.S.C. §§ 1332(3), 1802(2), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

44.     The allegations in Paragraph 44 purport to characterize the Supreme Court's decision in *Sec'y of the Interior v. California*, 464 U.S. 312 (1984), which

speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

45.     The allegations in Paragraph 45 purport to characterize 43 U.S.C. §§ 1337(a)(1), 1337(b)(4), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

46.     The allegations in Paragraph 46 purport to characterize 43 U.S.C. §§ 1337(b)(2)(A), 1337(b)(2), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

47.     The allegations in Paragraph 47 purport to characterize 43 U.S.C. § 1334(a), of the Outer Continental Shelf Lands Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

48.     The allegations in Paragraph 48 purport to characterize 43 U.S.C. § 1334(a)(1) of the Outer Continental Shelf Lands Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

49.     The allegations in Paragraph 49 purport to characterize regulations at 30 C.F.R. § 550.101 and 30 C.F.R. § 250.180(e), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

50.     The allegations in Paragraph 50 purport to characterize regulations at 30 C.F.R. § 250.180(a)(2) and 30 C.F.R. § 250.180(d), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

51.     The allegations in Paragraph 51 purport to characterize regulations at 30 C.F.R. § 250.180(e), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

52.    The allegations in the first sentence of Paragraph 52 purport to characterize the regulations at 30 C.F.R. § 250.169(a), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied. The allegations in the second sentence of Paragraph 52 purport to characterize the Ninth Circuit's decision in *California v. Norton*, 311 F.3d 1162 (9th Cir. 2002), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

53.    The allegations in Paragraph 53 purport to characterize regulations at 30 C.F.R. § 250.1710 and 30 C.F.R. § 250.1725(a), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

54.    The allegations in Paragraph 54 purport to characterize the National Environmental Policy Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

55.    The allegations in Paragraph 55 purport to characterize the Supreme Court's decision in *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332 (1989), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

56.    The allegations in Paragraph 56 purport to characterize 42 U.S.C. §§ 4332(2)(C) and 4336e(10)(A) of the National Environmental Policy Act, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

57.    The allegations in Paragraph 57 purport to characterize 42 U.S.C. §§ 4332(2)(C)(i) and 4332(C)(iii) of the National Environmental Policy Act, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

58.    The allegations in Paragraph 58 purport to characterize regulations at 40 C.F.R. § 1501.5, which speak for themselves and are the best evidence of its

contents. Any allegations contrary to the plain language are denied. Similarly, the allegations in the first sentence of footnote 1 in Paragraph 58 purport to characterize 42 U.S.C. § 4336(b), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied. The allegations in the second sentence of footnote 1 characterize Plaintiffs' legal strategy, to which no response is required.

59.    The allegations in Paragraph 59 purport to characterize regulations at 40 C.F.R. § 250.1501.4 and § 42 U.S.C. § 4336e(1), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

60.    The allegations in Paragraph 60 purport to characterize 516 DM § 15.4(C)(7) in DOI's Departmental Manual, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

61.    The allegations in Paragraph 61 purport to characterize 516 DM § 15.4(C)(12) and 516 DM § 15.4(C)(14) in DOI's Departmental Manual, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

62.    The allegations in Paragraph 62 purport to characterize 43 C.F.R. § 46.205(a) of the National Environmental Policy Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

63.    The allegations in Paragraph 63 purport to characterize 43 C.F.R. § 46.205(c) of the National Environmental Policy Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

64.    The allegations in Paragraph 64 purport to characterize 43 C.F.R. § 46.215 of the National Environmental Policy Act, which speaks for itself and is the

best evidence of its contents. Any allegations contrary to the plain language are denied.

65.     Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 65 and deny them on that basis.

66.     The allegations in Paragraph 66 purport to characterize 42 U.S.C. § 4332(2)(D)–(E) of the National Environmental Policy Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

67.     The allegations in Paragraph 67 purport to characterize the Ninth Circuit's  decisions in *Pit River Tribe v. U.S. Forest Serv.*, 469 F.3d 768, 785–86 (9th Cir. 2006) and *Metcalf v. Daley*, 214 F.3d 1135, 1142 (9th Cir. 2000), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

68.     The allegations in the first sentence of Paragraph 68 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. The allegations in the second sentence of Paragraph 68 purport to characterize 42 U.S.C. § 4336b(2), which is the best evidence of its contents. Any allegations contrary to the plain language are denied.

69.     The allegations in Paragraph 69 purport to characterize regulations at 40 C.F.R. § 1502.9(d)(1) and § 1502.9(d)(2), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied. Footnote 2 purports to characterize *California v. Norton*, 311 F.3d 1162 at 1167, 1173 n.2 (9th Cir. 2002), *Marsh v. Or. Nat. Res. Def. Council*, 490 U.S. 360, 370–74 (1989), and Departmental Manual, 516 DM 1 § 3.6, which are the best evidence of their contents. Any allegations contrary to the plain language are denied.

70.    The allegations in Paragraph 70 purport to characterize the Administrative Procedure Act, and specifically 5 U.S.C. §§ 706(2)(A), (D) which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

71.    The allegations in Paragraph 71 purport to characterize 5 U.S.C. § 706(1) of the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

## FACTUAL BACKGROUND

72.    Federal Defendants admit the allegations in Paragraph 72.

73.    Federal Defendants admit the allegations in Paragraph 73.

74.    Federal Defendants admit the allegations in Paragraph 74.

75.    Federal Defendants admit the allegations in the first sentence of Paragraph 75. The allegations in the second sentence of Paragraph 75 purport to characterize ExxonMobil's development plan for the Santa Ynez Unit, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied. Federal Defendants admit in the third sentence of Paragraph 75 that production began in 1981 but deny the remainder of the allegations in Paragraph 75. Federal Defendants admit the allegations in the fourth sentence of Paragraph 75.

76.    Federal Defendants aver that BSEE's records indicate that Sable Offshore Corp. is the lessee and operator of Platforms Harmony, Heritage, and Hondo and lessee on the leases in the Santa Ynez Unit. Federal Defendants otherwise admit the allegations in Paragraph 76.

77.    Federal Defendants admit that the change in ownership occurred after the May 20, 2015, oil spill and deny the remainder of the allegations in the first sentence of Paragraph 77. The allegations in the second sentence of Paragraph 77 are vague and ambiguous. Federal Defendants therefore lack knowledge or

information sufficient to form a belief about the truth of the allegation and deny them on that basis.

78. The allegations in Paragraph 71 are vague and ambiguous. Federal Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis.

79. Federal Defendants admit the allegations in the first and second sentences of Paragraph 79. The third sentence purports to characterize statements operators of the other offshore platforms, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied. Federal defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence of Paragraph 79 and deny them on that basis.

80. The allegations in the first two sentences of Paragraph 80 purport to characterize lease extension requests from Exxon and subsequent approvals by BSEE, which speak for themselves and are the best evidence of their contents. All allegations inconsistent with the plain language are denied. Federal Defendants admit the third sentence in Paragraph 80. The allegations in the fourth and fifth sentences of Paragraph 80 are legal conclusions, to which no response is required. The allegations in the first clause of the sixth sentence purport to characterize statements made by Sable, which speak for themselves, and the allegations in the second clause of the sixth sentence are legal conclusions to which no response is required. Federal Defendants deny the allegations in the seventh sentence of Paragraph 80.

81. Federal Defendants admit the allegations in the first sentence of Paragraph 81. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 81 and deny them on that basis.

82.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 and deny them on that basis.

83.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83 and deny them on that basis. The allegations in Footnote 3 in Paragraph 83 purport to characterize a report filed by Sable with the Security and Exchange Commission, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language of the report are denied. Federal Defendants admit the allegations in the last sentence of Footnote 3.

84.     Federal Defendants deny the allegations in Paragraph 84.

85.     Federal Defendants admit the allegations in Paragraph 85.

86.     The allegations in Paragraph 86 purport to characterize BSEE's NEPA categorical exclusion review of the relevant APMs, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

87.     The allegations in Paragraph 87 are vague and ambiguous. Federal Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis.

88.     Federal Defendants admit the allegations in Paragraph 88.

89.     Federal Defendants admit in the first sentence of Paragraph 89 that BSEE filed a motion for voluntary remand on December 20, 2024, based on concerns regarding potential deficiencies in its 2023 extension decision and supporting analysis, but deny the remaining allegations in Paragraph 89. The allegations in the second sentence of Paragraph 89 constitutes a conclusion of law to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. The third sentence in Paragraph 89 purports to characterize the court's March 21, 2025, decision, which speaks for itself and is the

best evidence of its contents. Any allegations contrary to the plain language of the Court's decision are denied.

90.    The allegations in Paragraph 90 purport to characterize a May 19, 2025, announcement by Sable, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language of the announcement are denied.

91.    Federal Defendants admit that on May 28, 2025, BSEE issued an EA/FONSI evaluating the environmental impacts of issuing the Santa Ynez Unit lease extensions; that on May 29, 2025, BSEE issued a decision re-evaluating its prior approval of the 2023 lease extension decision relying on information in the EA/FONSI; and that the 2025 decision reaffirms BSEE's 2023 lease extensions decision, concluding that granting the lease extensions is in the national interest. The remainder of the allegations in Paragraph 91 are denied.

92.    Federal Defendants admit the allegations in Paragraph 92.

93.    Paragraph 93 purports to characterize a July 25, 2025, press release by the Department of the Interior, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language of the press release are denied.

94.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 94 and deny them on that basis. The allegations in the second sentence of Paragraph 94 purport to characterize a September 27, 2024, notice issued by the California Coastal Commission, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language of the notice are denied. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first clause of the third sentence of Paragraph 94 and deny them on that basis. The remaining allegations in the third sentence of Paragraph 94 purport to characterize an October 4, 2024, letter sent by the

California Coastal Commission, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language of the letter are denied. The allegations in the fourth and fifth sentences of Paragraph 94 purport to characterize a November 12, 2024, cease-and-desist order issued by the California Coastal Commission, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language of the order are denied. The allegations in the sixth sentence of Paragraph 94 purport to characterize a February 18, 2025, cease-and-desist order issued by the California Coastal Commission, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language of the order are denied. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the seventh and eighth sentences of Paragraph 94 and deny them on that basis. The allegations in the ninth sentence of Paragraph 94 purport to characterize an October 2025 ruling by a Santa Barbara County Superior Court judge, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language of the ruling are denied.

95.    Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 95 and deny them on that basis. The allegations in the second sentence of Paragraph 95 purport to characterize a September 26, 2024, letter to Sable from the California Geologic Energy Management Division, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language of the letter are denied. The allegations in the third sentence of Paragraph 95 purport to characterize a December 13, 2024, violation and non-compliance notices issued to Sable by the Central Coast Regional Water Quality Control Board, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language of the notice are denied. The allegations in the fourth sentence of Paragraph 95 purport to characterize a December 17, 2024, notice of violation

issued to Sable by the California Department of Fish and Wildlife, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language of the notice are denied.

96.     The allegations in Paragraph 96 purport to characterize criminal charges filed against Sable by the Santa Barbara County District Attorney, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of the charges are denied.

97.     The allegations in Paragraph 97 purport to characterize charges filed against Sable by the California Attorney General, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of the charges are denied.

98.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations Paragraph 98 and deny them on that basis.

99.     The allegations in Paragraph 99 are vague and ambiguous. Federal Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis.

100.    Federal Defendants deny the allegations in the first two sentences of Paragraph 100 but aver that certain oil and gas activities inherently present a risk of oil spills and those risks are minimized through proper monitoring, maintenance, and BSEE oversight of operations and facilities. With respect to the allegations in sentences three through seven of Paragraph 100, Federal Defendants admit that oil spills can cause various forms of environmental harm. Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of Plaintiffs' remaining allegations in sentences three through seven of Paragraph 100 and deny them on that basis.

101.    The allegations in the first sentence of Paragraph 101 are vague and ambiguous. Federal Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis.

However, Federal Defendants aver that some degree of exposure to oil could have adverse effects on fish. Federal Defendants otherwise lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 101 and deny them on that basis.

102.    Federal Defendants aver that, depending on the specific circumstances of an oil spill event at the Santa Ynez Unit, the species Plaintiff identifies could be susceptible. Federal Defendants otherwise deny the allegations in Paragraph 102.

103.    Federal Defendants deny the allegations in the first and third sentences of Paragraph 103 and admit the allegations in the second sentence of Paragraph 103.

104.    Federal Defendants deny the allegations in the first sentence of Paragraph 104 but aver that oil spill and accident risks are presented by certain oil and gas activities and can be minimized through proper monitoring, maintenance, and BSEE oversight of wells and facilities. Federal Defendants deny the allegations in the second sentence of Paragraph 104, and aver that the Plains All American Pipeline was not in the Santa Ynez Unit. The allegations in the third sentence of Paragraph 104 purport to characterize the environmental analysis prepared by the Bureau of Land Management and California State Lands Commission in 1985, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language of that analysis.

105.    The allegations in sentences 1 through 5 of Paragraph 105 purport to characterize certain unidentified studies. Federal Defendants thus lack information and knowledge sufficient to form a belief as to the truth of the allegations in these sentences and deny them on that basis. The allegations in the sixth sentence of Paragraph 105 purport to characterize Pipeline and Hazardous Materials Safety Administration's pipeline risk indicator, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

106.    Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 106 and deny them on that basis.

107.    The allegations in Paragraph 107 purport to characterize certain unidentified federal records. Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 107 and deny them on that basis.

108.    Federal Defendants admit the allegations in the first sentence of Paragraph 108. The allegations in the second and third sentences of Paragraph 108 are vague and ambiguous. Federal Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis. The allegations in the fourth sentence of Paragraph 108 purport to characterize a statement by ExxonMobil without further identifying information. Federal Defendants thus lack information and knowledge sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 108 and deny them on that basis.

109.    Federal Defendants aver that certain activities associated with oil and gas production can emit fine particulate matter and volatile organic compounds but otherwise deny the allegations in the first sentence of Paragraph 109. The second sentence in Paragraph 109 amounts to a legal conclusion that requires no response. Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the third, fourth, and fifth sentences in Paragraph 109 and deny them on that basis.

110.    Federal Defendants aver that oil and gas drilling can involve the discharge of drilling muds and cuttings, produced wastewater, and/or well treatment and workover fluids but otherwise deny the allegations in the first sentence of Paragraph 110. The allegations in the second sentence of Paragraph 110 purport to characterize a NDPES permit issued by the US EPA for oil and gas

exploration, development, and production facilities on the California Outer Continental Shelf, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language. The allegations in the third sentence of Paragraph 110 are vague and ambiguous are vague and ambiguous. Federal Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis.

111.    The allegations in the first and second sentences of Paragraph 111 are vague and ambiguous and Federal Defendants therefore lack knowledge or information sufficient to form a belief as to their truth and deny them on that basis. Federal Defendants admit the allegations in the third and fourth sentences of Paragraph 111. Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the fifth sentence in Paragraph 111 and deny them on that basis.

112.    Federal Defendants aver that oil and gas activities can involve and lead to the burning of fossil fuels, which contributes to climate change. The allegations in the first sentence of Paragraph 112 are otherwise vague and ambiguous. Federal Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegation and deny them on that basis. Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the remaining sentences in Paragraph 112 and deny them on that basis.

113.    The allegations in Paragraph 113 purport to characterize various BSEE decisions and ExxonMobil applications, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of those documents. With respect to the allegations in the last sentence of Paragraph 113, Defendants

admit that the lease extension granted to ExxonMobil on November 14, 2023, expired at midnight on December 13, 2024.

114.    The allegations in Paragraph 114 purport to characterize BSEE's November 2023 decision to grant an extension, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language of that decision are denied.

115.     The allegations in Paragraph 115 purport to characterize BSEE's November 2023 decision to grant an extension, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language of the decision are denied.

116.    The allegations in Paragraph 116 purport to characterize BSEE's November 2023 decision to grant an extension, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language of the decision are denied.

117.    The allegations in Paragraph 117 purport to characterize BSEE's November 2023 decision to grant an extension, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language of the decision are denied.

118.    Federal Defendants admit the allegations in Paragraph 118.

119.    The allegations in Paragraph 119 purport to characterize BSEE's categorical exclusion review, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language of the review are denied.

120.    The allegations in Paragraph 120 purport to characterize BSEE's categorical exclusion review, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language of the review are denied.

121.    The allegations in Paragraph 121 purport to characterize BSEE's categorical exclusion review, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language of the review are denied.

122.   The allegations in Paragraph 122 purport to characterize BSEE's categorical exclusion review, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language of the review are denied.

123.   The allegations in Paragraph 123 purport to characterize BSEE's categorical exclusion review, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language of the review are denied.

124.   The allegations in Paragraph 124 purport to characterize BSEE's categorical exclusion review, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language of the review are denied.

125.   Federal Defendants deny the allegations in Paragraph 125.

126.   The allegations in the first sentence of Paragraph 126 purport to characterize a February 2023 letter from Plaintiffs to BSEE, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language of the letter are denied. BSEE denies the allegations in the second sentence of Paragraph 126. BSEE admits the allegations in the third sentence of Paragraph 126.

127.   Federal Defendants admit the allegations in Paragraph 127.

128.   Federal Defendants admit the allegations in Paragraph 128.

129.   The allegations in the first two sentences of Paragraph 129 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants admit that BSEE relied on a categorical exclusion to approve Sable's Applications for Permits to Modify (APMs).

130.   The allegations in Paragraph 130 purport to characterize BSEE's analysis in its NEPA Categorical Exclusion Reviews for the relevant APMs and 516 DM § 15.4(C)(12), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of the reviews are denied.

131.   The allegations in Paragraph 131 purport to characterize BSEE's analysis in its NEPA Categorical Exclusion Reviews for the relevant APMs, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of the reviews are denied.

132.   The allegations in Paragraph 132 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 132.

133.   Federal Defendants deny the allegations in Paragraph 133.

134.   The allegations in Paragraph 134 are legal conclusions that do not require a response. To the extent a response is required, the allegations are denied.

135.   The allegations in Paragraph 135 purport to characterize BSEE's analysis in its NEPA Categorical Exclusion Reviews for the relevant APMs, which are the best evidence of their contents. Any allegations contrary to the plain language of the reviews are denied.

136.   The allegations in Paragraph 136 purport to characterize BSEE's analysis in its NEPA Categorical Exclusion Reviews for the relevant APMs, which are the best evidence of their contents. Any allegations contrary to the plain language of the reviews are denied.

137.   The allegations in Paragraph 137 purport to characterize BSEE's analysis in its NEPA Categorical Exclusion Reviews for the relevant APMs, which are the best evidence of their contents. Any allegations contrary to the plain language of the reviews are denied.

138.   The allegations in Paragraph 138 purport to characterize BSEE's analysis in its NEPA Categorical Exclusion Reviews for the relevant APMs, which are the best evidence of their contents. Any allegations contrary to the plain language of the reviews are denied.

139.   The allegations in Paragraph 139 purport to characterize BSEE's analysis in its NEPA Categorical Exclusion Reviews for the relevant APMs, which

are the best evidence of their contents. Any allegations contrary to the plain language of the reviews are denied.

140.   The allegations in Paragraph 140 purport to characterize BSEE's analysis in its NEPA Categorical Exclusion Reviews for the relevant APMs, which are the best evidence of their contents. Any allegations contrary to the plain language of the reviews are denied.

141.   The allegations in Paragraph 141 purport to characterize BSEE's analysis in its NEPA Categorical Exclusion Reviews for the relevant APMs, which are the best evidence of their contents. Any allegations contrary to the plain language of the reviews are denied.

142.   The allegations in Paragraph 142 purport to characterize BSEE's analysis in its NEPA Categorical Exclusion Reviews for the relevant APMs, which are the best evidence of their contents. Any allegations contrary to the plain language of the reviews are denied.

143.   The allegations in the first sentence of Paragraph 143 are vague and ambiguous. Federal Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis. Federal Defendants deny the allegations in the second sentence of Paragraph 143.

144.   Federal Defendants admit the allegations in the first sentence of Paragraph 144. The second sentence of Paragraph 144 purports to characterize a July 24, 2025, APM, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language of the APM are denied.

145.   The allegations in the first and second sentences of Paragraph 145 purport to characterize BSEE's analysis in its NEPA Categorical Exclusion Reviews for the 2023 lease extensions and 2024 APMs, which are the best evidence of their contents. Any allegations contrary to the plain language of the reviews are denied. Federal Defendants admit that there was an oil spill from an onshore pipeline associated with the Santa Ynez Unit in 2015 but lack information

and knowledge sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 145 and deny them on that basis. The allegations in the fifth sentence of Paragraph 145 are vague and ambiguous. Federal Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis. The allegations in the sixth sentence of Paragraph 145 purport to characterize unidentified analyses by Sable. Federal Defendants thus lack information and knowledge sufficient to form a belief as to the truth of the allegations in the sixth sentence of Paragraph 145 and deny them on that basis.

146.   Federal Defendants deny the allegations in the first sentence of Paragraph 146. The second and third sentences of Paragraph 146 purports to characterize the 1975 EIS for "Oil and Gas Development in the Santa Barbara Channel, Outer Continental Shelf off California," which is the best evidence of its contents. Any allegations contrary to the plain language are denied.

147.   Federal Defendants admit the allegations in Paragraph 147.

148.   The allegations in Paragraph 148 purport to characterize BSEE's permits for the relevant APMs, which are the best evidence of their contents. Any allegations contrary to the plain language of the permits are denied.

149.   The allegations in Paragraph 149 purport to characterize certain unidentified environmental assessments. Federal Defendants thus lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 149 and deny them on that basis.

150.   Federal Defendants admit in the first sentence of Paragraph 150 that two platforms were constructed more than 35 years ago, and one was constructed nearly 50 years ago but deny the remaining allegations in the first sentence of Paragraph 150. The allegations in the second sentence of Paragraph 150 purport to characterize the development plans and environmental analysis associated with the platforms, which speak for themselves and are the best evidence of their contents.

Any allegations contrary to the plain language of the plans and analysis are denied. Federal Defendants deny the allegations in the third sentence of Paragraph 150.

151.    Federal Defendants admit in the first sentence of Paragraph 151 that restarting the Santa Ynez unit will result in oil production but deny the remaining allegations in that sentence. The allegations in the second and third sentences in Paragraph 151 purport to characterize certain development plans and BSEE reports, which are the best evidence of their contents. Any allegations contrary to the plain language of the development plans and reports are denied.

152.    The allegations in the first sentence of Paragraph 152 are vague and ambiguous. Federal Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis. Federal Defendants admit the allegation in the second sentence that ExxonMobil used extended reach drilling but lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 152 and deny them on that basis.

153.    Federal Defendants admit in the first sentence of Paragraph 153 that a National Marine Sanctuary was designated off coastal Santa Barbara in October 2024. The remaining allegations in the first sentence purport to characterize the decision document establishing the Marine Sanctuary, which document speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language are denied. Federal Defendants admit in the second sentence of Paragraph 153 that the Santa Ynez Unit is adjacent to the National Marine Sanctuary off coastal Santa Barbara but deny the remaining allegations in this sentence.

154.    The first two sentences of Paragraph 154 purports to characterize certain "old" NEPA analyses and development plans without further identifying such documents. Federal Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that

basis.  The statements in the third sentence in Paragraph 154 are vague and ambiguous and characterize alleged "new information" and statements by ExxonMobil without further identifying information. Federal Defendants thus lack information and knowledge sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 108 and deny them on that basis. Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 154 and deny them on that basis.

155.   The allegations in Paragraph 155 purport to characterize unnamed NEPA documents. Federal Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis.

156.   The allegations in Paragraph 156 are vague and ambiguous. Federal Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis.

157.   The first sentence in Paragraph 157 amounts to a legal conclusion that requires no response. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the first clause of the second sentence in Paragraph 157 and dent them on that basis. Federal Defendants admit in the second clause of the second sentence in Paragraph 157 that it has issued permits. In the last clause of the second sentence in Paragraph 157, Federal Defendants  admit that BSEE will review permit requests associated with the Santa Ynez Unit according to the facts and law to determine whether they should be approved or denied and deny the remaining allegations in the last clause of the second sentence in Paragraph 157.

158.   Federal Defendants admit the allegations in Paragraph 158.

159.    Federal Defendants admit that oil and gas activity has occurred at the Santa Ynez Unit but deny the remaining allegations in Paragraph 159.

160.    The allegations in Paragraph 160 purport to characterize BSEE's 2025 Santa Ynez Unit lease extensions EA/FONSI, which are the best evidence of their contents. Any allegations contrary to the plain language of the EA/FONSI are denied.

161.    Federal Defendants deny the allegations in the first and third sentence of Paragraph 161. Federal Defendants admit that BSEE issued the EA/FONSI after issuing the 2023 lease extension decision and after filing for a motion for remand to correct possible flaws in its environmental reviews. BSEE also admits that it did not choose to rely on its discretion to halt any further development during the preparation of the EA/FONSI. Federal Defendants deny the remaining allegations in the second sentence of Paragraph 161.

162.    Federal Defendants deny the allegations in the Paragraph 162.

163.    The allegations in Paragraph 163 purport to characterize the 2025 EA/FONSI and Sable's January 2025 Oil Spill Response Plan, which are the best evidence of their contents. Any allegations contrary to the plain language of the EA/FONSI and Oil Spill Response Plan are denied.

164.    The allegations in Paragraph 164 purport to characterize the 2025 EA/FONSI and the Oil Spill Risk Assessment attached as Appendix A, which are the best evidence of their contents. Any allegations contrary to the plain language of the EA/FONSI and Oil Spill Risk Assessment are denied.

165.    The allegations in Paragraph 165 purport to characterize the 2025 EA/FONSI, which is the best evidence of its contents. Any allegations contrary to the plain language are denied.

166.    The allegations in Paragraph 166 purport to characterize the 2025 EA/FONSI, which is the best evidence of its contents. Any allegations contrary to the plain language of the EA/FONSI are denied.

167.    Regarding the allegations in the first sentence of Paragraph 167, Federal Defendants admit that the 2025 decision re-affirming the 2023 lease extensions was based in part on the 2025 EA/FONSI. Federal Defendants deny the remaining allegations Paragraph 167.

168.    Federal Defendants deny the allegations in Paragraph 168.

## CLAIMS FOR RELIEF

### First Claim for Relief

169.    Federal Defendants incorporate by reference their responses to Paragraphs 1 through 168.

170.    The allegations in Paragraph 170 purport to characterize provisions of OCSLA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of the statute are denied.

171.    The allegations in Paragraph 171 purport to characterize OCSLA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of the statute and regulations are denied.

172.    The allegations in Paragraph 172 purport to characterize OCSLA's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of the regulations are denied.

173.    The allegations in Paragraph 173 purport to characterize BSEE's November 2023 decision to grant an extension, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language of the decision are denied.

174.    Federal Defendants deny the allegations in Paragraph 174.

### Second Claim for Relief

175.    Federal Defendants incorporate by reference their responses to Paragraphs 1 through 168.

176.   The allegations in Paragraph 176 purport to characterize provisions in NEPA and related regulatory provisions, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of the statute and regulations are denied.

177.   The allegations in Paragraph 177 are conclusions of law that require no response. To the extent a response is required, Federal Defendants deny the allegations.

178.   Federal Defendants deny the allegations in the first and fourth sentences of Paragraph 178. Federal Defendants admit the allegations in the second and third sentences of Paragraph 178

179.   Federal Defendants deny the allegations in Paragraph 179.

180.   Federal Defendants deny the allegations in the first sentence of Paragraph 180. The allegations in the second, fourth, and fifth sentences of Paragraph 180 purport to characterize BSEE's 2023 extraordinary circumstances review and 2023 lease extension decision, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied. Federal Defendants deny the allegations in the third sentence of Paragraph 180.

181.   The allegations in Paragraph 181 purport to characterize BSEE's 2025 EA/FONSI, 2025 extension decision, and ExxonMobil's lease extension applications, , which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of the EA/FONSI, decision, and applications are denied.

182.   The Federal Defendants deny the allegations in Paragraph 182.

### Third Claim for Relief

183.   Federal Defendants incorporate by reference their responses to Paragraphs 1 through 168.

184.    The allegations in Paragraph 184 purport to characterize NEPA and related regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of the statute and regulations are denied.

185.    The allegations in Paragraph 185 constitute legal conclusions that do not require a response. To the extent a response is required, Federal Defendants deny the allegations.

186.    The allegations in Paragraph 186 constitute legal conclusions that do not require a response. To the extent a response is required, Federal Defendants deny the allegations.

187.    Federal Defendants deny the allegations in Paragraph 187.

188.    Federal Defendants deny the allegations in Paragraph 188.

189.    Federal Defendants deny the allegations in Paragraph 189.

190.    Federal Defendants deny the allegations in the first sentence of Paragraph 190. The allegations in the second and fourth sentences of Paragraph 190 purport to characterize BSEE's analysis in its NEPA Categorical Exclusion Reviews for the relevant APMs, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language of the reviews are denied. Federal Defendants deny the allegations in the third and fifth sentences of Paragraph 190.

191.    Federal Defendants deny the allegations in Paragraph 191.

192.    Federal Defendants deny the allegations in Paragraph 192.

### **Fourth Claim for Relief**

193.    Federal Defendants incorporate by reference their responses to Paragraphs 1 through 168.

194.    The allegations in Paragraph 194 purport to characterize the NEPA and related regulations, which speak for themselves and are the best evidence of

their contents. Any allegations contrary to the plain language of the statute and regulations are denied.

195.    The allegations in Paragraph 195 purport to characterize the NEPA and related regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of the statute and regulations are denied.

196.    The allegations in Paragraph 196 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

197.    Federal Defendants deny the allegations in the first sentence of Paragraph 197. Federal Defendants deny the first clause in the second sentence of Paragraph 197. Federal Defendants admit the second and third clauses in the second sentence of Paragraph 197.

198.    The allegations in the first sentence of Paragraph 198 are vague and ambiguous. Federal Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis. Federal Defendants admit the allegations in the second sentence of Paragraph 198. The allegations in the third and fourth sentences of Paragraph 198 purport to characterize the 1975 Santa Barbara Channel EIS and 1984 Santa Ynez Unit EIS, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of the EIS's are denied.

199.    The allegations in Paragraph 199 purport to characterize the NEPA and related regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of the statute and regulations are denied.

200.    Federal Defendants deny the allegations in Paragraph 200.

**<u>Fifth Claim for Relief</u>**

201.    Federal Defendants incorporate by reference their responses to Paragraphs 1 through 168.

202.    The allegations in Paragraph 202 purport to characterize the provisions of NEPA and the Court's decision in *Baltimore Gas & Elec. Co. v. NRDC*, 462 U.S. 87, 97 (1983), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of the statute and case are denied.

203.    The allegations in Paragraph 203 purport to characterize NEPA and the Ninth Circuit's  decisions in *Envt'l Def. Ctr. v. Bureau of Ocean Energy Mgmt.*, 36 F.4th 850 (9th Cir. 2022), *Conservation Nw. v. Sherman*, 715 F.3d 1181, 1188 (9th Cir. 2013), and *Ctr. for Biological Diversity v. Bernhardt*, 982 F.3d 723, 734–35 (9th Cir. 2020), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of the statute and cases are denied.

204.    Federal Defendants deny the allegations in Paragraph 204.

205.    Federal Defendants deny the first and third sentences of Paragraph 205. Federal Defendants aver that the BSEE issued the EA/FONSI after issuing its 2023 lease extension decision but deny the remainder of the allegations in the second sentence of Paragraph 205.

206.    Federal Defendants deny the allegations in the first, second, and third sentences of Paragraph 206. The allegations in fourth sentence of Paragraph 206 purport to characterize the 2025 EA/FONSI, which are the best evidence of their contents. Any allegations contrary to the plain language of the EA/FONSI are denied.

207.    The allegations in the first two sentences of Paragraph 207 purport to characterize the 2025 EA/FONSI, which are the best evidence of their contents. Any allegations contrary to the plain language of the EA/FONSI are denied. Federal Defendants deny the third sentence in Paragraph 207.

208. Federal Defendants deny the allegations in Paragraph 208.

209. Federal Defendants deny the allegations in Paragraph 209.

210. Federal Defendants deny the allegations in Paragraph 210.

The remaining allegations in the Complaint constitute Plaintiffs' prayer for relief, to which no response is required. To the extent that a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

Federal Defendants deny any allegations in the Complaint, whether express or implied, that are not expressly admitted, denied, or qualified above.

Federal Defendants request that the Court deny Plaintiffs the relief they request, dismiss Plaintiffs' Complaint with prejudice, and enter judgment for Federal Defendants.

Respectfully submitted this 24th day of November 2025.

ADAM R.F. GUSTAFSON, Principal Deputy Assistant Attorney General United States Department of Justice Environment & Natural Resources Division

*/s/ Daniel C. Luecke*
Daniel C. Luecke
Trial Attorney (CA Bar 326695)
Natural Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
(202) 598-7863
(202) 305-0506 (fax)
daniel.luecke@usdoj.gov

*Counsel for Federal Defendants*