LATHAM & WATKINS LLP
Daniel P. Brunton (Bar No. 218615)
Email: daniel.brunton@lw.com
12670 High Bluff Drive
San Diego, CA 92130
Tel.: (858) 523-5400
Fax: (858) 523-5450

Michael G. Romey (Bar No. 137993)
Email: michael.romey@lw.com
355 South Grand Avenue, Suite 400
Los Angeles, CA 90071-1560
Tel.: (213) 485-1234
Fax: (213) 891-8763

Janice M. Schneider (*Pro Hac Vice*)
Email: janice.schneider@lw.com
Devin M. O'Connor (*Pro Hac Vice*)
Email: devin.o'connor@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Tel.: (202) 637-2200
Fax: (202) 637-2201

*Attorneys for Intervenor-Defendant*
*Sable Offshore Corp.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., | CASE NO. 2:24-cv-05459-MWC-MAA |
| *Plaintiffs*, | **SABLE OFFSHORE CORP.'S ANSWER TO SECOND SUPPLEMENTAL AND AMENDED COMPLAINT FOR DECLARATORY AND OTHER RELIEF** |
| v. | |
| DOUG BURGUM, et al., | |
| *Defendants*, | Judge: Hon. Michelle Williams Court |
| and | Courtroom: 6A |
| SABLE OFFSHORE CORP., | |
| *Intervenor-Defendant*. | |

Intervenor-Defendant Sable Offshore Corp. ("Sable") hereby answers Plaintiffs' Second Supplemental and Amended Complaint (Dkt. #104). Sable denies every allegation in Plaintiffs' Second Supplemental and Amended Complaint not expressly admitted in this Answer and specifically denies that Defendants violated the Administrative Procedure Act ("APA"), Outer Continental Shelf Lands Act ("OCSLA"), and National Environmental Policy Act ("NEPA").

## Introduction

1.    Paragraph 1 sets forth legal conclusions, which require no response. To the extent that a response is required, Sable denies the allegations in Paragraph 1.

2.    Sable avers that oil and gas production from the Santa Ynez Unit was shut-in due to an incident associated with the onshore Plains All American Pipeline. Sable lacks knowledge or information sufficient to form a belief about the truth of the remaining assertions in Paragraph 2, and, on that basis, denies the same.

3.    Sable admits that the Bureau of Safety and Environmental Enforcement ("BSEE") authorized extensions of time to resume operations relating to the Santa Ynez Unit annually since 2015 and that BSEE approved an extension of time to resume operations on November 14, 2023. Sable lacks knowledge or information sufficient to form a belief about the truth of the remaining assertions in Paragraph 3, and, on that basis, denies the same.

4.    Paragraph 4 sets forth legal conclusions, which require no response. To the extent that a response is required, Sable denies the allegations in Paragraph 4.

5.    Sable denies the allegations in Paragraph 5.

6.    Paragraph 6 contains Plaintiffs' characterization of a statute and regulation, and Paragraph 6 sets forth a legal conclusion, which require no

1   response.  To the extent that a response is required, the statute and regulation speak

2   for themselves and are the best evidence of their content, and the allegations of the

3   first and second sentences of Paragraph 6 are otherwise denied.  Sable denies the

4   allegations in the third sentence of Paragraph 6.

5        7.      Paragraph 7 sets forth legal conclusions, which require no response.

6   To the extent that a response is required, Sable denies the allegations in

7   Paragraph 7.

8        8.      Paragraph 8 sets forth legal conclusions, which require no response.

9   To the extent that a response is required, Sable denies the allegations in Paragraph

10  8.

11       9.      Sable admits that Plaintiffs filed this lawsuit.  The remainder of

12  Paragraph 9 characterizes Plaintiffs' lawsuit and sets forth legal conclusions, which

13  requires no response.  To the extent that a response is required, Sable denies the

14  allegations in Paragraph 9.  Sable further avers that in 2015, 2016, 2017, 2018,

15  2019, 2020, 2021, and 2022, BSEE also granted extensions of time to resume

16  operations under the Santa Ynez Unit leases.  On information and belief, Plaintiffs

17  did not challenge any of these prior extensions.

18       10.     Sable admits that it consummated the acquisition of the Santa Ynez

19  Unit leases and associated infrastructure in February 2024, that it submitted

20  applications for permits to modify to BSEE on September 19, 2024 two wells, and

21  that BSEE approved those applications on September 25, 2024.  Sable avers that it

22  acquired the Santa Ynez Unit assets from Exxon Mobil Corporation and Mobil

23  Pacific Pipeline Company.  Sable denies the remaining allegations in Paragraph 10.

24       11.     Paragraph 11 sets forth legal conclusions, which require no response.

25  To the extent that a response is required, Sable denies the allegations in Paragraph

26  11.

27       12.     Paragraph 12 sets forth legal conclusions, which require no response.

28

To the extent that a response is required, Sable denies the allegations in Paragraph 12.

13.    Paragraph 13 sets forth legal conclusions, which require no response. To the extent that a response is required, Sable denies the allegations in Paragraph 13.

14.    Paragraph 14 sets forth legal conclusions, which require no response. To the extent that a response is required, Sable denies the allegations in Paragraph 14.

15.    Sable admits that Plaintiffs filed their Second Supplemental and Amended Complaint.  The remainder of Paragraph 15 characterizes Plaintiffs' Complaint and sets forth legal conclusions, which requires no response.  To the extent that a response is required, Sable denies the allegations in Paragraph 15.

16.    Sable admits that on May 28, 2025 BSEE issued a Finding of No Significant Impact ("FONSI") and relied on an Environmental Assessment ("EA") regarding the Santa Ynez Unit request for extension of time to resume operations, and that on May 29, 2025 BSEE issued a decision re-affirming the extension of time to resume operations.  The remainder of Paragraph 16 contains Plaintiffs' characterization of BSEE's actions, which speak for themselves and are the best evidence of their contents.  To the extent that a response is otherwise required, Sable denies the allegations in Paragraph 16.

17.    Sable admits that from July 2 to July 3 BSEE issued nine APMs to Sable.   The allegations in the second sentence of Paragraph 17 purport to characterize certain permits, are vague and ambiguous and, accordingly, no response is required.  To the extent that a response is required, Sable denies that Paragraph 17 accurately characterizes those permits.

18.    Paragraph 18 contains Plaintiffs' characterization of a BSEE press release, which requires no response.  To the extent that a response is required, the

1  press release speaks for itself and is the best evidence of its content, and the

2  allegations in Paragraph 18 are otherwise denied.

3      19.    Paragraph 19 characterizes Plaintiffs' lawsuit and requested relief,

4  which requires no response.  Sable denies that Plaintiffs are entitled to any relief.

5      20.    Sable denies the allegations in Paragraph 20.

6                          **Jurisdiction and Venue**

7      21.     Paragraph 21 sets forth legal conclusions, which require no response.

8  To the extent that a response is required, Sable denies the allegations in

9  Paragraph 21.

10     22.    Paragraph 22 sets forth legal conclusions, which require no response.

11  To the extent that a response is required, Sable denies the allegations in

12  Paragraph 22.

13     23.    Paragraph 23 sets forth legal conclusions, which require no response.

14  To the extent that a response is required, Sable denies the allegations in

15  Paragraph 23.

16                               **Parties**

17                             **Plaintiffs**

18     24.    The allegations in Paragraph 24 pertain to Plaintiff Center for

19  Biological Diversity's ("CBD") description of itself.  Sable lacks knowledge or

20  information sufficient to form a belief about the truth of the assertions in Paragraph

21  24, and, on that basis, denies the same.

22     25.    The allegations in Paragraph 25 pertain to Plaintiff CBD's description

23  of its Oceans Program.  Sable lacks knowledge or information sufficient to form a

24  belief about the truth of the assertions in Paragraph 25, and, on that basis, denies

25  the same.

26     26.    The allegations in Paragraph 26 pertain to Plaintiff CBD's description

27  of its members' activities.  Sable lacks knowledge or information sufficient to form

28

1    a belief about the truth of the assertions in Paragraph 26, and, on that basis, denies

2    the same.

3        27.    The allegations in Paragraph 27 pertain to Plaintiff Wishtoyo

4    Foundation's ("Wishtoyo") description of itself.  Sable lacks knowledge or

5    information sufficient to form a belief about the truth of the assertions in Paragraph

6    27, and, on that basis, denies the same.

7        28.    The allegations in Paragraph 28 pertain to Plaintiff Wishtoyo's

8    description of its members' interests.  Sable lacks knowledge or information

9    sufficient to form a belief about the truth of the assertions in Paragraph 28, and, on

10   that basis, denies the same.

11       29.    The allegations in Paragraph 29 pertain to Plaintiff Wishtoyo's

12   description of its members' interests.  Sable lacks knowledge or information

13   sufficient to form a belief about the truth of the assertions in Paragraph 29, and, on

14   that basis, denies the same.

15       30.    The allegations in Paragraph 30 purport to characterize the risks from

16   oil and gas infrastructure, are vague and ambiguous and, accordingly, no response

17   is required.  To the extent that a response is required, Sable denies that the

18   paragraph accurately characterizes the risks from oil and gas infrastructure,

19   particularly with respect to oil and gas infrastructure in the Pacific Region.

20       31.    The allegations in Paragraph 31 purport to characterize the risks from

21   offshore drilling activities, are vague and ambiguous and, accordingly, no response

22   is required.  To the extent that a response is required, Sable denies that the

23   paragraph accurately characterizes the risks from offshore drilling activities.

24       32.    The allegations in Paragraph 32 are denied.

25       33.    The first sentence of Paragraph 33 contains Plaintiffs' characterization

26   of agency approvals, which requires no response.  To the extent that a response is

27   required, the approvals speak for themselves and are the best evidence of their

28

1   content.  Sable denies the remaining allegations in Paragraph 33.

2       34.    The allegations in Paragraph 34 are denied.

3       35.    Sable lacks knowledge or information sufficient to form a belief about

4   the truth of the assertions in Paragraph 35, and, on that basis, denies the same.

5       36.    The allegations in Paragraph 36 are denied.

6       37.    The allegations in Paragraph 37 are denied.

7       38.    The allegations in Paragraph 38 are denied.

8                          **Defendants**

9       39.    Sable admits that Doug Burgum is the current Secretary of the U.S.

10  Department of the Interior ("DOI").  The remainder of Paragraph 39 contains

11  Plaintiffs' characterization of the Secretary of the Interior's and the DOI's roles,

12  which requires no response.  To the extent that a response is required, Sable denies

13  the allegations in Paragraph 39.

14      40.    Sable admits that the BSEE is a federal agency within DOI.  The

15  remainder of Paragraph 40 contains Plaintiffs' characterization of BSEE's role,

16  which requires no response.  To the extent that a response is required, Sable denies

17  the allegations in Paragraph 40.

18      41.    Sable admits that Bobby Kurtz is the current Acting Regional Director

19  of the Pacific Region of BSEE.  The remainder of Paragraph 41 contains Plaintiffs'

20  characterization of Mr. Kurtz's role, which requires no response.  To the extent

21  that a response is required, Sable denies the allegations in Paragraph 41.

22                      **Statutory Background**

23                  **Outer Continental Shelf Lands Act**

24      42.    Paragraph 42 contains Plaintiffs' characterization of a statute and a

25  legal conclusion, which requires no response.  To the extent that a response is

26  required, the statute speaks for itself and is the best evidence of its content.  Sable

27  denies any allegations in Paragraph 42 that are inconsistent with the plain language

28

of the statute.

43.    Paragraph 43 purports to quote a statute, which requires no response. To the extent that a response is required, the statute speaks for itself and is the best evidence of its content.  Sable denies any allegations in Paragraph 43 that are inconsistent with the plain language of the statute.

44.    Paragraph 44 purports to quote a court opinion and contains legal conclusions, which require no response.  To the extent that a response is required, the court's opinion speaks for itself and is the best evidence of its content.  Sable denies any allegations in Paragraph 44 that are inconsistent with the plain language of the court's decision.

45.    Paragraph 45 purports to quote a statute, which requires no response. To the extent that a response is required, the statute speaks for itself and is the best evidence of its content.  Sable denies any allegations in Paragraph 45 that are inconsistent with the plain language of the statute.

46.    Paragraph 46 purports to quote a statute, which requires no response. To the extent that a response is required, the statute speaks for itself and is the best evidence of its content.  Sable denies any allegations in Paragraph 46 that are inconsistent with the plain language of the statute.

47.    Paragraph 47 purports to quote a statute, which requires no response. To the extent that a response is required, the statute speaks for itself and is the best evidence of its content.  Sable denies any allegations in Paragraph 47 that are inconsistent with the plain language of the statute.

48.    Paragraph 48 purports to quote a statute, which requires no response. To the extent that a response is required, the statute speaks for itself and is the best evidence of its content.  Sable denies any allegations in Paragraph 48 that are inconsistent with the plain language of the statute.

49.    Paragraph 49 contains Plaintiffs' characterization of regulations and a

1  legal conclusion, which require no response.  To the extent that a response is

2  required, the regulations speak for themselves and are the best evidence of their

3  content.  Sable denies any allegations in Paragraph 49 that are inconsistent with the

4  plain language of the regulations.

5      50.    Paragraph 50 contains Plaintiffs' characterization of regulations and a

6  legal conclusion, which require no response.  To the extent that a response is

7  required, the regulations speak for themselves and are the best evidence of their

8  content.  Sable denies any allegations in Paragraph 50 that are inconsistent with the

9  plain language of the regulations.

10     51.    Paragraph 51 purports to quote a regulation, which requires no

11 response.  To the extent that a response is required, the regulation speaks for itself

12 and is the best evidence of its content.  Sable denies any allegations in Paragraph

13 51 that are inconsistent with the plain language of the regulation.

14     52.    Paragraph 52 purports to quote a regulation and a court opinion,

15 which requires no response.  To the extent that a response is required, the

16 regulation and court opinion speak for themselves and are the best evidence of

17 their content.  Sable denies any allegations in Paragraph 52 that are inconsistent

18 with the plain language of the regulation or court opinion.

19     53.    Paragraph 53 purports to quote regulations, which requires no

20 response.  To the extent that a response is required, the regulations speak for

21 themselves and are the best evidence of their content.  Sable denies any allegations

22 in Paragraph 53 that are inconsistent with the plain language of the regulations.

23                    **National Environmental Policy Act**

24     54.    Paragraph 54 purports to quote a statute, which requires no response.

25 To the extent that a response is required, the statute speaks for itself and is the best

26 evidence of its content.  Sable denies any allegations in Paragraph 54 that are

27 inconsistent with the plain language of the statute.

28

55.     Paragraph 55 purports to quote a court opinion, which requires no response.  To the extent that a response is required, the court opinion speaks for itself and is the best evidence of its content.  Sable denies any allegations in Paragraph 55 that are inconsistent with the plain language of the court opinion.

56.     Paragraph 56 purports to quote a statute, which requires no response.  To the extent that a response is required, the statute speaks for itself and is the best evidence of its content.  Sable denies any allegations in Paragraph 56 that are inconsistent with the plain language of the statute.

57.     Paragraph 57 contains Plaintiffs' characterization of a statute and a legal conclusion, which require no response.  To the extent that a response is required, the statute speaks for itself and is the best evidence of its content.  Sable denies any allegations in Paragraph 57 that are inconsistent with the plain language of the statute.

58.     Paragraph 58 and footnote 1 to Paragraph 58 contain Plaintiffs' characterization of regulations and a statute and sets forth legal conclusions, including with respect to applicability of regulations, which require no response.  To the extent that a response is required, the regulations and the statute speak for themselves and are the best evidence of their content.  Sable denies any allegations in Paragraph 58 and footnote 1 that are inconsistent with the plain language of the regulations and statute.

59.     Paragraph 59 contains Plaintiffs' characterization of regulations and a statute and sets forth legal conclusions, which require no response.  To the extent that a response is required, the regulations and statute speak for themselves and are the best evidence of their content.  Sable denies any allegations in Paragraph 59 that are inconsistent with the plain language of the regulations and statute.

60.     Sable admits the allegation in Paragraph 60.  Sable avers that the DOI's Departmental Manual has been revised to reflect revisions to the DOI's

1    NEPA Manual (effective June 30, 2025).

2        61.    The allegations in Paragraph 61 characterize certain categorical

3    exclusions, which speak for themselves and are the best evidence of their content.

4    Sable denies any allegations in Paragraph 61 that are inconsistent with the plain

5    language of the categorical exclusions.

6        62.    Paragraph 62 contains Plaintiffs' characterization of a regulation and

7    sets forth legal conclusions, which require no response.  To the extent that a

8    response is required, the regulation speaks for itself and is the best evidence of its

9    content.  Sable denies any allegations in Paragraph 62 that are inconsistent with the

10    plain language of the regulation.

11        63.    Paragraph 63 contains Plaintiffs' characterization of a regulation and

12    sets forth legal conclusions, which require no response.  To the extent that a

13    response is required, the regulation speaks for itself and is the best evidence of its

14    content.  Sable denies any allegations in Paragraph 63 that are inconsistent with the

15    plain language of the regulation.

16        64.    Paragraph 64 contains Plaintiffs' characterization of a regulation and

17    sets forth legal conclusions, which require no response.  To the extent that a

18    response is required, the regulation speaks for itself and is the best evidence of its

19    content.  Sable denies any allegations in Paragraph 64 that are inconsistent with the

20    plain language of the regulation.

21        65.    Paragraph 65 contains Plaintiffs' characterization of BSEE's

22    interpretation of its regulations, which requires no response.  To the extent that a

23    response is required, the regulations speak for themselves and are the best evidence

24    of their content.  Sable denies any allegations in Paragraph 65 that are inconsistent

25    with the plain language of the regulations.

26        66.    Paragraph 66 contains Plaintiffs' characterization of a statute, which

27    requires no response.  To the extent that a response is required, the statute speaks

28

1  for itself and is the best evidence of its content.  Sable denies any allegations in

2  Paragraph 66 that are inconsistent with the plain language of the statute.

3      67.    Paragraph 67 purports to quote multiple court opinions and contains

4  legal conclusions, which require no response.  To the extent that a response is

5  required, the court opinions speak for themselves and are the best evidence of their

6  content.  Sable denies any allegations in Paragraph 67 that are inconsistent with the

7  plain language of the court opinions.

8      68.    Paragraph 68 contains Plaintiffs' characterization of a statute and sets

9  forth legal conclusions, which require no response.  To the extent that a response is

10  required, the statute speaks for itself and is the best evidence of its content.  Sable

11  denies any allegations in Paragraph 68 that are inconsistent with the plain language

12  of the statute.

13      69.    Paragraph 69 and footnote 2 contain Plaintiffs' characterization of

14  regulations, court opinions, and an agency manual, and set forth legal conclusions,

15  including with respect to the application of the regulations to BSEE's actions,

16  which require no response.  To the extent that a response is required, the

17  regulations, court opinions, and agency manual speak for themselves and are the

18  best evidence of their content.  Sable denies any allegations in Paragraph 69 and

19  footnote 2 that are inconsistent with the plain language of the regulations, court

20  opinions, and agency manual.

21                          **Administrative Procedure Act**

22      70.    Paragraph 70 contains Plaintiffs' characterization of a statute, which

23  requires no response.  To the extent that a response is required, the statute speaks

24  for itself and is the best evidence of its content.  Sable denies any allegations in

25  Paragraph 70 that are inconsistent with the plain language of the statute.

26      71.    Paragraph 71 contains Plaintiffs' characterization of a statute, which

27  requires no response.  To the extent that a response is required, the statute speaks

28

for itself and is the best evidence of its content.  Sable denies any allegations in Paragraph 71 that are inconsistent with the plain language of the statute.

**Factual Background**

72.    Sable lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 72, and, on that basis, denies the same.

73.    Sable admits the second, third, fourth, and fifth sentences of Paragraph 73.  Sable avers that the leases have been properly maintained beyond the initial term. Sable lacks knowledge or information sufficient to form a belief about the truth of the remaining assertions in Paragraph 73, and, on that basis, denies the same.

74.    Sable admits that oil and gas production has occurred under the Santa Ynez Unit leases from Platform Harmony, Platform Heritage, and Platform Hondo. Sable admits that Platform Harmony and Platform Heritage were installed in 1989, and Platform Hondo was installed in 1976.  Sable lacks knowledge or information sufficient to form a belief about the truth of the remaining assertions in Paragraph 74, and, on that basis, denies the same.

75.    The allegations of the first sentence of Paragraph 75 are vague and ambiguous and are denied on that basis.  The allegations in the second and third sentences of Paragraph 75 purport to contain Plaintiffs' characterization of ExxonMobil's development plan.  The document speaks for itself and is the best evidence of its content.  On that basis, Sable denies any allegations in Paragraph 75 that are inconsistent with the plain language of the document.  Sable admits that first production began in 1981 and denies that the production from the Santa Ynez Unit should have ceased by 2016.   The allegations in the fourth sentence of Paragraph 75 characterize an unidentified BSEE statement regarding recoverable oil and gas reserves on the Pacific Out Continental Shelf.  Any statement from BSEE speaks for itself and is the best evidence of its contents.  On that basis, Sable

1  denies any allegations in Paragraph 75 that are inconsistent with BSEE's

2  statements.

3       76.    Sable admits that it is the listed owner and operator of Platforms

4  Harmony, Heritage, and Hondo and lessee on all 16 oil and gas leases in the Santa

5  Ynez Unit.

6       77.    The allegations in Paragraph 77 are vague and ambiguous and are

7  either denied on that basis, or Sable lacks knowledge or information sufficient to

8  form a belief about the truth of the allegations in Paragraph 77, and, on that basis,

9  denies the same.  Sable avers that Sable entered into a purchase and sale agreement

10 for certain assets formerly held by Exxon Mobil Corporation and Mobil Pacific

11 Pipeline Corporation on November 1, 2022 and completed the sale in February

12 2024.

13      78.    The allegations in Paragraph 78 purport to characterize some

14 undefined conclusions by unnamed federal regulators regarding an onshore

15 pipeline incident, are vague and ambiguous and, accordingly, no response is

16 required.  To the extent that a response is required, Sable denies that the paragraph

17 accurately characterizes conclusions by unnamed federal regulators.

18      79.    Sable admits that ExxonMobil did not decommission the Harmony,

19 Heritage, and Hondo platforms.  Sable lacks knowledge or information sufficient

20 to form a belief about the truth of the remaining assertions in Paragraph 79, and, on

21 that basis, denies the same.

22      80.    The allegations in the first three sentences of Paragraph 80 purport to

23 characterize written actions taken by ExxonMobil and BSEE which speak for

24 themselves and are the best evidence of their contents.  On that basis, Sable denies

25 any allegations in Paragraph 80 that are inconsistent with the plain language of the

26 documents.  Sable further avers that in 2015, 2016, 2017, 2018, 2019, 2020, 2021,

27 and 2022, BSEE also granted extensions of time to resume operations under the

28

Santa Ynez Unit leases.  On information and belief, Plaintiffs did not challenge any of these prior extensions before the 2023 extension.  The remaining allegations in Paragraph 80 set forth legal conclusions regarding the effect of BSEE's extensions of time to resume operations, including on future Santa Ynez Unit approvals and certain well work, which requires no response.  To the extent that a response is required, Sable denies the remaining allegations in Paragraph 80.

81.    Sable admits that in connection with the purchase agreement in February 2024 Sable acquired the Santa Ynez Unit leases, platforms, offshore and onshore pipelines, and onshore processing facilities.  Sable admits that in connection with the purchase agreement Sable entered into a term loan with Exxon Mobil Corporation.  Sable denies the remaining allegations in Paragraph 81.

82.    Paragraph 82 purports to characterize Sable's communications with investors, which require no response.  To the extent that a response is required, the unspecified communications speak for themselves and are the best evidence of their content.  Sable denies the remaining allegations in Paragraph 82.

83.    The allegations in Paragraph 83 purport to characterize an application submitted to a state agency and unspecified Sable communications, which requires no response.  To the extent that a response is required, the application and communications speak for themselves and are the best evidence of their contents. Sable denies any allegations in Paragraph 83 that are inconsistent with the plain language, meaning and context of these documents.  The allegations in footnote 3 purport to characterize Sable's October 9, 2025 8-K report, which requires no response.  To the extent that a response is required, the October 9, 2025 8-K report speaks for itself and is the best evidence of its content.  On that basis, Sable denies any allegations in footnote 3 that are inconsistent with the plain language of the document.

84.    Sable denies the allegations in Paragraph 84.

85. Sable admits that in September 2024 it submitted applications for permits to modify two already existing wells. The remaining allegations in Paragraph 85 purport to characterize certain well work in the Santa Ynez Unit, are vague and ambiguous and, accordingly, no response is required. To the extent that a response is required, Sable denies that the paragraph accurately characterizes well work in the Santa Ynez Unit.

86. The allegations in Paragraph 86 purport to characterize BSEE's conclusions, which speak for themselves and are the best evidence of their content. Sable denies any allegations in Paragraph 86 that are inconsistent with the plain language, meaning and context of these documents.

87. Paragraph 87 sets forth legal conclusions, which require no response. Further, the allegations in Paragraph 87 purport to characterize the content of BSEE's conclusions, which speak for themselves and are the best evidence of their content. Sable denies any allegations in Paragraph 87 that are inconsistent with the plain language, meaning and context of these documents.

88. Sable avers that on September 19, 2024, Sable submitted applications for permits to modify ("APMs") existing Well HE-23 and existing Well HE-28. Sable admits that BSEE approved two APMs on September 25, 2024.

89. The first two sentences in Paragraph 89 set forth legal conclusions, which require no response, and characterize BSEE's motion for voluntary remand, which speaks for itself and is the best evidence of its content. Sable denies any allegations in the first two sentences of Paragraph 89 that are inconsistent with the plain language, meaning, and context of BSEE's motion for voluntary remand. The remainder of Paragraph 89 purports to characterize this Court's decision regarding BSEE's motion for voluntary remand, which speaks for itself and is the best evidence of its content. Sable denies any allegations in Paragraph 89 that are inconsistent with the plain language of this Court's decision.

90.     Paragraph 90 purports to characterize a May 19, 2025 Sable communication regarding oil production at Platform Harmony, which requires no response.  To the extent that a response is required, Sable's communication speaks for itself and is the best evidence of its content.  Sable denies any allegations in Paragraph 90 that are inconsistent with the plain language, meaning and context of Sable's communication.

91.     Sable admits that on May 28, 2025 BSEE issued a FONSI and relied on an EA regarding the Santa Ynez Unit request for extension of time to resume operations and that on May 29, 2025 BSEE issued a decision re-affirming the extension of time to resume operations.  The remainder of Paragraph 91 purports to characterize these documents, which requires no response.  To the extent that a response is required, the EA/FONSI and BSEE decision speak for themselves and are the best evidence of their content.  Sable denies any allegations in Paragraph 91 that are inconsistent with the plain language, meaning and context of the EA/FONSI and decision re-affirming the extension of time to resume operations.

92.     Sable admits that BSEE issued nine APMs to Sable between July 2 and July 3, 2025.  The remainder of Paragraph 92 purports to characterize these APMs, which requires no response.  To the extent that a response is required, the APMs speak for themselves and are the best evidence of their content.  Sable denies any allegations in Paragraph 92 that are inconsistent with the plain language, meaning and context of the APMs.

93.     Paragraph 93 purports to characterize a DOI press release, which requires no response.  To the extent that a response is required, the press release speaks for itself and is the best evidence of its content.  Sable denies any allegations in Paragraph 93 that are inconsistent with the plain language, meaning and context of the press release.

94.     The allegations in the first sentence of Paragraph 94 purport to

1   characterize certain onshore construction work, are vague and ambiguous and,

2   accordingly, no response is required.  To the extent that a response is required,

3   Sable denies that the paragraph accurately characterizes the onshore construction

4   work.  The allegations in the second, third, fourth, fifth, and sixth sentences

5   purport to characterize documents issued by the California Coastal Commission,

6   which speak for themselves and are the best evidence of their contents.  Sable

7   denies any allegations in the second, third, fourth, fifth, and sixth sentences of

8   Paragraph 94 that are inconsistent with the plain language, meaning and context of

9   the documents.  Sable admits that it filed suit against the California Coastal

10  Commission.  The remaining allegations in the seventh sentence purporting to

11  characterize Sable's onshore construction work are vague and ambiguous and,

12  accordingly, no response is required.  To the extent that a response is required,

13  Sable denies that this sentence accurately characterizes the onshore construction

14  work.  The seventh sentence also purports to characterize Sable's investor

15  communications, which requires no response.  To the extent a response is required,

16  these communications speak for themselves and are the best evidence of their

17  contents.  Sable denies any allegations in the seventh sentence of Paragraph 94 that

18  are inconsistent with the plain language of the investor communications.  The

19  allegations in the eighth and ninth sentences of Paragraph 94 purport to

20  characterize April 10 orders issued by the California Coastal Commission and a

21  ruling by the Santa Barbara County Superior Court, which requires no response.

22  To the extent that a response is required, the California Coastal Commission orders

23  and Court ruling speak for themselves and are the best evidence of their content.

24  Sable denies any allegations in the eighth and ninth sentences of Paragraph 94 that

25  are inconsistent with the plain language of the California Coastal Commission

26  orders and Court ruling.

27       95.    Paragraph 95 purports to characterize notices of violations issued by

28

1  the California Geologic Energy Management Division, Central Coast Regional

2  Water Quality Board, and California Department of Fish and Wildlife, which speak

3  for themselves and are the best evidence of their contents.  Sable denies any

4  allegations Paragraph 95 that are inconsistent with the plain language, meaning and

5  context of the documents.

6      96.    Paragraph 96 purports to characterize a filing from the Santa Barbara

7  County District Attorney, which speaks for itself and is the best evidence of its

8  contents.  Sable denies any allegations in Paragraph 96 that are inconsistent with

9  the plain language, meaning, and context of that filing.

10      97.    Paragraph 97 purports to characterize a filing from the California

11  Attorney General, which speaks for itself and is the best evidence of its contents.

12  Sable denies any allegations in Paragraph 97 that are inconsistent with the plain

13  language, meaning, and context of that filing.

14      98.    Paragraph 98 purports to characterize Sable's communications with its

15  investors, which requires no response.  To the extent that a response is required,

16  the unspecified communications speak for themselves and are the best evidence of

17  their content.  Sable denies any allegations in Paragraph 98 that are inconsistent

18  with the plain language, meaning and context of the communications.

19      99.    The allegations in Paragraph 99 are denied.

20      100.   The allegations in Paragraph 100 purport to characterize the risks

21  from routine oil and gas operations, are vague and ambiguous and, accordingly, no

22  response is required.  To the extent that a response is required, Sable denies that

23  the paragraph accurately characterizes the risks from routine oil and gas

24  operations.

25      101.   The allegations in Paragraph 101 purport to characterize the risks of

26  crude oil to fish, are vague and ambiguous and, accordingly, no response is

27  required.  To the extent that a response is required, Sable denies that the paragraph

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

CASE NO. 2:24-cv-05459-MWC-MAA
SABLE'S ANSWER TO
SECOND SUPP. AND AMENDED COMPLAINT

accurately characterizes the risks of crude oil to fish. The last sentence of Paragraph 101 purports to characterize a document, which is the best evidence of its content. On that basis, Sable denies any allegations in the last sentence of Paragraph 101 that is inconsistent with the plain language of the document.

102. The allegations in Paragraph 102 purport to characterize the risks of crude oil to threatened and endangered species are vague and ambiguous, and, accordingly, no response is required. To the extent that a response is required, Sable denies that the paragraph accurately characterizes the risks of crude oil to threatened and endangered species.

103. Sable denies the first and third sentences of Paragraph 103. Sable admits that production began at the Santa Ynez Unit in 1981, and the last platforms were installed in 1989.

104. Sable denies allegations in the first sentence of Paragraph 104. The allegations in the second sentence of Paragraph 104 are vague and ambiguous and denied on that basis. Sable avers that the Plains All American Pipeline is not in the Santa Ynez Unit. The third sentence of Paragraph 104 purports to characterize an unidentified document, which speaks for itself and is the best evidence of its content. Sable denies any allegations in Paragraph 104 that are inconsistent with the plain language of the document.

105. The allegations in Paragraph 105 purport to characterize unidentified studies, which speak for themselves and are the best evidence of their contents. Sable lacks sufficient information to form a belief as to the truth or accuracy of the allegations in Paragraph 105 and denies them on that basis. The fourth sentence in Paragraph 105 purports to characterize the Pipeline and Hazardous Materials Safety Administration's pipeline safety risk indicator, which speaks for itself and is the best evidence of its contents. Sable denies any allegations in the fourth sentence of Paragraph 105 that are inconsistent with the plain language of that

1  document.

2      106.    Paragraph 106 purports to characterize unidentified studies, which

3  speak for themselves and are the best evidence of their contents.  Sable lacks

4  sufficient information to form a belief as to the truth or accuracy of the allegations

5  in Paragraph 106 and denies them on that basis.

6      107.    The allegations in Paragraph 107 purport to characterize unidentified

7  federal records, which speak for themselves and are the best evidence of their

8  contents.  To the extent that a response is required, Sable denies any allegations

9  that are inconsistent with the plain language of the records.

10      108.    The allegations in Paragraph 108 purport to characterize the risks of

11  well stimulation treatments such as hydraulic fracturing and acidizing, and are

12  vague and ambiguous and are denied on that basis.  To the extent that a response is

13  required, Sable denies that the paragraph accurately characterizes the risks of well

14  stimulation treatments.  The fourth sentence of Paragraph 108 purports to

15  characterize a statement attributed to ExxonMobil.  Sable lacks sufficient

16  information to form a belief as to the truth of the allegations in the fourth sentence

17  of Paragraph 108 and denies it on that basis.

18      109.    The allegations in the first, third, fourth and fifth sentences of

19  Paragraph 109 purport to characterize air impacts from oil and gas drilling, are

20  vague and ambiguous and, accordingly, no response is required.  To the extent that

21  a response is required, Sable denies that the paragraph accurately characterizes the

22  air impacts from oil and gas drilling.  Further, the second sentence of Paragraph

23  109 purports to quote and characterize a statute, which requires no response.  The

24  statute speaks for itself and is the best evidence of its content and is denied on that

25  basis.

26      110.    The allegations in Paragraph 110 purport to characterize discharges

27  from oil and gas drilling, are vague and ambiguous and, accordingly, no response

28

1  is required.  To the extent that a response is required, Sable denies that the

2  paragraph accurately characterizes discharges from oil and gas drilling.  Further,

3  the second sentence of Paragraph 110 purports to characterize a permit, which is

4  the best evidence of its content and is denied on that basis.

5      111.    The allegations in Paragraph 111 purport to characterize the risk of

6  vessel traffic, are vague and ambiguous and, accordingly, no response is required.

7  To the extent that a response is required, Sable denies that the paragraph accurately

8  characterizes the risk of vessel traffic, including from oil and gas drilling.

9      112.   The allegations in Paragraph 112 purport to characterize the risk of

10  climate change from oil and gas drilling by unnamed scientists, are vague and

11  ambiguous and, accordingly, no response is required.  To the extent that a response

12  is required, Sable denies that the paragraph accurately characterizes the risk of

13  climate change.

14      113.   The allegations in Paragraph 113 purport to characterize various

15  ExxonMobil applications and BSEE decisions, which speak for themselves and are

16  the best evidence of their contents.  To the extent that a response is required, Sable

17  denies any allegations in Paragraph 113 that are inconsistent with the plain

18  language, meaning and context of the documents.  Sable admits that the 2023

19  extension of time to resume operations was originally set to expire on December

20  13, 2024.  Sable avers that it completed well re-working operations approved by

21  BSEE at Well HE-23 as of October 9, 2024 and Sable completed well re-working

22  operations approved by BSEE at Well HE-28 as of December 9, 2024.  The

23  completed work extended the time to resume operations on the Santa Ynez Unit

24  leases until December 9, 2025.  The May 15, 2025 resumption of production from

25  Platform Harmony to the storage tanks at Las Flores Canyon also maintains the

26  leases, as does additional well re-work.

27      114.   The allegations in Paragraph 114 purport to characterize the content of

28

1  the BSEE's November 2023 extension of time to resume operations, which speaks

2  for itself and is the best evidence of its content.  Sable denies any allegations in

3  Paragraph 114 that are inconsistent with the plain language, meaning and context

4  of the document.

5      115.   The allegations in Paragraph 115 purport to characterize the content of

6  the BSEE's November 2023 extension of time to resume operations, which speaks

7  for itself and is the best evidence of its content.  Sable denies any allegations in

8  Paragraph 115 that are inconsistent with the plain language, meaning and context

9  of the document.

10     116.   Paragraph 116 contains legal conclusions, which require no response.

11  To the extent that a response is required, Sable denies the allegations in Paragraph

12  116.

13     117.   The allegations in Paragraph 117 purport to characterize the content of

14  the BSEE's November 2023 extension of time to resume operations, which speaks

15  for itself and is the best evidence of its content.  Sable denies any allegations in

16  Paragraph 117 that are inconsistent with the plain language, meaning and context

17  of the document.

18     118.   With respect to the allegations in Paragraph 118, Sable admits that

19  BSEE used a categorical exclusion in connection with the November 2023

20  extension of time to resume operations and denies that an environmental impact

21  statement ("EIS") or environmental assessment was required.

22     119.   The allegations in Paragraph 119 purport to characterize the content of

23  the BSEE's Categorical Exclusion Review, which speaks for itself and is the best

24  evidence of its content.  Sable denies any allegations in Paragraph 119 that are

25  inconsistent with the plain language, meaning and context of the document.

26     120.   The allegations in Paragraph 120 purport to characterize the content of

27  the BSEE's Categorical Exclusion Review, which speaks for itself and is the best

28

1   evidence of its content.  Sable denies any allegations in Paragraph 120 that are

2   inconsistent with the plain language, meaning and context of the document.

3      121.   The allegations in Paragraph 121 purport to characterize the content of

4   the BSEE's Categorical Exclusion Review, which speaks for itself and is the best

5   evidence of its content.  Sable denies any allegations in Paragraph 121 that are

6   inconsistent with the plain language, meaning and context of the document.

7      122.   The allegations in Paragraph 122 purport to characterize the content of

8   the BSEE's Categorical Exclusion Review, which speaks for itself and is the best

9   evidence of its content.  Sable denies any allegations in Paragraph 122 that are

10  inconsistent with the plain language, meaning and context of the document.

11     123.   The allegations in Paragraph 123 purport to characterize the content of

12  the BSEE's Categorical Exclusion Review, which speaks for itself and is the best

13  evidence of its content.  Sable denies any allegations in Paragraph 123 that are

14  inconsistent with the plain language, meaning and context of the document.

15     124.   The allegations in Paragraph 124 purport to characterize the content of

16  the BSEE's Categorical Exclusion Review, which speaks for itself and is the best

17  evidence of its content.  Sable denies any allegations in Paragraph 124 that are

18  inconsistent with the plain language, meaning and context of the document.

19     125.   Sable denies the allegations in Paragraph 125.

20     126.   Sable lacks knowledge or information sufficient to form a belief about

21  the truth of the assertions in Paragraph 126, and, on that basis, denies the same.

22     127.   The allegations in Paragraph 127 purport to characterize the content of

23  Sable's applications, which speak for themselves and are the best evidence of their

24  content.  Sable denies any allegations in Paragraph 127 that are inconsistent with

25  the plain language, meaning and context of the documents.

26     128.   The first, third, and fourth sentences of Paragraph 128 purport to

27  characterize the status of the wells and activities associated with well perforation,

28

1  are vague and ambiguous and, accordingly, no response is required. Sable admits

2  that the Santa Ynez Unit was shut-in in 2015, but avers that production resumed on

3  May 15, 2025. To the extent that a response is required, Sable denies that these

4  sentences accurately characterize the status of the wells or well perforation

5  activities. The second sentence of Paragraph 128 purports to characterize permits

6  issued by BSEE, which speak for themselves and are the best evidence of their

7  content. Sable denies any allegations in the second sentence that are inconsistent

8  with the plain language, meaning and context of the documents.

9       129.  Paragraph 129 contains legal conclusions, which require no response.

10 To the extent a response is required, Sable denies the allegations in Paragraph 129.

11      130.  The allegations in Paragraph 130 purport to characterize the content of

12 BSEE's Categorical Exclusion Reviews, which speak for themselves and are the

13 best evidence of their content. Sable denies any allegations in Paragraph 130 that

14 are inconsistent with the plain language, meaning and context of the documents.

15      131.  The allegations in Paragraph 131 purport to characterize the content of

16 BSEE's Categorical Exclusion Reviews, which speaks for themselves and are the

17 best evidence of their content. Sable denies any allegations in Paragraph 131 that

18 are inconsistent with the plain language, meaning and context of the documents.

19      132.  The allegations in Paragraph 132 purport to characterize the content of

20 the development and production plans, which speak for themselves and are the best

21 evidence of their content. Sable denies any allegations in Paragraph 132 that are

22 inconsistent with the plain language, meaning and context of the documents.

23      133.  Sable denies the allegations in Paragraph 133.

24      134.  Sable denies the allegations in Paragraph 134.

25      135.  The allegations in Paragraph 135 purport to characterize the content of

26 BSEE's Categorical Exclusion Reviews, which speak for themselves and are the

27 best evidence of their content. To the extent a response is required, Sable denies

28

1  any allegations in Paragraph 135 that are inconsistent with the plain language,

2  meaning and context of the documents.

3        136.   The allegations in Paragraph 136 purport to characterize the content of

4  BSEE's Categorical Exclusion Reviews, which speak for themselves and are the

5  best evidence of their content.  To the extent a response is required, Sable denies

6  any allegations in Paragraph 136 that are inconsistent with the plain language,

7  meaning and context of the documents.

8        137.   The allegations in Paragraph 137 purport to characterize the content of

9  BSEE's Categorical Exclusion Reviews, which speak for themselves and are the

10  best evidence of their content.  To the extent a response is required, Sable denies

11  any allegations in Paragraph 137 that are inconsistent with the plain language,

12  meaning and context of the documents.

13        138.   The allegations in Paragraph 138 purport to characterize the content of

14  BSEE's Categorical Exclusion Reviews, which speak for themselves and are the

15  best evidence of their content.  To the extent a response is required, Sable denies

16  any allegations in Paragraph 138 that are inconsistent with the plain language,

17  meaning and context of the documents.

18        139.   The allegations in Paragraph 139 purport to characterize the content of

19  BSEE's Categorical Exclusion Reviews, which speak for themselves and are the

20  best evidence of their content.  To the extent a response is required, Sable denies

21  any allegations in Paragraph 139 that are inconsistent with the plain language,

22  meaning and context of the documents.

23        140.   The allegations in Paragraph 140 purport to characterize the content of

24  BSEE's Categorical Exclusion Reviews, which speak for themselves and are the

25  best evidence of their content.  To the extent a response is required, Sable denies

26  any allegations in Paragraph 140 that are inconsistent with the plain language,

27  meaning and context of the documents.

28

1    141.   The allegations in Paragraph 141 purport to characterize the content of

2    BSEE's Categorical Exclusion Reviews, which speak for themselves and are the

3    best evidence of their content.  To the extent a response is required, Sable denies

4    any allegations in Paragraph 141 that are inconsistent with the plain language,

5    meaning and context of the documents.

6    142.   The allegations in Paragraph 142 purport to characterize the content of

7    BSEE's Categorical Exclusion Reviews, which speaks for themselves and are the

8    best evidence of their content.  To the extent a response is required, Sable denies

9    any allegations in Paragraph 142 that are inconsistent with the plain language,

10   meaning and context of the documents.

11   143.   The allegations in Paragraph 143 contain legal conclusions, which do

12   not require a response.  To the extent a response is required, Sable denies the

13   allegations in Paragraph 143.

14   144.   Sable admits that from July 2 to July 3, 2025, BSEE approved nine

15   APMs and that on July 24, 2025, BSEE approval one APM.  The remainder of

16   Paragraph 144 purports to characterize the work approved under these APMs,

17   which speak for themselves and are the best evidence of their content.  To the

18   extent a response is required, Sable denies any allegations in Paragraph 144 that

19   are inconsistent with the APMs.

20   145.   The allegations in the first, second, and fifth sentences of Paragraph

21   145 purport to characterize NEPA analyses, are vague and ambiguous, contain

22   legal conclusions and, accordingly, no response is required.  To the extent that a

23   response is required, Sable denies that the paragraph accurately characterizes

24   NEPA analyses relating to the Santa Ynez Unit.  The allegations in the third and

25   fourth sentences of Paragraph 145 purport to characterize the effects of the 2015

26   oil spill on the environment and fisheries.  Sable lacks knowledge or information

27   sufficient to form a belief about the truth of the assertions in the third and fourth

28

1    sentences of Paragraph 145, and, on that basis, denies the same.  The sixth

2    sentence in Paragraph 145 purports to characterize Sable's worst-case spill

3    analyses, which speak for themselves and are the best evidence of their content.

4    To the extent a response is required, Sable denies Plaintiffs' characterization of

5    these analyses.

6        146.   The allegations in the first sentence of Paragraph 146 purport to

7    characterize environmental analysis, are vague and ambiguous and, accordingly,

8    no response is required.  To the extent that a response is required, Sable denies that

9    the first sentence of Paragraph 146 accurately characterizes environmental analysis

10   of federal oil and gas activities in the Santa Barbara Channel.  The allegations in

11   the second and third sentences of Paragraph 146 purport to characterize the content

12   of a 1975 EIS, which speaks for itself and is the best evidence of its content.  To

13   the extent that a response is required, Sable denies any allegations in Paragraph

14   146 that are inconsistent with the plain language, meaning and context of the

15   document.

16       147.   Sable admits that development and production plans for the Santa

17   Ynez Unit were prepared in 1982.  Sable admits that DOI issued an EIS for the

18   Santa Ynez Unit development and production plans in 1984.

19       148.   The allegations in Paragraph 148 purport to characterize the content of

20   BSEE's approvals of permits, which speaks for themselves and are the best

21   evidence of their content.  To the extent that a response is required, Sable denies

22   any allegations in Paragraph 148 that are inconsistent with the plain language,

23   meaning and content of the documents.

24       149.   The allegations in Paragraph 149 purport to characterize the content of

25   unidentified environmental assessments, which speak for themselves and are the

26   best evidence of their contents.  To the extent that a response is required, Sable

27   denies any allegations in Paragraph 149 that are inconsistent with the plain

28

1  language, meaning and content of the documents.

2      150.   The allegations in the first sentence of Paragraph 150 are vague and

3  ambiguous and are denied on that basis.  The remaining allegations in Paragraph

4  150 purport to characterize the contents of development plans and environmental

5  analysis, which speak for themselves and are the best evidence of their contents.

6  Sable denies any allegations in Paragraph 150 that are inconsistent with the plain

7  language, meaning and context of the documents.  Sable denies the allegation in

8  the final sentence of Paragraph 150.

9      151.   The allegations in the first sentence of Paragraph 151 are vague and

10  ambiguous and are denied on that basis.  The allegations in Paragraph 151 purport

11  to characterize the contents of development and production plans and an

12  unspecified BSEE report, which speak for themselves and are the best evidence of

13  their contents.  Sable denies any allegations that are inconsistent with the plain

14  language, meaning and context of these documents.

15      152.   The allegations in Paragraph 152 purport to characterize drilling

16  techniques and their relationship to prior unidentified environmental analysis, are

17  vague and ambiguous and, accordingly, no response is required.  To the extent that

18  a response is required, Sable denies that the paragraph accurately characterizes the

19  drilling techniques, their relationship to prior environmental analysis or Sable's

20  plans.

21      153.   The allegations in the first sentence of Paragraph 153 purport to

22  characterize the content of a federal designation of a National Marine Sanctuary,

23  which speaks for itself and is the best evidence of its contents.  Sable denies any

24  allegations in Paragraph 153 that are inconsistent with the plain language, meaning

25  and context of the designation.  The allegations in the second sentence of

26  Paragraph 153 purport to characterize a National Marine Sanctuary, are vague and

27  ambiguous and, accordingly, no response is required.  To the extent that a response

28

1   is required, Sable denies that the sentence accurately characterizes the National

2   Marine Sanctuary.  Sable denies Plaintiffs' allegation that "a restart will adversely

3   affect" the cultural and environmental values of the sanctuary.

4          154.   The allegations in the first sentence of Paragraph 154 purport to

5   characterize NEPA analyses, are vague and ambiguous, contain legal conclusions

6   and, accordingly, no response is required.  To the extent that a response is required,

7   Sable denies that the paragraph accurately characterizes NEPA analyses relating to

8   the Santa Ynez Unit.  The allegations in the second sentence of Paragraph 154

9   purport to characterize contents of a development plan and NEPA documents,

10  which speak for themselves and are the best evidence of their contents.  Sable

11  denies any allegations that are inconsistent with the plain language, meaning and

12  context of these documents.  Sable lacks sufficient information to form a belief as

13  to the truth of the assertions in the third and fourth sentences of Paragraph 154,

14  and, on that basis, denies the same.

15         155.   The allegations in Paragraph 155 purport to characterize the content of

16  prior NEPA documents, which speak for themselves and are the best evidence of

17  their contents.  Sable denies any allegations inconsistent with the plain language,

18  meaning and context of the documents.

19         156.   The allegations in Paragraph 156 purport to characterize actions taken

20  by the federal government under the Endangered Species Act and NEPA, are

21  vague and ambiguous and, accordingly, no response is required.  To the extent that

22  a response is required, Sable denies that the paragraph accurately characterizes

23  actions that may have been taken under the Endangered Species Act and NEPA.

24         157.   The first sentence of Paragraph 157 sets forth legal conclusions,

25  which require no response.  To the extent that a response is required, Sable denies

26  the allegations in the first sentence of Paragraph 157.  The second sentence of

27  Paragraph 157 purports to characterize Sable's communications with its investors,

28

1    which requires no response.  The unspecified communications speak for

2    themselves and are the best evidence of their content.  The remaining allegations in

3    Paragraph 157 are vague and ambiguous and are denied on that basis.

4         158.   Sable lacks information sufficient to form a belief about the truth of

5    the assertions in Paragraph 158, and, on that basis, denies the same.

6         159.   Paragraph 159 sets forth legal conclusions, which require no response.

7    To the extent a response is required, Sable denies the allegations in Paragraph 159.

8         160.   The allegations in Paragraph 160 purport to characterize the content of

9    the 2025 EA/FONSI, which speak for themselves and are the best evidence of their

10   content.  To the extent a response is required, Sable denies any allegations in

11   Paragraph 160 that are inconsistent with the plain language, meaning and context

12   of the documents.

13        161.   Paragraph 161 sets forth legal conclusions, which require no response.

14   To the extent a response is required, Sable denies the allegations in Paragraph 161.

15   The third sentence of Paragraph 161 also purports to characterize unspecified

16   BSEE communications, which requires no response.  To the extent a response is

17   required, these unspecified communications speak for themselves and are the best

18   evidence of their contents.  Sable denies any allegations in the third sentence of

19   Paragraph 161 that are inconsistent with the plain language, meaning, and context

20   of these communications.

21        162.   Paragraph 162 sets forth legal conclusions, which require no response.

22   To the extent a response is required, Sable denies the allegations in Paragraph 162.

23        163.   The first sentence of Paragraph 163 sets forth legal conclusions,

24   which require no response.  To the extent that a response is required, Sable denies

25   the allegations in the first sentence of Paragraph 163.  The first, second, third,

26   fourth, and fifth sentences of Paragraph 163 purport to characterize the 2025

27   EA/FONSI and Sable's Oil Spill Response Plan, which speak for themselves and

28

1  are the best evidence of their content.  To the extent a response is required, Sable

2  denies Plaintiffs' characterization of the EA/FONSI and the Oil Spill Response

3  Plan.

4       164.   Paragraph 164 purports to characterize the 2025 EA/FONSI and

5  appendices, which speak for themselves and are the best evidence of their content.

6  To the extent a response is required, Sable denies Plaintiffs' characterization of the

7  EA/FONSI and appendices.

8       165.   Paragraph 165 sets forth legal conclusions, which require no response.

9  To the extent a response is required, Sable denies the allegations in Paragraph 165.

10      166.   Paragraph 166 sets forth legal conclusions, which require no response.

11  To the extent that a response is required, the EA/FONSI speak for themselves and

12  are the best evidence of their content.  Sable denies any allegations in Paragraph

13  166 that are inconsistent with the plain language, meaning and context of the

14  EA/FONSI

15      167.   Paragraph 167 sets forth legal conclusions, which require no response.

16  To the extent that a response is required, the BSEE decision speaks for itself and is

17  the best evidence of its content.  Sable denies any allegations in Paragraph 167 that

18  are inconsistent with the plain language, meaning and context of the BSEE

19  decision.

20      168.   Paragraph 168 sets forth a legal conclusion, which requires no

21  response.  To the extent a response is required, Sable denies the allegations in

22  Paragraph 168.

23                    **<u>Claims for Relief</u>**

24                    **First Claim for Relief**

25      169.   Sable incorporates by reference its responses to the allegations in

26  Paragraphs 1 through 168.

27      170.   Paragraph 170 purports to quote a statute, which requires no response.

28

1   To the extent that a response is required, the statute speaks for itself and is the best

2   evidence of its content.  Sable denies any allegations in Paragraph 170 that are

3   inconsistent with the plain language of the statute.

4        171.   Paragraph 171 contains Plaintiffs' characterization of a statute and

5   regulations, which requires no response.  To the extent that a response is required,

6   the statute and regulations speak for themselves and are the best evidence of their

7   content.  Sable denies any allegations in Paragraph 171 that are inconsistent with

8   the plain language of the statute and regulations.

9        172.   Paragraph 172 contains Plaintiffs' characterization of regulations,

10  which requires no response.  To the extent that a response is required, the

11  regulations speak for themselves and are the best evidence of their content.  Sable

12  denies any allegations in Paragraph 172 that are inconsistent with the plain

13  language of the regulations.

14       173.   Paragraph 173 sets forth legal conclusions, which require no response.

15  To the extent that a response is required, Sable denies the allegations in

16  Paragraph 173

17       174.   Paragraph 174 sets forth legal conclusions, which require no response.

18  To the extent that a response is required, Sable denies the allegations in

19  Paragraph 174.

20                          **Second Claim for Relief**

21       175.   Sable incorporates by reference its responses to the allegations

22  contained in Paragraphs 1 through 168.

23       176.   Paragraph 176 contains Plaintiffs' characterization of a statute and

24  regulations, which requires no response.  To the extent that a response is required,

25  the statute and regulations speak for themselves and are the best evidence of their

26  content.  Sable denies any allegations in Paragraph 176 that are inconsistent with

27  the plain language of the statute and regulations.

28

177.    Paragraph 177 sets forth a legal conclusion, which requires no response.  To the extent that a response is required, Sable denies the allegation in Paragraph 177.

178.    Paragraph 178 sets forth legal conclusions, which require no response.  To the extent that a response is required, Sable denies the allegations in Paragraph 178.

179.    Paragraph 179 sets forth legal conclusions, which require no response.  To the extent that a response is required, Sable denies the allegations in Paragraph 179.

180.    Paragraph 180 sets forth legal conclusions, which require no response.  To the extent that a response is required, Sable denies the allegations in Paragraph 180.

181.    Paragraph 181 sets forth legal conclusions, which require no response.  To the extent that a response is required, Sable denies the allegations in Paragraph 181.

182.    Paragraph 182 sets forth legal conclusions, which require no response.  To the extent that a response is required, Sable denies the allegations in Paragraph 182.

### Third Claim For Relief

183.    Sable incorporates by reference its responses to the allegations contained in Paragraphs 1 through 168.

184.    Paragraph 184 contains Plaintiffs' characterization of a statute and regulations, which requires no response.  To the extent that a response is required, the statute and regulations speak for themselves and are the best evidence of their content.  Sable denies any allegations in Paragraph 184 that are inconsistent with the plain language of the statute and regulations.

185.    Paragraph 185 sets forth legal conclusions, which require no response.

1  To the extent that a response is required, Sable denies the allegations in Paragraph

2  185.

3  186.  Paragraph 186 sets forth legal conclusions, which require no response.

4  To the extent that a response is required, Sable denies the allegations in Paragraph

5  186.

6  187.  Paragraph 187 sets forth legal conclusions, which require no response.

7  To the extent that a response is required, Sable denies the allegations in Paragraph

8  187.

9  188.  Paragraph 188 sets forth legal conclusions, which require no response.

10  To the extent that a response is required, Sable denies the allegations in Paragraph

11  188.

12  189.  Paragraph 189 sets forth legal conclusions, which require no response.

13  To the extent that a response is required, Sable denies the allegations in Paragraph

14  189.

15  190.  Paragraph 190 sets forth legal conclusions, which require no response.

16  To the extent that a response is required, Sable denies the allegations in Paragraph

17  190.

18  191.  Paragraph 191 sets forth legal conclusions, which require no response.

19  To the extent that a response is required, Sable denies the allegations in Paragraph

20  191.

21  192.  Paragraph 192 sets forth legal conclusions, which require no response.

22  To the extent that a response is required, Sable denies the allegations in Paragraph

23  192.

24  **Fourth Claim for Relief**

25  193.  Sable reincorporates by reference its responses to the allegations

26  contained in Paragraphs 1 through 168.

27  194.  Paragraph 194 contains Plaintiffs' characterization of a statute and

28

1    regulations, which requires no response.  To the extent that a response is required,
2    the statute and regulations speak for themselves and are the best evidence of their
3    content.  Sable denies any allegations in Paragraph 194 that are inconsistent with
4    the plain language of the statute and regulations.

5         195.    Paragraph 195 contains Plaintiffs' characterization of a statute and
6    characterization and quotation of regulations, which requires no response.  To the
7    extent that a response is required, the statute and regulations speak for themselves
8    and are the best evidence of their contents.  Sable denies any allegations in
9    Paragraph 195 that are inconsistent with the plain language of the statute and
10   regulations.

11        196.    Paragraph 196 sets forth legal conclusions, which require no response.
12   To the extent a response is required, Sable denies the allegations in Paragraph 196.

13        197.    The allegations in Paragraph 197 purport to characterize NEPA
14   analyses, which speak for themselves and are the best evidence of their contents.
15   Sable denies any allegations in Paragraph 197 that are inconsistent with the plain
16   language, meaning and context of these documents.  Paragraph 197 also sets forth
17   legal conclusions, which require no response.  To the extent a response is required,
18   Sable denies the allegations in Paragraph 197.

19        198.    Paragraph 198 sets forth legal conclusions, which require no response.
20   To the extent a response is required, Sable denies the allegations in Paragraph 198.

21        199.    Paragraph 199 sets forth legal conclusions, which require no response.
22   To the extent a response is required, Sable denies the allegations in Paragraph 199.

23        200.    Paragraph 200 sets forth legal conclusions, which require no response.
24   To the extent a response is required, Sable denies the allegations in Paragraph 200.

25                              **Fifth Claim for Relief**

26        201.    Sable reincorporates by reference its responses to the allegations
27   contained in Paragraphs 1 through 168.

28

1    202.    Paragraph 202 contains Plaintiffs' characterization of a statute and

2    court opinion, which requires no response.  To the extent that a response is

3    required, the statute and court opinion speak for themselves and are the best

4    evidence of their content.  Sable denies any allegations in Paragraph 202 that are

5    inconsistent with the plain language of the statute and court opinion.

6    203.    Paragraph 203 contains Plaintiffs' characterization of a statute and

7    court opinions, which requires no response.  To the extent that a response is

8    required, the statute and court opinions speak for themselves and are the best

9    evidence of their content.  Sable denies any allegations in Paragraph 203 that are

10    inconsistent with the plain language of the statute and court opinions.

11    204.    Paragraph 204 sets forth legal conclusions, which require no response.

12    To the extent a response is required, Sable denies the allegations in Paragraph 204.

13    205.    Paragraph 205 sets forth legal conclusions, which require no response.

14    To the extent a response is required, Sable denies the allegations in Paragraph 205.

15    206.    The allegations in Paragraph 206 purport to characterize the 2025

16    EA/FONSI, which speak for themselves and are the best evidence of their contents.

17    Sable denies any allegations in Paragraph 206 that are inconsistent with the plain

18    language, meaning and context of these documents.  Paragraph 206 also sets forth

19    legal conclusions, which require no response.  To the extent a response is required,

20    Sable denies the allegations in Paragraph 206.

21    207.    The allegations in Paragraph 207 purport to characterize the

22    EA/FONSI, which speak for themselves and are the best evidence of their contents.

23    Sable denies any allegations in Paragraph 207 that are inconsistent with the plain

24    language, meaning and context of these documents.  Paragraph 207 also sets forth

25    legal conclusions, which require no response.  To the extent a response is required,

26    Sable denies the allegations in Paragraph 207.

27    208.    The allegations in Paragraph 208 purport to characterize the

28

EA/FONSI, which speak for themselves and are the best evidence of their contents. Sable denies any allegations in Paragraph 208 that are inconsistent with the plain language, meaning and context of these documents. Paragraph 208 also sets forth legal conclusions, which require no response. To the extent a response is required, Sable denies the allegations in Paragraph 208.

209. Paragraph 209 sets forth legal conclusions, which require no response. To the extent a response is required, Sable denies the allegations in Paragraph 209.

210. Paragraph 210 sets forth legal conclusions, which require no response. To the extent a response is required, Sable denies the allegations in Paragraph 210.

Sable denies any allegations in the Second Supplemental and Amended Complaint, whether express or implied, that are not expressly admitted, denied or qualified above.

**Request for Relief**

Sable denies that Plaintiffs are entitled to any relief.

**DEFENSES**

Sable states that it will rely upon one or more of the following defenses. Sable asserts the following defenses without assuming any burden of proof of such defenses that would otherwise rest on Plaintiffs. Notwithstanding the enumeration of specific defenses set forth below, Sable reserves unto itself all of those defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure and such other defenses, affirmative and otherwise, as may prove to be applicable, and hereby reserves unto itself all of its rights associated with any such claim or potential claim. Sable reserves the right to amend this Answer if investigation and further information warrant such amendment, and further, to assert any applicable matters of law during the pendency of this action.

**First Defense**

Plaintiffs lack standing to raise some or all of the claims in the Second Supplemental and Amended Complaint.

**Second Defense**

Plaintiffs fail to state a claim upon which relief can be granted for some or all of the claims in the Second Supplemental and Amended Complaint.

**Third Defense**

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

**Fourth Defense**

Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

**Fifth Defense**

Plaintiffs' claims are barred in whole or in part under the doctrine of harmless error.

**Sixth Defense**

Some or all of Plaintiffs' claims are not ripe for review.

**Seventh Defense**

Plaintiffs' claims are barred in whole or in part under the doctrine of mootness.

**Eighth Defense**

Plaintiffs' claims are barred in whole or in part because they failed to comply with OCSLA's pre-suit notice requirement under 43 U.S.C. § 1349(a).

**RESERVATION**

Sable reserves the right to add defenses as may be developed during litigation.

*        *        *

1    Sable respectfully requests that the Court enter judgment in favor of
2  Defendants.

3

4  Dated:  November 24, 2025                Respectfully submitted,

5                                           LATHAM & WATKINS LLP

6                            By: /s/ Daniel P. Brunton
                                 Daniel P. Brunton (Bar No. 218615)
7                                Email: daniel.brunton@lw.com
                                 12670 High Bluff Drive
8                                San Diego, CA 92130
                                 Tel.: (858) 523-5400
9                                Fax: (858) 523-5450

10                               Michael G. Romey (Bar No. 137993)
                                 Email: michael.romey@lw.com
11                               355 South Grand Avenue, Suite 400
                                 Los Angeles, CA 90071-1560
12                               Tel.: (213) 485-1234
                                 Fax: (213) 891-8763
13
                                 Janice M. Schneider
14                               (*Pro Hac Vice*)
                                 Email: janice.schneider@lw.com
15                               Devin M. O'Connor
                                 (*Pro Hac Vice*)
16                               Email: devin.o'connor@lw.com
                                 555 Eleventh Street, NW, Suite 1000
17                               Washington, D.C. 20004-1304
                                 Tel.: (202) 637-2200
18                               Fax: (202) 637-2201

19                               *Attorneys for Intervenor-Defendant*
                                 *Sable Offshore Corp.*
20

21

22

23

24

25

26

27

28