LATHAM & WATKINS LLP
Janice M. Schneider (*Pro Hac Vice*)
Email: janice.schneider@lw.com
Devin M. O'Connor (*Pro Hac Vice*)
Email: devin.o'connor@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Tel.: (202) 637-2200
Fax: (202) 637-2201

Michael G. Romey (Bar No. 137993)
Email: michael.romey@lw.com
355 South Grand Avenue, Suite 400
Los Angeles, CA 90071-1560
Tel.: (213) 485-1234
Fax: (213) 891-8763

Kevin A. Homrighausen (Bar No. 329034)
Email: kevin.homrighausen@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel.: (714) 540-1235
Fax: (714) 755-8290

*Attorneys for Intervenor-Defendant Sable Offshore Corp.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

CENTER FOR BIOLOGICAL DIVERSITY, et al.,

*Plaintiffs*,

v.

DOUG BURGUM, et al.,

*Defendants*,

and

SABLE OFFSHORE CORP.,

*Intervenor-Defendant*.

CASE NO. 2:24-cv-05459-MWC-MAA

**SABLE OFFSHORE CORP.'S NOTICE OF CROSS-MOTION FOR SUMMARY JUDGMENT**

<u>Hearing</u>

Date: February 12, 2027
Time: 1:30 PM
Judge: Hon. Michelle Williams Court
Courtroom: 6A

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 12, 2027, at 1:30 PM, or as soon thereafter as the matter may be heard before the Honorable Michelle Williams Court in Courtroom 6A of the U.S. District Court, Central District, Western Division of California, located at 350 W. 1st Street, Los Angeles, CA 90012-4565, Intervenor-Defendant Sable Offshore Corp. will cross-move the Court for summary judgment pursuant to Federal Rule of Civil Procedure 56. Intervenor-Defendant cross-moves for summary judgment on all claims because there is no genuine dispute as to any material fact, and Intervenor-Defendant is entitled to judgment as a matter of law.[1] This motion is made on several bases.

First, most of Plaintiffs' claims are moot and should be dismissed. In May 2025, the Bureau of Safety and Environmental Enforcement ("BSEE") relied on an Environmental Assessment and a Finding of No Significant Impact ("2025 EA/FONSI") to issue a new decision ("2025 Decision") re-affirming its 2023 extension of time to resume operations for offshore leases at the Santa Ynez Unit ("2023 Decision"). BSEE's 2025 EA/FONSI and 2025 Decision moot Plaintiffs' first claim for relief with respect to the 2023 Decision, the entirety of Plaintiffs' second claim for relief regarding the use of categorial exclusions in 2023, and Plaintiffs' third claim for relief with respect to BSEE's approval of applications for permits to modify wells ("APMs") issued in 2024. In addition, the Plaintiffs' third claim for relief is largely moot because work under the APMs approved in 2024 and most of the APMs approved in 2025 is completed and cannot be undone.

Second, Plaintiffs lack standing for their first claim for relief because BSEE's determination that the 2023 and 2025 Decisions were in the national interest is committed to BSEE's discretion under the Outer Continental Shelf

---

[1] In accordance with the Court's scheduling order, because this is an administrative record case, Intervenor-Defendant has not submitted a separate "Statement of Undisputed Facts" and responses. *See* October 27, 2026 Order, Dkt. 133 at 1.

Lands Act's ("OCSLA") implementing regulations and Plaintiffs cannot establish redressability.

Third, Plaintiffs first claim for relief should also be dismissed with respect to the 2025 Decision because Plaintiffs failed to provide sufficient notice under OCSLA's citizen suit provision, 43 U.S.C. § 1349(a)(2).

Fourth, Plaintiffs also abandoned numerous claims for relief by failing to support them with any argument in their opening brief. Plaintiffs' attempts to incorporate prior arguments regarding their first, second, third, and fourth claims for relief by reference to their previous summary judgment briefing is improper and this Court should treat those claims as forfeited.

Fifth, Plaintiffs' first, second, third, and fourth claims for relief also fail on the merits. BSEE reasonably determined in the 2023 and 2025 Decisions that allowing additional time to resume operations were in the national interest to help meet the nation's energy demands through existing, reliable infrastructure. Further, BSEE appropriately relied on a categorial exclusion ("CatEx") to comply with the National Environmental Policy Act ("NEPA") in reaching the 2023 Decision. In finding that there were no extraordinary circumstances preventing the use of a CatEx, BSEE properly considered the project that was before it—whether to approve an extension to preserve the status quo—and adequately and reasonably addressed each of the extraordinary circumstances given the limited nature of the proposed action. BSEE also appropriately relied on CatExs to comply with NEPA in approving the 2024 APMs. The record shows the APMs were for minor work in existing wells, and the CatExs also adequately and reasonably addressed each potential extraordinary circumstance.

Additionally, the 2025 EA/FONSI includes a robust analysis of the potential for oil spills at the Santa Ynez Unit and an appropriate consideration of a reasonable range of alternatives regarding the extension request presented to BSEE. To the extent Plaintiffs disagree with certain methodologies, the level of

detail, or the scope of environmental effects considered in the 2025 EA/FONSI, these are determinations for which an agency is afforded “substantial discretion” and should be upheld. *See Seven Cnty. Infrastructure Coal. v. Eagle Cnty.*, 605 U.S. 168, 181-82 (2025). The record evidence and depth of analysis reflected in the 2025 EA/FONSI and 2025 Decision demonstrate that these actions were not unreasonably slanted or improperly predetermined.

Finally, BSEE’s Determinations of NEPA Adequacy explaining that work authorized under the 2025 APMs was consistent with the scope of the activities analyzed in the 2025 EA/FONSI were reasonable and should be upheld.

Intervenor-Defendant seeks an order denying Plaintiffs’ motion for summary judgment and granting Intervenor-Defendant’s cross-motion for summary judgment. In support of this notice and cross-motion, Intervenor-Defendant is concurrently filing a memorandum of points and authorities, a Declaration of Devin O’Connor, a Declaration of Kevin A. Homrighausen, a Declaration of Stephen P. Rusch, and a proposed order.

Dated: November 20, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

By: <u>/s/ *Janice M. Schneider*</u>

Janice M. Schneider
(*Pro Hac Vice*)
Email: janice.schneider@lw.com
Devin M. O’Connor
(*Pro Hac Vice*)
Email: devin.o’connor@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Tel.: (202) 637-2200
Fax: (202) 637-2201

Michael G. Romey (Bar No. 137993)
Email: michael.romey@lw.com
355 South Grand Avenue, Suite 400
Los Angeles, CA 90071-1560
Tel.: (213) 485-1234
Fax: (213) 891-8763

Kevin A. Homrighausen
(Bar No. 329034)
Email: kevin.homrighausen@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel.: (714) 540-1235
Fax: (714) 755-8290

*Attorneys for Intervenor-Defendant Sable Offshore Corp.*